```
 1                 IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLUMBIA
 2

 3      United States of America,      ) Criminal Action
                                       ) No. 21-cr-83
 4                     Plaintiff,      )
                                       ) Arraignment
 5      vs.                            )
                                       ) Washington, DC
 6      Brandon Fellows,               ) March 3, 2021
                                       ) Time:  11:00 a.m.
 7                     Defendant.      )
        _____
 8
                         TRANSCRIPT OF ARRAIGNMENT
 9                           HELD BEFORE
               THE HONORABLE JUDGE TREVOR N. McFADDEN
10                   UNITED STATES DISTRICT JUDGE
        _____
11
                       A P P E A R A N C E S
12
        For the Plaintiff:      Mona Furst
13                              U.S. ATTORNEY'S OFFICE
                                815 Carter
14                              301 N. Main
                                Suite 1200
15                              Wichita, KS 67203
                                316-269-6481
16                              Email:  Mona.furst@usdoj.gov

17      For the Defendant:      Cara Kurtz Halverson
                                FEDERAL PUBLIC DEFENDER
18                              625 Indiana Ave NW
                                Suite 550
19                              Washington, DC 20004
                                (202) 208-7500
20                              Email:  Cara_halverson@fd.org
        _____
21
        Court Reporter:         Janice E. Dickman, RMR, CRR, CRC
22                              Official Court Reporter
                                United States Courthouse, Room 6523
23                              333 Constitution Avenue, NW
                                Washington, DC  20001
24                              202-354-3267

25
```

1          THE COURTROOM DEPUTY:  Your Honor, this is criminal

2     case No. 21-83, United States of America versus Brandon

3     Fellows.

4          Counsel, please introduce yourself for the record,

5     starting with the government.

6          MS. FURST:  Good morning, Your Honor.  My name is

7     Mona Furst, I'm an assistant U.S. attorney from Kansas, but

8     detailed to the D.C. office.

9          THE COURT:  Good morning, Ms. Furst.

10         MS. HALVERSON:  This is Cara Halverson appearing for

11    Mr. Fellows, who's present.

12         THE COURT:  Good morning, Ms. Halverson, and good

13    morning, Mr. Fellows.

14         Ms. Halverson, have you had an opportunity to discuss

15    with your client proceeding by a video conference for today's

16    arraignment?

17         MS. HALVERSON:  Yes, Your Honor.  He's fine with

18    that, pursuant to the CARES Act.

19         THE COURT:  Okay.  I think it is appropriate to

20    proceed by video conference today, in light of the coronavirus

21    epidemic and the authority laid out in the CARES Act.

22         All right.  Mr. Fellows, I'm going to ask the clerk

23    of court to arraign you.  This will be directed to you, but

24    typically your attorney responds on your behalf.

25         THE COURTROOM DEPUTY:  Let the record reflect that

1    the defendant, through counsel, has received a copy of the

2    indictment.

3              Brandon Fellows, in criminal case 21-83 in which you

4    are charged by an indictment on Count 1, obstruction of an

5    official proceeding, aiding and abetting; Count 2, entering and

6    remaining in a restricted building or grounds; Count 3,

7    disorderly and disruptive conduct in a restricted building or

8    grounds; Count 4, entering and remaining in certain rooms in a

9    Capitol building, and; Count 5, disorderly conduct in a Capitol

10   building, do you waive the formal reading of the indictment?

11   And how do you wish to plead?

12             THE DEFENDANT:  Plead not guilty.

13             MS. HALVERSON:  Waive reading of the charging

14   document and enter a plea of not guilty to all the counts.

15             THE COURT:  All right.  Ms. Furst, where do things

16   stand?

17             MS. FURST:  Your Honor, Ms. Halverson and I have

18   spoken, I think it was last week.  I've provided her some

19   preliminary discovery.  As you know -- or, you may not know, I

20   don't know -- our offices, the public defender and the U.S.

21   attorney's offices met on Saturday, trying to work out the

22   protective order that we want in place before we give both

23   discovery.

24             For that reason and because there is so much video,

25   body-worn cameras and other discovery for defense to go through

1   in all these cases -- and in Mr. Fellow's particular case the

2   FBI executed a search warrant on his home and located some

3   telephones and flash drives.  I have not yet received that

4   information, so I can't turn it over to Ms. Halverson.  The

5   agent told me it would have to be on a hard drive that he would

6   have to ship to Kansas because it's a lot of data.

7           So, there's going to be a lot for both sides to go

8   through, Your Honor, and we are asking for 60 days.  Now, I've

9   listened to one of your arraignments and I heard the AUSA ask

10  for 60 days, you only gave 30.  But I want you to know that the

11  office is working on a team to provide discovery, we're trying

12  to get that up and running.  It is every day that someone is

13  working on it.

14          So, in this particular case, I would really ask for

15  60 days.  And I've spoken with Ms. Halverson and she has agreed

16  to ask for the same.  And we would ask, of course, to toll the

17  statute between now and the next hearing under 18 U.S.C.

