UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-83 (TNM) |
| | : | |
| BRANDON FELLOWS, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S MOTION TO REVOKE DEFENDANT'S PRETRIAL RELEASE

On May 5, 2021, Pretrial Services Agency ("PSA") filed its Pretrial Violation Report (ECF Doc. No. 23) recommending Defendant Brandon Fellows ("the defendant") to be removed from PSA courtesy supervision in the Northern District of New York.

## BACKGROUND

The defendant was charged by Complaint on January 15, 2021, with violating Title 18, U.S.C. § 1752(a)(knowingly entering or remaining in any restricted building or grounds without lawful authority) and Title 40, § 5104(e)(2)(violent entry or disorderly conduct), misdemeanors concerning his presence and actions during the January 6, 2021 riots at the Capitol Building (ECF Doc. 1, Complaint). Defendant was arrested on January 16, 2021, in Albany, New York (Doc. 8 at 1, Returned Arrest Warrant). On January 16, 2021, defendant had a first appearance, and was released on bond in the Northern District of New York (Id. at 23, Order to Release; 25-26, Minute Entry). The Magistrate Judge set another hearing in order to first review a Pretrial Services report to decide if the defendant was a flight risk[1] under Title18, U.S.C. § 3142(f)(2(A) (Id. at 23, Order to Release; 25-26, Minute Entry). The Court decided to release the defendant, but ordered certain conditions including home detention and electronic monitoring (Id. at 21, Conditions of Release).

---

[1] According to the agents and reports in this case, the defendant had told the FBI he would self-surrender but failed to do so causing law enforcement to search for him by obtaining legal process for real time location information.

1

On February 3, 2021, the defendant appeared before Magistrate Judge Robin M. Meriweather via video and was placed on GPS monitoring and a curfew of 9:00 p.m. to 6:00 a.m. (Doc. 9 at 2, Order Setting Conditions of Release). Magistrate Judge Meriweather further ordered that the defendant actively seek or maintain employment and report any contact with law enforcement (Id.).

On February 5, 2021, the a grand jury indicted the defendant on the four misdemeanors and added a felony violation under Title 18, U.S.C. §§ 1512(d)(2) and 2 for Obstruction of an Official Proceeding and Aiding and Abetting the same (ECF Doc. 6).

The PSA's May 5, 2021 report cites numerous violations to support the request to remove the defendant from their supervision. First, the report relayed two instances, on April 8, 2021, and May 1, 2021, in which the defendant failed to comply with his curfew 9:00 p.m. curfew. On both occasions, PSA had to contact the defendant, who gave excuses for his violations (Doc. 23 at 3-4). On the latter occasion, the defendant told the PSA officer that he had left a message that he was running late, however there was no record of such a message being left. (Id. At 5). Second, the report also alleges two violations of his failure to report to PSA as directed on April 9, and April 16, 2021 (Id. at 2). Third, the report indicates the defendant was given a ticket in New York for Petit Larceny (Misdemeanor), with an appearance date of May 12, 2021 (Id. at 3). As noted in the PSA report, defendant failed to report the arrest as required by his conditions of release. (Id.). After the defendant was arrested for the Petit Larceny he was issued an appearance ticket directing him to appear in Court for the offense. Similar to his initial arrest by the FBI in this matter, the defendant told the New York State police officer that he would meet the officer to be processed on March 8, 2021, but failed to show up. The defendant only turned himself in after the officer contacted him again on April 28th.

For all the reasons stated above, the Government respectfully requests that the Court revoke the defendant's release pending trial.

**ARGUMENT AND LAW**

Under 18 U.S.C. § 3148(a), "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release." Specifically, "[t]he judicial

officer shall enter an order of revocation and detention if, after a hearing, the judicial officer finds under § 3148(b)(1) that there is -- . . . (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; and (b)(2) finds that … (B) the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b).

In this case, the defendant has made clear that he does not respect the privilege given to him by the Court. In the over three months since he was released, the defendant has consistently violated the conditions set forth by the Court in this criminal case, which he appears not to take seriously. While the defendant has not been convicted of a new crime, one is alleged, and although he spoke with law enforcement three times during that investigation, he never reported it to the PSA. He has failed to report as directed, failed to provide proof of a legitimate job, and has continued in many small ways to flaunt the authority of the Court and it's representatives.

The defendant had an opportunity to respect the government and Court's trust in his release pending trial but has apparently made the conscious decision to continue ignoring that privilege. Accordingly, the government moves for the defendant's revocation of his pre-trial release status pursuant to provisions of 18 U.S.C. § 3148(b).

    Respectfully submitted,

    CHANNING PHILLIPS
    Acting United States Attorney
    D.C. Bar No. 415793

By:    /s/ *Mona Lee M. Furst*
    Mona Lee M. Furst
    Assistant United States Attorney
    Detailee – Federal Major Crimes
    Kansas Bar No. 13162
    United States Attorney's Office
    1200 Epic Center, Suite 1200
    Wichita, Kansas 67202
    Mobile No. (316) 213-7420
    Mona.Furst@usdoj.gov