UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-83 (TNM) |
| | : | |
| BRANDON FELLOWS, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S SECOND MOTION TO REVOKE DEFENDANT'S PRETRIAL RELEASE

On May 26, 2021, Pretrial Services Agency ("PSA") filed a second Pretrial Violation Report (ECF Doc. 26) recommending Defendant Brandon Fellows ("the defendant") be removed from PSA courtesy supervision in the Northern District of New York. The first Violation was filed on May 5, 2021 (ECF Doc. No. 23). The violations were addressed during the status conference on May 6, 2021. The Court allowed defendant to remain on pretrial release but modified the conditions to require home confinement (ECF Dkt. Minute Entry May 6, 2021).

## BACKGROUND

The defendant was charged by Complaint on January 15, 2021, with violating Title 18, U.S.C. § 1752(a)(knowingly entering or remaining in any restricted building or grounds without lawful authority) and Title 40, § 5104(e)(2)(violent entry or disorderly conduct), misdemeanors concerning his presence and actions during the January 6, 2021 riots at the Capitol Building (ECF Doc. 1, Complaint). Defendant was arrested on January 16, 2021, in Albany, New York (Doc. 8 at 1, Returned Arrest Warrant). On January 16, 2021, defendant had a first appearance, and was released on bond in the Northern District of New York (Id. at 23, Order to Release; 25-26, Minute Entry). The Magistrate Judge set another hearing in order to first review a Pretrial Services report to decide if the defendant was a flight risk[1] under Title18, U.S.C. § 3142(f)(2(A) (Id. at 23, Order to Release; 25-26, Minute Entry). The Court decided to release

---

[1] According to the agents and reports in this case, the defendant had told the FBI he would self-surrender but failed to do so causing law enforcement to search for him by obtaining legal process for real time location information.

the defendant, but ordered certain conditions including home detention and electronic monitoring (Id. at 21, Conditions of Release).

On February 3, 2021, the defendant appeared before Magistrate Judge Robin M. Meriweather via video and was placed on GPS monitoring and a curfew of 9:00 p.m. to 6:00 a.m. (Doc. 9 at 2, Order Setting Conditions of Release).  Magistrate Judge Meriweather further ordered that the defendant actively seek or maintain employment and report any contact with law enforcement (Id.).

On February 5, 2021, the a grand jury indicted the defendant on the four misdemeanors and added a felony violation under Title 18, U.S.C. §§ 1512(d)(2) and 2 for Obstruction of an Official Proceeding and Aiding and Abetting the same (ECF Doc. 6).

In support of its recommendation in the May 26th violation report, PSA relayed first that defendant left a "very disturbing" voicemail for his supervision officer in the Northern District of New York.  The government has listened to the voicemail. It shows a lack of respect for the Court and its personnel, as well as a continued failure to understand the seriousness of the situation.

Secondly, the violation report also relays that defendant has failed to comply by failing to report twice to submit a list of job applications, although now defendant appears to have remedied that failure. Lastly, the defendant is also alleged to have failed to call in to see if he should report for drug testing seven (7) times from May 7 to May 21, 2021.  His overall call-in rate is only 55%.

For all the reasons stated above, the Government respectfully requests that the Court revoke the defendant's release pending trial.

## ARGUMENT AND LAW

Under 18 U.S.C. § 3148(a), "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release." Specifically, "[t]he judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer finds under § 3148(b)(1) that there is -- . . . (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other

condition of release; and (b)(2) finds that … (B) the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b).

In this case, the defendant has again abused the privilege given to him by the Court in allowing release.  The day after the May 6th status hearing, the defendant failed to call in to see if he was to report for a UA for four (4) days straight. In the almost four (4) months since he has been on release, the defendant has consistently violated the conditions of bond, and continues to disrespect his supervising officer and the Court's orders. He has failed to report as directed, failed to call in, and most concerning, left a voicemail for the supervising officer that was totally inappropriate.

The defendant had an opportunity to respect the government and Court's trust in his release pending trial, but has apparently made the conscious decision to continue ignoring that privilege. Accordingly, the government moves for the defendant's revocation of his pre-trial release status pursuant to provisions of 18 U.S.C. § 3148(b).

Respectfully submitted,

CHANNING PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By:   /s/ *Mona Lee M. Furst*
      Mona Lee M. Furst
      Assistant United States Attorney
      Detailee – Federal Major Crimes
      Kansas Bar No. 13162
      United States Attorney's Office
      1200 Epic Center, Suite 1200
      Wichita, Kansas 67202
      Mobile No. (316) 213-7420
      Mona.Furst@usdoj.gov

**CERTIFICATE OF SERVICE**

On this 27th day of May, 2021, a copy of the foregoing was served on counsel of record for the defendant via the Court's Electronic Filing System.

/s/*Mona Lee M. Furst*
Mona Lee M. Furst
Assistant United States Attorney