UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.        : | Case No. 21-CR-83 (TNM) |
| : | |
| BRANDON FELLOWS, : | |
| : | |
| Defendant.   : | |

### GOVERNMENT'S THIRD MOTION TO REVOKE DEFENDANT'S PRETRIAL RELEASE

On May 5, 2021, Pretrial Services Agency ("PSA") filed a Pretrial Violation Report on May 5, 2021 (ECF Doc. No. 23). The violations were addressed during the status conference on May 6, 2021. The Court allowed defendant to remain on pretrial release but modified the conditions to require home confinement (ECF Dkt. Minute Entry May 6, 2021). On May 26, 2021, PSA filed a second Pretrial Violation Report (ECF Doc. 26) recommending Defendant Brandon Fellows ("the defendant") be removed from PSA courtesy supervision in the Northern District of New York. The United States filed a second Motion to Revoke on May 27, 2021 (ECF Doc. 27). After a hearing held June 4, 2021, the Court allowed defendant to remain free, but ordered a mental health evaluation and follow all treatment recommendations (ECF Dkt. Minute Entry, June 4, 2021). On June 14, 2021, PSA filed a third Pretrial Violation Report (ECF Doc. 29) recommending that a warrant be issued and scheduling a hearing once the warrant is executed. The Government concurs with the recommendation of PSA that a warrant be issued.

### BACKGROUND

The defendant was charged by Complaint on January 15, 2021, with violating Title 18, U.S.C. § 1752(a)(knowingly entering or remaining in any restricted building or grounds without lawful authority) and Title 40, § 5104(e)(2)(violent entry or disorderly conduct), misdemeanors concerning his presence and actions during the January 6, 2021 riots at the Capitol Building (ECF Doc. 1, Complaint). Defendant was arrested on January 16, 2021, in Albany, New York (Doc. 8 at 1, Returned Arrest Warrant). On January 16, 2021, defendant had a first appearance, and was released on bond in the Northern District of

1

New York (Id. at 23, Order to Release; 25-26, Minute Entry). The Magistrate Judge set another hearing in order to first review a Pretrial Services report to decide if the defendant was a flight risk[1] under Title18, U.S.C. § 3142(f)(2(A) (Id. at 23, Order to Release; 25-26, Minute Entry).  The Court decided to release the defendant, but ordered certain conditions including home detention and electronic monitoring (Id. at 21, Conditions of Release).

On February 3, 2021, the defendant appeared before Magistrate Judge Robin M. Meriweather via video and was placed on GPS monitoring and a curfew of 9:00 p.m. to 6:00 a.m. (Doc. 9 at 2, Order Setting Conditions of Release).  Magistrate Judge Meriweather further ordered that the defendant actively seek or maintain employment and report any contact with law enforcement (Id.).

On February 5, 2021, the a grand jury indicted the defendant on the four misdemeanors and added a felony violation under Title 18, U.S.C. §§ 1512(d)(2) and 2 for Obstruction of an Official Proceeding and Aiding and Abetting the same (ECF Doc. 6).

In support of its recommendation in the June 14, 2021 violation report, PSA relayed that defendant had a mental evaluation appointment for 11:00 am today (June 14, 2021), but called the agency and cancelled because he was not feeling well. When the USPO officer talked with him he asked to be able to work, despite "not feeling great."   He was told no, then asked the USPO officer "have you checked your hormones."  He was called again, directed to report to the US Probation officer by the supervisory USPO at 3:45 June 14, 2021.

Shortly after that last call, the USPO officer learned that a man had called the USPO's mother, who lives in another state, and the man was asking for the USPO and asked twice if that was the correct number for the USPO, using the full name of the officer.  The mother offered to pass a message to the USPO, and the caller said he would just contact the USPO on their "other numbers".  Caller ID identified the caller's number as the same number used by Defendant to contact US Probation for official business.

---

[1] According to the agents and reports in this case, the defendant had told the FBI he would self-surrender but failed to do so causing law enforcement to search for him by obtaining legal process for real time location information.

Lastly, USPO indicated a prior instance when Defendant was allegedly harassing a former girlfriend. Ultimately Defendant was found to be in violation of an Order of Protection. When the clerk of the court tried to call Defendant at the number he had listed as his contact on official court records, the number was forwarded to the Judge's wife's office.

For all the reasons stated above, the Government respectfully requests that the Court issue a warrant per the request of PSA, revoke the defendant's release pending trial, and hold a revocation hearing.

## ARGUMENT AND LAW

Under 18 U.S.C. § 3148(a), "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release." Specifically, "[t]he judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer finds under § 3148(b)(1) that there is -- . . . (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; and (b)(2) finds that (A) based on the factors set forth in section 3142(g) . . ., there is no condition or combination of conditions of release that will assure that the person will . . . pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b).

In this case, the defendant has for the third time, abused the privilege given to him by the Court in allowing release. Firstly, the day after the May 6th status hearing, the defendant failed to call in to see if he was to report for a UA for four (4) days straight. In the almost four (4) months since he has been on release, the defendant has consistently violated the conditions of bond, and continues to disrespect his supervising officer and the Court's orders. He failed to report as directed, failed to call in, and most concerning, left a voicemail for the supervising officer that was totally inappropriate.

Now, ten (10) days after the second revocation hearing on June 4th, the defendant canceled the evaluation scheduled by the Court's order. More importantly he spent the time to locate his USPO's mother's telephone in order to intimidate the US Probation Officer, and to harass the Officer's mother. The allegations in the Petition show a pattern of intimidation and harassment by this defendant. As such, he is

3

a "danger to the safety of any other person or the community." 18 U.S.C. § 3148(b)(2)(A), as well as being violation of the Court's order that he obtain a mental health evaluation. Id. at (b)(2)(B).

The defendant had ample opportunities to respect the government and Court's trust in his release pending trial, but has none gone past ignoring the court and into the dangerous areas of intimidation and harassment.  As such the United States agrees that he poses a threat to the community, supports the issuance of the warrant requested, and moves for the defendant's revocation of his pre-trial release status pursuant to provisions of 18 U.S.C. § 3148(b).

Respectfully submitted,

CHANNING PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By:  /s/ *Mona Lee M. Furst*
Mona Lee M. Furst
Assistant United States Attorney
Detailee – Federal Major Crimes
Kansas Bar No. 13162
United States Attorney's Office
1200 Epic Center, Suite 1200
Wichita, Kansas 67202
Mobile No. (316) 213-7420
Mona.Furst@usdoj.gov

**CERTIFICATE OF SERVICE**

On this 14th day of June, 2021, a copy of the foregoing was served on counsel of record for the defendant via the Court's Electronic Filing System.

/s/*Mona Lee M. Furst*
Mona Lee M. Furst
Assistant United States Attorney