UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CASE NO. 21-CR-83 (TNM) |
| | : | |
| **BRANDON FELLOWS,** | : | |
| Defendant. | : | |

## MOTION FOR COURT TO TAKE JUDICIAL NOTICE UNDER FED. R. EVID. 201

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to take judicial notice of the attached exhibits under Fed. R. Evid. 201(b) and (c)(2). In support thereof, the government states the following:

## BACKGROUND

On June 14, 2021, Pretrial Services Agency (PSA) filed a Petition for Warrant, requesting that a warrant be issued for the defendant Brandon Fellows (ECF Doc.29). Two prior Violation Petitions had been filed (ECF Doc. 23, 26), and hearings held on May 6 and June 4, 2021 pursuant to the government's Motions to Revoke (ECF Doc. 24, 27). Defendant was allowed to remain free, with added conditions of home confinement and mental health evaluation and treatment. With the third violation, a warrant was requested, alleging defendant was a danger to the community (ECF Doc. 29, Petition for Warrant). The government filed a Third Motion to Revoke on June 14, 2021 (ECF Doc. 30). This Court then issued a warrant June 15, 2021 and supplemented as a "no bond" warrant on June 16, 2021 by minute entry.

1

At his initial appearance on the warrant in the Northern District of New York on June 15, 2021, the government made a motion to detain the defendant without bond pending the revocation hearing (NDNY, case no. 21-mj-314, Text Min. Entry 6/15/21)(hereinafter "NDNY").

The presiding magistrate judge held a detention hearing on June 16, 2021, after which he directed the parties to brief the appropriateness of holding a detention hearing in the Northern District of New York (NDNY, Text Min. Entry 6/16/21). Both parties responded (NDNY, Doc. 3, Letter Brief from USA; Doc. 4, Letter from defense counsel in reply to Doc. 3; Doc. 5., USA Letter in reply; Doc. 6, Letter and Supporting USPO Exhibits filed by USA). On June 23, 2021 the magistrate filed a written Order detainung the defendant, and ordered him to be transported to Washington, D.C. for further proceedings. (NDNY, Doc. 7, Commitment to Another District; Doc. 8, Decision and Order). A revocation hearing is currently scheduled in this Court for July 14, 2021.

The attached Document 6 and its supporting attachments, 6-1, were submitted by the United States of America to the magistrate in the NDNY. The attachments were redacted versions of United States Probation Office submissions made directly to the Court. The Government intends to introduce these documents at the revocation hearing. Counsel for the defendant has been consulted and does not object to the request for the Court to take judicial notice of these exhibits.

## ARGUMENT

Fed. R. Evid. 201 states:

**(b) Kinds of Facts That May Be Judicially Noticed** – The court may judicially notice a fact that is not subject to reasonable dispute because it:

> (1) is generally known within the trial court's territorial jurisdiction; or

>(2) can be accurately and readily determined from sources whose
>accuracy cannot reasonably be questioned.

The Rule goes on to state the court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). This motion is such a request, and the necessary information is being supplied to the Court herein.

The associated attachments are screen shots, texts messages and e-mail exchanges between, or provided by, the Defendant and his assigned pre-trial services officer, Kendra Rennie, from the United States Probation Office in the Northern District of New York. The attached document and associated attachments were filed by the United States Attorney's Office for the Northern District of New York at the Court's request to assist the magistrate in determining the defendant's status of release or detention, pursuant to a warrant issued by this Court.

Although the detention was held in another jurisdiction, it is the same defendant and subject matter this is before this Court. The documents are from a source "whose accuracy cannot reasonably be questioned." This Court has the authority to take judicial notice or related proceedings in other courts. *Dupree v. Jefferson*, 666 F.2d 606, 608, n.1 (D.C. Cir. 1981), cited in *Luke v. United States*, 2014 WL 211305, at *1 (D.C. Cir. Jan. 13,2014); See also, *United States v. Edmond,* 2021 WL 706534, at *4, n. 2 (D.D.C, Feb. 23, 2021).

## **CONCLUSION**

WHEREFORE, the Government moves this Court to take judicial notice of the attached document and its associated attachments as their source cannot be reasonably questioned.

        Respectfully submitted,

        CHANNING D. PHILLIPS
        Acting United States Attorney


By:    */s/ Mona Lee M. Furst*
        MONA LEE M. FURST
        Assistant United States Attorney
        Detailee – Federal Major Crimes
        Kansas Bar No. 13162
        United States Attorney's Office
        1200 Epic Center, Suite 1200
        Wichita, Kansas 67202
        Mobile No. (316) 213-7420
        Email: Mona.Furst@usdoj.gov


## CERTIFICATE OF SERVICE

On the 29th day of June, 2021, a copy of the foregoing was served on counsel of record for the defendant via e-mail.

        /s/*Mona Lee M. Furst*
        Mona Lee M. Furst
        Assistant United States Attorney