UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-CR-83 (TJM) |
| v. : | |
| : | |
| BRANDON FELLOWS, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE TO PRO SE MOTION FOR RECONSIDERATION OF ORDER OF DETENTION**

The United States of America, by and through its attorney, the Acting United States Attorney for the District of Columbia, respectfully submits Defendant, Brandon Fellows, has failed to proffer any information which exists "that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Title 18, U.S.C. §3142(f). For the reasons set forth below, the government requests that the Court deny the Defendant's motion.

**BACKGROUND**

The defendant was charged by Complaint on January 15, 2021, with violating Title 18, U.S.C. § 1752(a)(knowingly entering or remaining in any restricted building or grounds without lawful authority) and Title 40, § 5104(e)(2)(violent entry or disorderly conduct), misdemeanors concerning his presence and actions during the January 6, 2021 riots at the Capitol Building (ECF Doc. 1, Complaint). Defendant was arrested on January 16, 2021, in Albany, New York (Doc. 8 at 1, Returned Arrest Warrant). On January 16, 2021, defendant had a first appearance, and was released on bond in the Northern District of New York (Id. at 23, Order to Release; 25-26, Minute Entry). The Magistrate Judge set another hearing in order to first review a Pretrial

Services report to decide if the defendant was a flight risk[1] under Title18, U.S.C. § 3142(f)(2(A) (Id. at 23, Order to Release; 25-26, Minute Entry).  The Court decided to release the defendant, but ordered certain conditions including home detention and electronic monitoring (Id. at 21, Conditions of Release).

On February 3, 2021, the defendant appeared before Magistrate Judge Robin M. Meriweather via video and was placed on GPS monitoring and a curfew of 9:00 p.m. to 6:00 a.m. (Doc. 9 at 2, Order Setting Conditions of Release).  Magistrate Judge Meriweather further ordered that the defendant actively seek or maintain employment and report any contact with law enforcement (Id.).

On February 5, 2021, the  grand jury indicted the defendant on the four misdemeanors and added a felony violation under Title 18, U.S.C. §§ 1512(d)(2) and 2 for Obstruction of an Official Proceeding and Aiding and Abetting the same (ECF Doc. 6).

In support of its recommendation in the June 14, 2021 violation report, PSA relayed that defendant had a mental evaluation appointment for 11:00 am today (June 14, 2021), but called the agency and cancelled because he was not feeling well. When the USPO officer talked with him he asked to be able to work, despite "not feeling great."  He was told no, then asked the USPO officer "have you checked your hormones."  He was called again, directed to report to the US Probation officer by the supervisory USPO at 3:45 June 14, 2021.

Shortly after that last call, the USPO officer learned that a man had called the USPO's mother, who lives in another state, and the man was asking for the USPO and asked twice if that was the correct number for the USPO, using the full name of the officer.  The mother offered to pass a message to the USPO, and the caller said he would just contact the USPO on their "other

---

[1] According to the agents and reports in this case, the defendant had told the FBI he would self-surrender but failed to do so causing law enforcement to search for him by obtaining legal process for real time location information.

numbers".  Caller ID identified the caller's number as the same number used by Defendant to contact US Probation for official business.

Lastly, USPO indicated a prior instance when Defendant was allegedly harassing a former girlfriend. Ultimately Defendant was found to be in violation of an Order of Protection.  When the clerk of the court tried to call Defendant at the number he had listed as his contact on official court records, the number was forwarded to the Judge's wife's office.

The Court held a hearing on the Petition for Warrant and to revoke his release on July 14-15, 2021. After a hearing over two days during which witnesses testified, the Court revoked the Defendant's release (ECF Doc. 37, Trans. of 7-15-21 Hrg. at 6, 8-9)(Attachment A).

## ARGUMENT AND LAW

The applicable statute, 18 U.S.C. § 3142 (f), states a detention hearing may be reopened:

> at any time before trial if the judicial officer finds that information exists that was **not known to the movant at the time of the hearing** and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. (Emphasis added.)

Defendant seems to focus on his abiding by the Court's order while on release to find work and to report as directed. (ECF Doc. 45, Def. Motion for Objection to Bond Revocation, at 6). However, Defendant's work and reporting requirements were not at issue during his final revocation hearing on July 14, 2021. (ECF Doc. 29 at 3; ECF Doc. 46, Trans. of 7-14-21 Hrg. at 10-12) (Attachment B). Rather, he was revoked for failing to attend the "mental health evaluation and to comply with all treatment recommendations." (Doc. 29 at 3; ECF Doc. 37, Trans. of 7-15-21 Hrg. at 6, 8-9). The evaluation was a condition ordered by the Court at Defendant's second revocation hearing June 4, 2021 (Min. Entry of June 4, 2021). The second part of Defendant's revocation on July 14 was his pattern of conduct– culminating in his intimidation and continued

harassment of the USPO officer – which made it clear there were no conditions or combinations of conditions that Defendant would follow if released. (Doc. 37, Trans. 7-15-21 at 9). Defendant was then sanctioned as allowed by statute for violating a condition of release coupled with the finding that no condition nor combination of conditions would guarantee Defendant would abide by those conditions of release. 18 U.S.C. §3148(b)(1)(B) and (2)(B); *United States v. Aron*, 904 F.2d 221, 224 (5th Cir. 1990).

