UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-CR-83 (TJM) |
| v. : | |
| : | |
| BRANDON FELLOWS, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MOTION CONCERNING DEFENDANT'S
REVIEW OF SENSITIVE AND HIGHLY SENSITIVE DISCOVERY MATERIALS**

The United States of America respectfully requests that at the next scheduled hearing, the Court conduct a colloquy to ensure that the defendant, Brandon Fellows ("Defendant"), understands he is bound by the previously entered and agreed upon Protective Order in this case (ECF 18). Specifically, the Court should inquire if Defendant has read the existing Protective Order, if Defendant understands it, whether he intends to abide by it, and warn Defendant of the consequences of a failure to do so, including possible contempt charges. If Defendant indicates he does not intend to comply with the existing Protective Order, we request that standby counsel or her designee be required to monitor Defendant in custody while he views Sensitive materials. Regardless of whether Defendant agrees to comply with the existing Protective Order, we request that standby counsel or her designee be required to monitor the Defendant in custody while he views Highly Sensitive materials. Standby counsel has been consulted about this motion and objects to the extent it requires her to monitor Defendant's viewing of voluminous materials.

**BACKGROUND**

The Protective Order entered on March 29, 2021, authorizes the designation of materials as "Sensitive" or "Highly Sensitive," when appropriate. (ECF 18 ¶ 1.) Under the Protective

Order, *inter alia*, Sensitive and Highly Sensitive materials may only be used in connection with the defense of Capitol Breach cases. (ECF 18 ¶ 4(a).) Defendant may not disseminate materials designated as Sensitive or Highly Sensitive to any persons other than the legal defense team, or the person to whom the Sensitive or Highly Sensitive information solely and directly pertains or his/her counsel, without agreement of the United States or prior authorization from the Court. (ECF 18 ¶ 4(b).) Under the order, Defendant may not reproduce Sensitive or Highly Sensitive materials except to provide copies of the materials for use in connection with this case by Defendant, the legal defense team, the person to whom the Sensitive or Highly Sensitive information solely and directly pertains or his/her counsel, and other persons to whom the Court may authorize disclosure.[1]  (ECF 18 ¶ 4(c).) Defendant must request sealing of Sensitive or Highly Sensitive materials in court filings. (ECF 18 ¶ 4(d).) Defendant may not take custody of Highly Sensitive materials and must be supervised by a member of the legal defense team while viewing Highly Sensitive materials unless the United States agrees to an alternative arrangement or the Court enters an order over the government's objection. (ECF 18 ¶ 6(a), 8-9.) Defendant must maintain custody and control of Sensitive documents. (ECF 18 ¶ 5.) Finally, before being given access to Sensitive or Highly Sensitive materials, Defendant must acknowledge in writing that he has read, understands, and agrees to the Protective Order. (ECF 18 at ¶ 13.)

On September 23, 2021, Defendant waived his right to counsel and elected to proceed *pro se*.  His former counsel, Assistant Federal Public Defender Cara Halverson, was appointed as standby counsel. (Minute Entry 9/23/2021.) Based on recent discussions with standby counsel, the government understands that Defendant has not been provided access to any Sensitive or

---

[1] Although this defendant has elected to proceed *pro se*, standby counsel would clearly be treated as a member of the legal defense team.

Highly Sensitive materials previously provided in discovery because he refuses to acknowledge that he understands and agrees to abide by the Protective Order. After the most recent hearing on October 12, 2021, Defendant confirmed that he would not sign the acknowledgment but did not elaborate on the nature of his objections. In a discussion with standby counsel on November 3, 2021, she elaborated that part of Defendant's objection is a purported inability of Defendant to take notes. However, the Protective Order does not prohibit Defendant from taking notes. Rather, it requires Defendant to treat notes about Sensitive and Highly Sensitive materials in the same manner as original materials (*see* ¶ 4(c)) and prohibits Defendant from copying down personal identifying information from Highly Sensitive materials (*see* ¶ 6(d)).

