1

```
                 BEFORE THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA,        .
                                 .  Case Number 21-cr-83
           Plaintiff,            .
                                 .
     vs.                         .
                                 .  Washington, D.C.
BRANDON FELLOWS,                 .  September 23, 2021
                                 .  2:36 p.m.
           Defendant.            .
- - - - - - - - - - - - - - - - -


                   TRANSCRIPT OF STATUS CONFERENCE
                BEFORE THE HONORABLE TREVOR N. MCFADDEN
                      UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the United States:        LOUIS MANZO, AUSA
                              United States Attorney's Office
                              555 Fourth Street Northwest
                              Washington, D.C. 20530

                              MONA FURST, AUSA (via telephone)
                              United States Attorney's Office
                              301 North Main Street
                              Suite 1200
                              Wichita, Kansas 67052

For the Defendant:            CARA HALVERSON, AFPD
                              Federal Public Defender's Office
                              625 Indiana Avenue Northwest
                              Suite 550
                              Washington, D.C. 20004

Official Court Reporter:      SARA A. WICK, RPR, CRR
                              United States District Court
                                for the District of Columbia
                              333 Constitution Avenue Northwest
                              Room 4704-B
                              Washington, D.C. 20001
                              202-354-3284

Proceedings recorded by stenotype shorthand.
Transcript produced by computer-aided transcription.
```

1            P R O C E E D I N G S
2       (Call to order of the court.)
3            COURTROOM DEPUTY:  Your Honor, this is Criminal Case
4    21-83, United States of America versus Brandon Fellows.
5       Counsel, please come forward to identify yourselves for the
6    record, starting with the government.
7            MR. MANZO:  Good afternoon, Your Honor.  Lou Manzo on
8    behalf of the United States, standing in for the counsels of
9    record.
10           THE COURT:  Good afternoon, Mr. Manzo.
11           MS. HALVERSON:  Cara Halverson for Mr. Fellows, who is
12   present.
13           THE COURT:  Good afternoon, Ms. Halverson, and good
14   afternoon, Mr. Fellows.
15      All right.  We're here today to follow-up on an initial
16   conversation I had had with Mr. Fellows regarding his interest
17   in potentially representing himself.
18      Mr. Fellows, if you could approach the podium, sir.
19           THE DEFENDANT:  Hello, Your Honor.
20           THE COURT:  Sir, are you still interested in
21   representing yourself?
22           THE DEFENDANT:  Yes, sir.
23           THE COURT:  Okay.  Sir, have you ever studied law?
24           THE DEFENDANT:  No -- well, in the past, I think,
25   three or four weeks.

1          THE COURT:  Okay.  Have you ever represented yourself
2    in a criminal action?
3          THE DEFENDANT:  No, sir.
4          THE COURT:  Do you understand that you are charged
5    with a series of crimes here, sir, including obstruction of an
6    official proceeding, entering and remaining in a restricted
7    building or grounds, disorderly and disruptive conduct in a
8    restricted building or grounds, entering and remaining in
9    certain rooms in a Capitol building, and disorderly conduct in a
10   Capitol building?
11         THE DEFENDANT:  I do understand.
12         THE COURT:  And sir, you understand that at least the
13   first one, that obstruction of an official proceeding, do you
14   understand that's a felony, sir?
15         THE DEFENDANT:  Yes.  I don't think it's going to
16   hold.
17         THE COURT:  Okay.  But at this point you understand
18   that you are facing some pretty significant liability in terms
19   of potential incarceration and fines if you're found guilty of
20   these?
21         THE DEFENDANT:  I do.
22         THE COURT:  Do you understand that if you are found
23   guilty of more than one of these crimes this Court can order
24   that the sentences be served consecutively, that is, one after
25   the other?