18  3161(h)(7)(A) and B(ii) and (iv), in that the ends of justice

19  are served by taking such action of tolling and that this delay

20  outweighs the best interests of the public and the defendant in

21  a speedy trial.  And the subsections I've cited talk about the

22  fact that both sides need to be well prepared, and in order to

23  exercise due diligence on behalf of both our clients, Your

24  Honor.  So I would ask for 60 days and tolling of the statute.

25              THE COURT:  All right.  Ms. Halverson?

1          MS. HALVERSON:  I have no objection to that, Your

2    Honor.  I think, again, our offices are bickering, for lack of

3    a better word, about the protective order.  I'm hopeful that

4    they'll be able to come to a resolution on it, so that we don't

5    have to bring the spites in front of the Court.  But, I think

6    it's going to take a little bit of time.  I think -- I don't

7    have an estimate.  I was on a Zoom call yesterday with my

8    office, talking about this, and they don't have an estimate

9    when it will be resolved.

10         But considering that the U.S attorney's office is not

11   comfortable releasing a majority of their discovery until that

12   protective order is in place, that, of course, makes it very

13   difficult for us to leaf through and prepare any kind of

14   defense to the charges.

15         Additionally, given the representations by AUSA Furst

16   about the voluminous amount of electronic discovery that may be

17   coming in this case, I believe that 60 days would be an

18   appropriate next status date.  I would join in that request

19   with her.  And I have spoken with Mr. Fellows about tolling the

20   speedy trial, and he does not object to doing that at this

21   time.

22         THE COURT:  Okay.  I will go ahead and set out a

23   status conference in 60 days.  But I'm going to expect that

24   we've got a roadmap forward then.

25         So, Ms. Furst, I can't imagine a reason why you

1    couldn't extend a plea offer by that point, if you intend to.

2    Obviously, that's entirely up to you.  And I would expect that

3    we're going to have a direction on which way this case is

4    headed at the next status conference.

5            So, let's look, first week of May, and I think -- I'm

6    going to set this for in-person at the time, right now.  We can

7    reconsider that later.  But my hope is that we're going to be

8    moving back to in-person hearings by then in this case.

9            MS. FURST:  Yes.

10           THE COURT:  All right.  How about 10 a.m. on May 6th?

11   Thursday, May 6th.  Ms. Furst, does that work for you?

12           MS. FURST:  Yes, sir.  And I appreciate it.  My

13   daughter lives in D.C., so if I get to come see her, thank you.

14           THE COURT:  All right.  That's great.

15           I see the President is suggesting perhaps all adults

16   could be inoculated by the end of May, so certainly I look

17   forward to that.

18           MS. FURST:  I really truly hope so.

19           THE COURT:  Ms. Halverson?

20           MS. HALVERSON:  That's fine, Your Honor.  I do have

21   some concerns about meeting in person until I'm vaccinated.  So

22   I would just ask for your Court's understanding, if prior to

23   the May 6th date, if I have not received vaccination, that you

24   would at least entertain a motion to have it held via video.

25           THE COURT:  All right.  I'm happy to entertain a

1    motion.

2              MS. HALVERSON:   Thank you.

3              MS. FURST:   Your Honor, I haven't been vaccinated yet

4    either, but hopefully -- I sort of join with that.  I guess I

5    wasn't thinking about that, I was just thinking about the trip.

6              THE COURT:   All right.  Well, I haven't either and,

7    obviously, there have been many people around the country who

8    have not been vaccinated but, nonetheless, have managed to

9    carry on with their work.  But we'll consider where things are

10   closer to the time.

11             I do think it's appropriate to toll the Speedy Trial

12   Act in light of the representations from the government, and I

13   will do so until May 6th.  I don't necessarily expect to

14   continue tolling time, though.

15             Under the Due Process Protection Act, I'm required to

16   advise the government that consistent with that Act, the Court

17   orders that all government counsel shall review their

18   disclosure obligations under *Brady versus Maryland* and its

19   progeny, as set forth in Local Criminal Rule 5.1, and comply

20   with those provisions.  The failure to comply could result in

21   dismissal of the indictment or information, dismissal of the

22   individual charges, exclusion of government evidence or

23   witnesses, continuances, bar discipline, or any other remedy

24   that is just under the circumstances.  I'll also issue a

25   written order to that extent.

1            Ms. Furst, anything further we should discuss today?

2            MS. FURST:  No, Your Honor.  It was nice to meet all

3    of you.

4            THE COURT:  Ms. Halverson?

5            MS. HALVERSON:  No, Your Honor.  Thank you.

6            THE COURT:  All right.  Mr. Fellows, I don't see

7    anything that suggests you're not in compliance with your

8    conditions of release.  I'll direct you to continue to follow

9    the orders that were set for your release and to appear in

10   person in Federal District Court here in D.C. on Thursday, May

11   6th, at 10 a.m., unless I direct you otherwise.

12           All right, folks, have a good day.

13           MS. FURST:  Thank you.

14                            *   *   *

15

16

17

18

19

20

21

22

23

24

25

1

2                     CERTIFICATE OF OFFICIAL COURT REPORTER

3

4       I, JANICE DICKMAN, do hereby certify that the above and

5    foregoing constitutes a true and accurate transcript of my

6    stenographic notes and is a full, true and complete transcript

7    of the proceedings to the best of my ability.

8                         Dated this 8th day of March, 2021

9

10

11                    _____

12                         Janice E. Dickman, CRR, CMR, CCR
                           Official Court Reporter
13                         Room 6523
                           333 Constitution Avenue, N.W.
14                         Washington, D.C.  20001

15

16

17

18

19

20

21

22

23

24

25