Defendant alleges he was denied a chance to offer the court the "full context, present the truth, point out the prosecutions' lies, and offer explanations." (ECF. No. 45, Def's Pro Se Motion, at 1, 3). However, the Court recessed on July 14 and reconvened the next day specifically to allow Defendant time to consult with not one but *two* attorneys about this decision. (Doc. 46, Trans. 7-14-21 at 77-79).  Defendant decided not to testify at the revocation hearing, after consulting with his attorney and getting a second opinion about the soundness of testifying from a second attorney. (Doc. 37, Trans. 7-15-21 at 2-3).

Defendant indeed was given the chance to present his explanations to the revocation allegations through his attorney's cross-examination of witnesses and her zealous arguments. The fact that he canceled but rescheduled the mental health evaluation was brought out by the cross examination of witnesses (Doc. 46, Trans. 7-14-21 at 14, 67, 71). Thus, his defense to failing to attend the evaluation (that he merely rescheduled it) was an issue known by the Court prior to ruling. Defendant's defense to the allegations of danger was also entered into the record as ECF No. 32. This exhibit contained his texts and screen shots in which he explained what he did.  He told the USPO didn't have her number to call her. He claimed his SIM card didn't work and he couldn't access his Probation Officer's phone number, so he googled her name and called a number in another state connected to the USPO officer.  This number was that of the USPO's mother, and

Defendant's actions were clearly meant to intimidate the USPO officer. He had done this before, when he called the wife of the judge in a city case for violation of a protective order in 2020. (Doc. 46, Trans. 7-14-21 at 34-36, 44-46; Doc. 37, Trans. 7-15-21 at 8). What Defendant truly objects to is the fact that his release was revoked at all.

The information Defendant wishes to present, as evidenced by the affidavit contained within his motion, was information known to him at the time of the hearing in July. Since Defendant's work history was not relevant to the violations alleged when the Court revoked his release, presenting evidence that his prior work schedule was why he rescheduled his mental health evaluation has no material bearing on the condition he violated. *United States v. Worrell*, No.21-CR-00292-RCL, 2021 WL 2366934, at *1 (D.D.C. June 9, 2021) ("…the Court finds that there are no previously unknown facts having a "material bearing" on the issue whether there are conditions of release that will reasonably assure the safety of others and the community.") *See also United States v. Hite,* 76 F. Supp. 3d 33, 43 (D.D.C. 2014), *aff'd,* 598 F. App'x 1 (D.C. Cir. 2015); *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988).  He told the USPO officer he didn't go to the evaluation because his sleep cycle was disrupted by storms – not because of a work schedule.  Trans. 7-14-21 at 61-62. This conflicting rationale for disobeying the Court's order does not justify reopening the detention hearing under 18 U.S.C. §3142(f), and frankly reflects poorly upon Defendant's veracity.  A decision not to present this to the Court appears to have been sound strategy on the part of defense counsel.

Even if the Court were to allow the detention hearing to be reopened, Defendant's own motion raises serious concerns that he would follow the Court's direction. After all, he had three revocation hearings in three months, all with different allegations of failing to follow the Court's orders.  He continues to refuse to accept responsibility or even acknowledge his behavior violated

the Court's orders. As the Court stated in the July 15th hearing "I think the defendant, at least overall, has shown a pretty sustained contempt for the government and the court system." Trans. 7-15-21 at 6. Defendant is inherently inconsistent, stating he has "'gotten better" at following the Court's rules, yet picking which orders he will obey. He maintains his innocence saying that most of the allegations are "false" or "missing context". (ECF Doc. 45, Def's Mtn. at 6). Defendant argues that the USPO officer "threatened" him, that the prosecution made "false assertions" and that he was "abused by the prosecution and her corrupt agencies." (Doc. 45, Def's Mtn. at 6, 8). Defendant clearly believes himself a victim of the legal system, and if released he "won't abuse the courts time or waste the taxpayers [sic] dollars like they have." Id. The legal system he holds in contempt includes his own stand-by attorney.

## CONCLUSION

Defendant complains that his attorney sold him a bill of goods, and that he wants a refund (Doc. 45 at 3). Defendant claims his attorney did not want to offer his evidence or object, while at the same time saying in open court on September 7, 2021 that he wanted to keep his court appointed counsel as his stand-by counsel. This demonstrates his contempt for the legal system while at the same time demanding it protect him from himself. Defendant does not recognize the basic premise that while on release he must obey the Court and the United States Probation Office, as evidenced by his demand that "bond [be] reinstated with as little restrictions as possible." (Doc. 45, Def's. Mtn. at 1).

He is entitled to neither a reopening of the detention hearing nor to release from custody.

The Government requests the Court deny defendant's motion.

By:       /s/ *Mona Lee M. Furst*
      MONA LEE M. FURST
      Assistant United States Attorney
      Kansas Bar No. 13162
      Detailee
      United States Attorney's Office
      District of Columbia
      Mona.Furst@usdoj.gov
      (316) 269-6537

CERTIFICATE OF SERVICE

On this 6th day of October, 2021, a copy of the foregoing was served on standby counsel of record for the defendant via the Court's Electronic Filing System and sent via FedEx to the defendant at D.C. Jail, 1901 D Street, Washington, DC 2003.

      /s/*Mona Lee M. Furst*
      Mona Lee M. Furst
      Assistant United States Attorney