Sensitive and Highly Sensitive materials provided to date include items provided in case-specific discovery include:

- U.S. Capitol Police ("USCP") Closed Circuit Video ("CCV") footage from inside the Capitol by the Senate Wing door showing defendant entering through a window then leaving through the door (Highly Sensitive);[2]
- USCP CCV footage of Defendant inside the Crypt (Highly Sensitive);
- Grand Jury materials presented with Defendant's indictment (Highly Sensitive);
- One witness interview (Sensitive); and
- Database checks on Defendant (Sensitive).[3]

---

[2] As a general rule, interior footage is designated Highly Sensitive, and exterior footage and footage of the Capitol Visitor Center is designated Sensitive. However, the government has agreed in all Capitol Breach cases to waive of the requirement that a defendant be supervised by a member of the legal defense team while reviewing the Highly Sensitive USCP CCV footage, provided that the following conditions are met: (1) The standard Capitol Breach protective order or an equivalent order restricting the use, dissemination, and reproduction of Highly Sensitive materials has been entered in the relevant case; (2) The defendant has executed the written acknowledgement to the protective order stating that s/he has read, understands and agrees to the terms of the protective order (or has been subject to admonishment by the Court about the contents of the order and the penalties for violating the order); (3) The video is shared via My.Evidence.Com; (4) Downloading and sharing capabilities are suppressed before video is shared to the defendant; and (5) Counsel informs their clients that all activity on evidence.com is tracked by Axon's internal audit log. Further, if videos are discovered to have been disseminated without proper authorization, the government may seek a Court order requiring FPD to turn over any relevant audit logs.

[3] The vast majority of the case-specific discovery produced in this case is neither Sensitive nor

In addition, they include materials provided in global discovery such as:

- Unredacted USCP radio communications and related draft transcripts (Sensitive);
- USCP after-action reports (Sensitive);
- Unredacted Metropolitan Police Department ("MPD") radio communications and related transcripts (Sensitive);
- Global Positioning Satellite data for MPD radios (Sensitive);
- Exhibits to USCP Office of Professional Responsibility ("OPR") reports (a mixture of sensitivity designations);
- Unredacted MPD internal investigation reports and exhibits (Highly Sensitive);
- Voluminous USCP CCV footage (a mixture of sensitivity designations);
- Maps depicting the locations of USCP CCV cameras (Highly Sensitive); and
- Limited amounts of MPD body-worn-camera footage (Highly Sensitive), the vast majority of which has not been designated under the Protective Order.

As the government's discovery plan ultimately includes providing all defendants access to data that may contain information that is potentially exculpatory or material to their defenses, we anticipate that considerable additional materials will be designated Sensitive or Highly Sensitive in future global discovery productions, e.g., results of searches executed upon other subjects' digital devices and Stored Communications Act accounts, interviews conducted of civilian and law enforcement witnesses, other individuals' medical records, grand jury materials, and custodial interviews of other defendants.

Upon Defendant's acknowledgment that he is required to abide by the terms the Protective Order, the volume of materials to which he would immediately gain unsupervised access would increase substantially, including all the Sensitive materials identified above.[4]

---

Highly Sensitive and, therefore, is not covered by the Protective Order. This includes most witness interviews; Facebook, iCloud, and TikTok data obtained through legal process; search warrants; and open-source videos and news interviews of the Defendant.

[4] Currently, Defendant's access to digital materials would be provided through the Department of Corrections'("DOC") procedure for voluminous or electronic evidence review. In brief, upon receipt of evidence downloaded onto digital storage media, the DOC Litigation Support Unit places an inmate on a waitlist for review. The inmate is then housed in a cell alone to review the evidence for up to two weeks at a time. According to a DOC representative, there are currently

**RELIEF REQUESTED**

The United States respectfully requests that at the next scheduled hearing, the Court conduct a colloquy to ensure that Defendant understands he is bound by the previously entered and agreed upon Protective Order in this case.  Specifically, the Court should inquire if Defendant has read the existing Protective Order, if Defendant understands it, whether he intends to abide by it, and warn Defendant of the consequences of a failure to do so, including possible contempt charges.

If Defendant indicates he does not intend to comply with the existing Protective Order, we request that standby counsel or her designee be required to monitor the Defendant in custody while he views Sensitive materials.  Regardless of whether Defendant agrees to comply with the existing Protective Order, we request that standby counsel or her designee be required to monitor the Defendant in custody while he views Highly Sensitive materials.  These responsibilities are appropriately placed upon standby counsel.  *Cf. United States v. Bisong*, 645 F.3d 384, 397 (D.C. Cir. 2011)("The record reveals that his retained counsel and AFPD had access to the seized

---

23 laptops in circulation.