1    THE DEFENDANT:  I've been made aware of that.
2    THE COURT:  Do you understand that there are advisory
3 sentencing guidelines that may have an effect on your sentence
4 if you're found guilty?
5    THE DEFENDANT:  I've also been made aware of that.
6    THE COURT:  Do you understand that if you represent
7 yourself you are on your own, and I cannot tell you or even
8 advise you how you should try your case?
9    THE DEFENDANT:  I do understand that, which is also
10 why I request standby counsel.
11    THE COURT:  Are you familiar with the Federal Rules of
12 Evidence, sir?
13    THE DEFENDANT:  Only that of which I've read so far.
14    THE COURT:  Okay.  And by that, you mean you've been
15 doing some studying at the jail library?
16    THE DEFENDANT:  Yes, sir.
17    THE COURT:  Okay.  Do you understand that the Rules of
18 Evidence govern what evidence may or may not be introduced at
19 trial and that in representing yourself you must abide by those
20 very technical rules and that they will not be relaxed for your
21 benefit?
22    THE DEFENDANT:  I do.
23    THE COURT:  Are you familiar with the Federal Rules of
24 Criminal Procedure, sir?
25    THE DEFENDANT:  Only that of which I've read so far.

1        THE COURT:  Do you understand that those rules govern
2   the way a criminal action is tried in federal court and that you
3   are bound by those rules and that they will not be relaxed for
4   your benefit?
5        THE DEFENDANT:  Yes, sir.
6        THE COURT:  Sir, I must advise you that, in my
7   opinion, a trained lawyer would defend you far better than you
8   can defend yourself.  I personally think it's unwise for you to
9   try to represent yourself.  As you've said, you're not familiar
10  with the law, and you're not familiar with court procedure.
11  You're not familiar with the Rules of Evidence.  I strongly urge
12  you not to try to represent yourself.
13       Also, I understand your desire to have Ms. Halverson act as
14  your standby counsel, and, you know, I think that's certainly
15  preferable to you just going it alone.  But even with her, there
16  are significant downsides to you being the one who is making
17  split-second decisions on courtroom issues, you being the one
18  who is filing papers, you being the one who is potentially
19  addressing the jury and conducting any cross-examination or
20  direct examination.
21       So I don't want you to think there's no trade-offs to she
22  representing you rather than she being your standby counsel.  In
23  my mind, you would be better served for her to represent you
24  rather than for her to be your standby counsel.
25       In light of the penalty that you might suffer if you're

1    found guilty and in light of all the difficulties of
2    representing yourself, do you still desire to represent yourself
3    and to give up your right to be represented by an attorney?
4            THE DEFENDANT:  I do, though I will also mention, I
5    would at a later time like to try to make a case for why hybrid
6    counsel should be allowed.  It's very rare.  But I'm not looking
7    to pursue trying to convince the Court of that at this time, but
8    standby counsel is definitely what I would request.
9            THE COURT:  Okay.  Thank you, sir.  You may have a
10   seat.
11       Mr. Manzo, do you have any position on this or any further
12   inquiry that I need to make of the defendant?
13           MR. MANZO:  No, Your Honor.
14           THE COURT:  All right.  Ms. Halverson?
15           MS. HALVERSON:  I have no objection, Your Honor.  I've
16   talked with Mr. Fellows.  I've gone over the exact same
17   questions that you just went over with him.  I have no question
18   about his competency.  It does appear that he is knowingly and
19   voluntarily making a decision to represent himself.  And the
20   federal public defenders, through me, are fine to stand in as
21   standby counsel.
22           THE COURT:  Okay.  All right.  I find that the
23   defendant has knowingly and voluntarily waived the right to
24   counsel.  I will, therefore, permit the defendant to represent
25   himself.  I will appoint Ms. Halverson to continue as standby

1   counsel, as Mr. Fellows has requested.
2       Now, I think the second thing we need to discuss is,
3   Mr. Fellows, you wish to -- me to reconsider the bond
4   determination; is that correct?
5           THE DEFENDANT:  Yes, it is correct, Your Honor.
6           THE COURT:  Okay.
7           THE DEFENDANT:  I have motions, and if you would like,
8   I can make comments on them.  I tried getting them to you,
9   but yeah.
10          THE COURT:  All right.  So you have -- so let me tell
11  you how I see this.  You can kind of make legal arguments on the
12  evidence that's already in front of me and essentially ask me to
13  reconsider.  And it sounds like you have some motions that you
14  would like to file, and I'm happy to consider those and give the
15  government an opportunity to respond.
16      You talked earlier about -- and I think, you know, probably
17  a month or two ago about wanting to testify and put on evidence.
18  As I told you then, if you're going to be putting in new
19  evidence that the government hasn't had an opportunity to object
20  to or to cross-examine, including through yourself, that would
21  be kind of a reopening of the hearing, and I think the
22  government then would have an opportunity to kind of introduce
23  its own evidence in rebuttal and, to the extent that you or
24  anyone else is taking the stand, to cross-examine that person.
25          Obviously, if we're reopening the hearing, there could be,