The United States recognizes that access to discovery and the enforcement of sensitivity designations for incarcerated defendants, and particularly those who have elected to proceed *pro se*, presents issues that are not yet wholly resolved. The government is working with the Federal Public Defender and the Department of Corrections ("DOC") on a plan to ensure that such defendants obtain reasonable access to materials provided in discovery, while balancing the legitimate security needs and resource restraints of the DOC and the need to adequately protect the information at issue.  A proposal that would provide incarcerated defendants access to the voluminous video footage currently in the defense instance evidence.com and to cloud-based document productions is currently being evaluated for both security and technological feasibility. In the interim, however, provided Defendant is subject to the Protective Order and standby counsel or her designee is available to supervise Defendant's review of Sensitive and/or Highly Sensitive materials (depending on Defendant's willingness to comply with the Protective Order), Defendant will obtain considerably more access to materials that have already been provided in discovery.

records and discovery materials, and that although the arrangements for Bisong to have personal access prior to trial did not work out to the full extent ordered by the district court, the district court ensured that standby counsel had access and was getting Bisong the records he requested prior to trial, and later afforded Bisong more time for review. Not a perfect scenario admittedly, but absent any showing of any prejudice, Bisong's contention [that his defense was prejudiced by his lack of full access to records] fails.").[5]

Our requests for standby counsel to assist in supervising Defendant's access to Sensitive (if necessary) and Highly Sensitive materials are particularly warranted in this case, where: (1) Defendant has heretofore refused to acknowledge that he understands and intends to abide by the Protective Order; and (2) Defendant has a record of failing to follow court orders (including a civil protection order) and even of intimidating and harassing his pretrial services officer in this very case. *See* Government's Response to Pro Se Motion for Reconsideration of Order of Detention. (ECF 47).

If Defendant agreed to abide by the Protective Order, consistent with paragraph 8, we would attempt to resolve any specific objections about sensitivity designations he brought to our attention.

---

[5] *See also United States v. Youker*, No. 14-CR-0152-SMJ-1, 2015 WL 13864169, at *2 (E.D. Wash. Apr. 30, 2015)(While a *pro se* defendant is entitled to control the organization and content of his own defense and to review discovery, neither of these principles mandates Defendant's possession of all discovery materials in pretrial detention, especially "given the reasonable solution that the Court has provided by appointing standby counsel."); *Johnson v. United States*, No. 07-CR-00924-DCN-3, 2014 WL 295157, at *5 (D.S.C. Jan. 27, 2014)(Not improper to restrain standby counsel from leaving discovery materials with *pro se* defendant in jail to safeguard the material contained therein). *See also United States v. Ruth*, No. 18-CR-00004-EAW, 2020 WL 3063939, at *3 (W.D.N.Y. June 9, 2020)(The burden of "monitor[ing] Defendant's compliance with the protective order and ensur[ing] that he does not keep or duplicate any of the materials appropriately placed on Defendant's counsel (and Defendant) pursuant to the terms of the protective order.").

**CONCLUSION**

WHEREFORE, the United States requests that the next scheduled hearing, the Court inquire if Defendant has read the existing Protective Order, if Defendant understands it, whether he intends to abide by it, and to warn Defendant of the consequences of failing to do so, including possible contempt charges. If Defendant indicates he does not intend to comply with the existing Protective Order, we request that standby counsel or her designee be required to monitor the Defendant in custody while he views Sensitive materials. Regardless of whether Defendant agrees to comply with the existing Protective Order, we request that standby counsel or her designee be required to monitor the Defendant in custody while he views Highly Sensitive materials.

By:   */s/ Mona Lee M. Furst*
MONA LEE M. FURST
Assistant United States Attorney
Kansas Bar No. 13162
Detailee
United States Attorney's Office
District of Columbia
Mona.Furst@usdoj.gov
(316) 269-6537

**CERTIFICATE OF SERVICE**

On this 4th day of November, 2021, a copy of the foregoing was served on standby counsel of record for the defendant via the Court's Electronic Filing System and sent via USPS to the defendant Brandon Fellows Inmate #377943, D.C. Jail, Correctional Treatment Facility, 1901 E. Street S.E., Washington, DC 20003.

*/s/Mona Lee M. Furst*
Mona Lee M. Furst
Assistant United States Attorney