1   you know, new legal arguments on that as well.
2          But are you -- so are you seeking just to make new legal
3   arguments, or are you seeking to introduce new evidence?
4             THE DEFENDANT:  Both, Your Honor, and I, obviously not
5   being familiar with how these proceedings go out, I wrote out a
6   full response so that way the Court could have a better
7   knowledge of really what I'm seeking here today in full context
8   and also some of the problems that I've encountered for, you
9   know, why you haven't had the motions in your possession at this
10  point.
11         I've timed it.  I'm very quirky about time.  It's seven
12  minutes or less.  Last time, you gave me nine minutes before I
13  was representing myself.  If you like, I feel like you would
14  have a better understanding of what I'm trying to push for if
15  you allowed me to read what I've prepared.
16            THE COURT:  Before we do that, so are you seeking to
17  testify?
18            THE DEFENDANT:  I am, yes.
19            THE COURT:  Okay.  So I will hear from Mr. Manzo, but
20  I'm not sure that you need to go through your seven-minute
21  speech.  If you're interested in doing that, I think we can set
22  a time for reopening the hearing and give you an opportunity to
23  present that evidence and give the government an opportunity to
24  cross-examine you or provide rebuttal.
25         But I will hear from the government on that.

1  MR. MANZO: Your Honor, we would just ask for another
2  date. I'm stand-in counsel. I'm happy to argue anything out of
3  course today, but I am not familiar with the case as much as
4  Ms. Furst and Mr. Gillice are.
5  THE COURT: I think that's another reason why it would
6  only be fair to come back at another time.
7  Do you have Ms. Furst's calendar?
8  MR. MANZO: Yes, and I actually have her on the phone
9  as well. So if there's a date that works, I can relay it to
10 her.
11 THE COURT: Okay. How about 10:00 a.m. on Wednesday,
12 October 6th? Does that work for the government?
13 MR. MANZO: Let me just message her, and I will get
14 back to you in a second.
15 THE COURT: It sounds like we have her. Hi,
16 Ms. Furst?
17 MS. FURST: Yes, Your Honor, I'm here. Your Honor, I
18 will -- can you hear me?
19 THE COURT: Yes.
20 MS. FURST: Okay. I will just be coming from leave
21 the day before. Could we perhaps schedule it either the week
22 after or the week of the 18th?
23 THE COURT: I'm sorry -- oh, I see what you're saying.
24 We can look the week after. How about 2:00 p.m. on Tuesday,
25 October 12th? Actually, it will be 2:30. I've got a plea at

```
 1    2:00.
 2             MS. HALVERSON:  Cara Halverson.  I have a 2:00 p.m.
 3    sentencing that day.
 4             THE COURT:  Okay.  Do you have a sense of how long
 5    that will go, Ms. Halverson?
 6             MS. HALVERSON:  It's my first Capitol sentencing.  So
 7    I'm not 100 percent.
 8             THE COURT:  Here?
 9             MS. HALVERSON:  Uh-huh.
10             THE COURT:  Oh, Capitol, like January 6th.
11             MS. HALVERSON:  Yes, correct, totally different than
12    what you were speaking with Mr. Jenkins, yes.
13        So I suspect it will take an hour, but I can't tell for
14    sure.
15             THE COURT:  Okay.  So why don't we set this for
16    3:00 p.m., if that works for you, Ms. Furst.
17             MS. FURST:  Yes, Your Honor, I can be there.
18        And are you going to set a deadline for me to respond to
19    his motions when he files them?
20             THE COURT:  Yeah, I think that's a good idea.
21        So I guess it sounds like you have motions you would like
22    to file, Mr. Fellows?
23             THE DEFENDANT:  Yes, sir.
24             THE COURT:  Are you ready to file those today?
25             THE DEFENDANT:  Yes, sir.
```

1          THE COURT:  So I will ask you to do that, and perhaps
2    Ms. Halverson can facilitate the filing of those motions.
3          MS. HALVERSON:  I did just want to sort of clarify
4    some of those nitty-gritty details going forward.
5          THE COURT:  Okay.
6          MS. HALVERSON:  So I think it can potentially be
7    complicated if I'm filing motions on his behalf on ECF, because
8    it has my name on it, and I'm not sure if it then creates an
9    ethical obligation for me to decide whether or not as submitting
10   the motions under my name they are frivolous or not.  So I'm
11   concerned about that aspect of filing the motions for
12   Mr. Fellows.
13       After speaking with some of my colleagues in the Federal
14   Defender's Office, the consensus is that to sort of negate any
15   conflict or later argument that I stood in Mr. Fellows's way as
16   standby counsel, that he send the motions directly to the Court.
17         THE COURT:  All right.  For today, how about if I
18   order you to file them?
19         MS. HALVERSON:  Fair enough.  And then going forward?
20         THE COURT:  Going forward, I think -- I mean, I don't
21   even know how he submits them from jail.
22         MS. HALVERSON:  So he would have to mail it to Your
23   Honor.  The same thing, he would have to mail it to me.  So it's
24   going to go through the mail system.
25         THE COURT:  Yeah, okay.  So it sounds like you would

1 need to do that as long as you're incarcerated, Mr. Fellows.
2 You need to mail any motions to the Court and to Ms. Halverson,
3 and Ms. Halverson can tell you how to do that. But for any
4 motions that you have ready to go, you can give them to
5 Ms. Halverson, and for the record, I'm ordering Ms. Halverson to
6 file them on your behalf and not in any way suggesting that she
7 has approved them.
8       THE DEFENDANT: May I comment, Your Honor?
9       THE COURT: No.
10 All right. And so Ms. Furst, obviously, you haven't even
11 seen these. Can I have you respond by October 5th? I know you
12 were going to be out on leave around that time.
13       MS. FURST: That's okay, Judge. I will take my
14 computer.
15       THE COURT: Yeah, we can say October 6th. I will ask
16 for any response from the government --
17       MS. FURST: That'd be perfect. Thank you.
18       THE COURT: -- to be filed by Wednesday, October 6th,
19 and we will set this for a hearing, as I said, at 3:00 p.m. on
20 October 12th.
21 We already have another status conference set, and we're
22 tolling until then. So I don't think there's anything else that
23 we need to do today.
24 Mr. Fellows?
25       THE DEFENDANT: I was just trying to figure out

1    another method to be able to get these things to you.  I hold
2    here in my hand a piece of mail that was sent out on August 8th.
3    It didn't get to me until 9/16.  Ms. Halverson has also shared
4    with me prior to even coming here, the D.C. mailing system is
5    the very opposite of Amazon Prime.  It's not ideal in any
6    situation.  And I fear that motions that are sent either will
7    not even get here or will be very untimely.
8         I don't know if there's a way to look at courier of which
9    Ms. Halverson has utilized in the past that we could go about
10   using or if there's another method that you know of.  I just ask
11   that there be another method considered.
12             THE COURT:  I don't know.  And as I said, most people
13   don't represent themselves, and I discourage you from
14   representing yourself, Mr. Fellows.  This is one of the many
15   hardships that I mentioned you will find in representing
16   yourself.
17        I'm ameliorating that today by asking Ms. Halverson to file
18   those on your behalf, but we do have periodic status conferences
19   in which you will be here in person, but generally, we do not
20   encourage communication between defendants incarcerated at the
21   D.C. Jail and the Courts.  That is done by their lawyers.
22        All right.  Anything further for the government?
23             MR. MANZO:  No, Your Honor.
24             THE COURT:  Thanks, folks.  We will see you on the
25   12th.

```
 1         (Proceedings adjourned at 2:53 p.m.)

 2

 3     - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

 4

 5               CERTIFICATE OF OFFICIAL COURT REPORTER

 6

 7         I, Sara A. Wick, certify that the foregoing is a

 8   correct transcript from the record of proceedings in the

 9   above-entitled matter.

10

11

12

13   /s/ Sara A. Wick                    November 5, 2021

14   SIGNATURE OF COURT REPORTER         DATE
```