APPEAL,CAP,CAT B

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: <u>1:21–cr–00083–TNM</u>–1

Case title: USA v. FELLOWS

Magistrate judge case number:  1:21–mj–00080–ZMF

Date Filed: 02/05/2021

---

Assigned to: Judge Trevor N. McFadden

**<u>Defendant (1)</u>**

| | | |
|---|---|---|
| **BRANDON FELLOWS** | represented by | **Cara Kurtz Halverson** |
| | | FEDERAL PUBLIC DEFENDER |
| | | 625 Indiana Ave NW |
| | | Suite 550 |
| | | Washington, DC 20004 |
| | | (202) 208–7500 |
| | | Email: cara_halverson@fd.org |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Public Defender or Community Defender Appointment* |

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
|---|---|
| 18 U.S.C. 1512(c)(2) and 2; TAMPERING WITH A WITNESS, VICTIM OR INFORMANT; Obstruction of an Official Proceeding and Aiding and Abetting (1) | |
| 18 U.S.C. 1752(a)(1); TEMPORARY RESIDENCE OF THE PRESIDENT; Entering and Remaining in a Restricted Building or Grounds (2) | |
| 18 U.S.C. 1752(a)(2); TEMPORARY RESIDENCE OF THE PRESIDENT; Disorderly and Disruptive Conduct in a Restricted Building or Grounds (3) | |

1

40 U.S.C. 5104(e)(2)(C);
FEDERAL STATUTES, OTHER;
Entering and Remaining in Certain
Rooms in a Capitol Building
(4)

40 U.S.C. 5104(e)(2)(D);
FEDERAL STATUTES, OTHER;
Disorderly Conduct in a Capitol
Building
(5)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level
(Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| COMPLAINT in Violation of 18:1752(a); 40:5104(e)(2). | |

---

**Plaintiff**

| | | |
| --- | --- | --- |
| **USA** | represented by | **Mona Furst** |
| | | DOJ–USAO |
| | | Office of the United States Attorney |
| | | 301 North Main |
| | | Suite 1200 |
| | | Wichita, KS 67052 |
| | | 316–269–6481 |
| | | Email: mona.furst@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Assistant U.S. Attorney* |
| | | |
| | | **Thomas A. Gillice** |
| | | U.S. ATTORNEY'S OFFICE |
| | | National Security Section |
| | | 555 4th Street, NW |
| | | Washington, DC 22205 |
| | | (202) 252–1791 |
| | | Fax: (202) 252–7714 |
| | | Email: thomas.gillice@usdoj.gov |

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Melissa Joy Jackson**
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
555 4th Street, NW
Washington, DC 20530
202−252−7786
Email: melissa.jackson@usdoj.gov
*TERMINATED: 02/18/2021*
*Designation: Assistant U.S. Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 01/15/2021 | 1 | | SEALED COMPLAINT as to BRANDON FELLOWS (1). (Attachments: # 1 Affidavit in Support of Criminal Complaint and Arrest Warrant) (zhsj) [1:21−mj−00080−ZMF] (Entered: 01/17/2021) |
| 01/15/2021 | 3 | | MOTION to Seal Criminal Complaint and Related Documents by USA as to BRANDON FELLOWS. (Attachments: # 1 Text of Proposed Order) (zhsj) [1:21−mj−00080−ZMF] (Entered: 01/17/2021) |
| 01/15/2021 | 4 | | ORDER granting 3 Motion to Seal Criminal Complaint and Related Documents as to BRANDON FELLOWS (1).. Signed by Magistrate Judge Zia M. Faruqui on 1/15/2021. (zhsj) [1:21−mj−00080−ZMF] (Entered: 01/17/2021) |
| 01/16/2021 | | | Case unsealed as to BRANDON FELLOWS (bb) [1:21−mj−00080−ZMF] (Entered: 01/25/2021) |
| 01/16/2021 | | | Arrest of BRANDON FELLOWS in US District Court for the Northern District of New York. (bb) (Entered: 02/09/2021) |
| 01/20/2021 | 5 | | Rule 5(c)(3) Documents Received as to BRANDON FELLOWS from US District Court for the Northern District of New York Case Number 1:21−mj−32−DJS (bb) Modified on 3/17/2021 (zltp). (Entered: 02/09/2021) |
| 01/29/2021 | | | MINUTE ORDER as to Defendant BRANDON FELLOWS : It is hereby ORDERED that Defendant BRANDON FELLOWS appear for an initial appearance on Wednesday, February 3, 2021 at 1:00 p.m. before Magistrate Judge Robin M. Meriweather. The hearing will be conducted by video teleconference; call−in instructions will be provided to counsel prior to the hearing. Counsel for the United States is directed to ensure that counsel for Defendant has received this Order and will provide the information to Defendant. If Defendant does not have counsel, counsel for the United States is directed to contact the Office of the Federal Public Defender for the District of Columbia and provide their office with the information contained in this Order. If the parties have questions about this Order or the scheduled hearing, please contact the Courtroom Deputy at 202−354−3083; So Ordered by Magistrate Judge Robin M. Meriweather on 1/29/2021. (kk) [1:21−mj−00080−ZMF] (Entered: 01/29/2021) |
| 02/03/2021 | 14 | | |

| | | |
|---|---|---|
| | | Arrest Warrant, dated 1/15/2021, returned executed on 2/3/2021 in the U.S. District Court for the District of Columbia as to Defendant BRANDON FELLOWS. (kk) (zltp). (Entered: 03/11/2021) |
| 02/03/2021 | | ORAL MOTION by Defendant BRANDON FELLOWS to Appoint Counsel. (kk) (Entered: 03/11/2021) |
| 02/03/2021 | | JOINT ORAL MOTION by USA and Defendant BRANDON FELLOWS to Exclude Time Under the Speedy Trial Act from 2/3/2021 to 2/24/2021. (kk) (Entered: 03/11/2021) |
| 02/03/2021 | | Minute Entry for Initial Appearance as to BRANDON FELLOWS held by video before Magistrate Judge Robin M. Meriweather on 2/3/2021 : The Court advised the Government of its due process obligations under Rule 5(f). The defendant agreed to appear by video. Oral Motion by Defendant to Appoint Counsel, heard and granted. Assistant Federal Public Defender Cara Halverson appointed to represent BRANDON FELLOWS. Preliminary Hearing set for 2/24/2021 at 1:00 pm by telephonic/VTC before Magistrate Judge Robin M. Meriweather. Joint Oral Motion by USA and Defendant to Exclude Time Under the Speedy Trial Act from 2/3/2021 to 2/24/2021, heard and granted in the interest of justice. Bond Status of Defendant: Defendant placed on Personal Recognizance Bond with GPS Monitoring. Court Reporter: FTR Gold – Ctrm. 16; FTR Time Frames: 1:50:18 – 2:01:14 and 2:59:51 – 3:44:55. Defense Attorney: Cara Halverson; U.S. Attorney: Kelly Smith for Melissa Jackson; Pretrial Officer: Shay Holman. (kk) (Entered: 03/11/2021) |
| 02/05/2021 | 7 | INDICTMENT as to BRANDON FELLOWS (1) count(s) 1, 2, 3, 4, 5. (zltp) Modified on 3/17/2021 (zltp). (Entered: 02/05/2021) |
| 02/10/2021 | 9 | ORDER Setting Conditions of Release as to BRANDON FELLOWS (1) Personal Recognizance. Signed by Magistrate Judge Robin M. Meriweather on 2/10/2021. (ztl) (Additional attachment(s) added on 4/20/2021: # 1 Appearance Bond) (zkk). (Entered: 02/17/2021) |
| 02/18/2021 | 10 | NOTICE OF SUBSTITUTION OF COUNSEL as to USA. Attorney Furst, Mona added. Substituting for attorney Melissa Joy Jackson (Furst, Mona) (Entered: 02/18/2021) |
| 02/18/2021 | 11 | NOTICE OF ATTORNEY APPEARANCE: Cara Kurtz Halverson appearing for BRANDON FELLOWS (Halverson, Cara) (Entered: 02/18/2021) |
| 02/23/2021 | | MINUTE ORDER as to BRANDON FELLOWS (1) In light of the fact that Magistrate Case for Defendant BRANDON FELLOWS has closed and merged into Criminal Number 21–83, and an indictment has been filed, the preliminary hearing previously scheduled for February 24, 2021 before Judge Meriweather is VACATED. The parties are respectfully directed to address any scheduling requests to the presiding district judge, Judge Trevor N. McFadden. Signed by Magistrate Judge Robin M. Meriweather on 2/23/2021. (zpt) (Entered: 02/23/2021) |
| 02/24/2021 | | NOTICE OF HEARING as to BRANDON FELLOWS. VTC Arraignment set for 3/3/2021 at 11:00 AM before Judge Trevor N. McFadden. Connection instructions will be emailed to the parties. (hmc) (Entered: 02/24/2021) |
| 03/03/2021 | | |

| | | | |
|---|---|---|---|
| | | | MINUTE ORDER as to BRANDON FELLOWS. Consistent with the Due Process Protections Act, the Court ORDERS that all government counsel shall review their disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, as set forth in Local Criminal Rule 5.1, and comply with those provisions. The failure to comply could result in dismissal of the indictment or information, dismissal of individual charges, exclusion of government evidence or witnesses, continuances, Bar discipline, or any other remedy that is just under the circumstances. SO ORDERED. Signed by Judge Trevor N. McFadden on 3/3/21. (lctnm1) (Entered: 03/03/2021) |
| 03/03/2021 | | | Minute Entry for proceedings held before Judge Trevor N. McFadden: Arraignment and Status Conference as to BRANDON FELLOWS held via video on 3/3/2021. Defendant agreed to proceed via video. Defendant entered a plea of Not Guilty as to Counts 1, 2, 3, 4, 5. A further Status Conference is set for 5/6/2021 at 10:00 AM in Courtroom 2 before Judge Trevor N. McFadden. Time under the Speedy Trial Act is tolled from 3/3/2021 to 5/6/20201, in the interests of justice. Bond Status of Defendant: Personal Recognizance. Defense Attorney: Cara Kurtz Halverson; US Attorney: Mona Furst; Court Reporter: Jan Dickman. (hmc) (Entered: 03/03/2021) |
| 03/08/2021 | 12 | | TRANSCRIPT OF PROCEEDINGS in case as to BRANDON FELLOWS before Judge Trevor N. McFadden held on March 3, 2021; Page Numbers: 1–9. Date of Issuance: March 8, 2021. Court Reporter: Janice Dickman, Telephone number: 202–354–3267, Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court re porter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 3/29/2021. Redacted Transcript Deadline set for 4/8/2021. Release of Transcript Restriction set for 6/6/2021.(Dickman, Janice) (Entered: 03/08/2021) |
| 03/17/2021 | 13 | | NOTICE *of Filing Discovery Correspondence* by USA as to BRANDON FELLOWS (Attachments: # 1 Discovery Letter)(Furst, Mona) (Entered: 03/17/2021) |
| 03/26/2021 | 15 | | NOTICE *of Filing Discovery Correspondence* by USA as to BRANDON FELLOWS (Attachments: # 1 Discovery Letter)(Furst, Mona) (Entered: 03/26/2021) |
| 03/26/2021 | 16 | | Unopposed MOTION for Protective Order *Governing Discovery* by USA as to BRANDON FELLOWS. (Attachments: # 1 Text of Proposed Order)(Furst, |

| | | | |
|---|---|---|---|
| | | | Mona) (Entered: 03/26/2021) |
| 03/29/2021 | 17 | | Unopposed MOTION for Disclosure *of Items Protected by Federal Rule of Criminal Procedure 6(e) and Sealed Materials* by USA as to BRANDON FELLOWS. (Attachments: # 1 Text of Proposed Order)(Furst, Mona) (Entered: 03/29/2021) |
| 03/29/2021 | 18 | | ORDER granting 16 Unopposed Motion for Protective Order Governing Discovery as to (1) Brandon Fellows. See attached Order for details. Signed by Judge Trevor N. McFadden on 3/29/21. (lctnm1) (Entered: 03/29/2021) |
| 03/29/2021 | 19 | | ORDER granting Government's 17 Unopposed Motion for Disclosure as to (1) BRANDON FELLOWS. See attached Order for details. Signed by Judge Trevor N. McFadden on 3/29/2021. (lctnm1) (Entered: 03/29/2021) |
| 04/12/2021 | 20 | | Joint MOTION to Convert the In–Person Status Hearing Into a Hearing by Video Conference by USA as to BRANDON FELLOWS. (Attachments: # 1 Text of Proposed Order)(Furst, Mona) Modified relief on 4/30/2021 (znmw). (Entered: 04/12/2021) |
| 04/14/2021 | 21 | | NOTICE *of Filing Discovery Correspondence* by USA as to BRANDON FELLOWS (Attachments: # 1 Discovery Letter)(Furst, Mona) (Entered: 04/14/2021) |
| 04/19/2021 | | | MINUTE ORDER as to BRANDON FELLOWS denying the 20 Joint Motion to Convert the In–Person Status Hearing Into a Hearing by Videoconference. The Court found Defendant's appearance and demeanor at the last videoconference to be inappropriate for criminal proceedings in federal court, so the hearing will proceed in person. Counsel for both parties may rely on stand–in counsel to appear, but counsel appearing at the hearing should be fully briefed on the matter and able to schedule further proceedings as necessary. SO ORDERED. Signed by Judge Trevor N. McFadden on 4/19/2021. (lctnm1) (Entered: 04/19/2021) |
| 04/23/2021 | 22 | | NOTICE *of Filing Discovery Correspondence* by USA as to BRANDON FELLOWS (Attachments: # 1 Discovery Letter dated April 22, 2021)(Furst, Mona) (Attachment 1 replaced on 4/26/2021) (zltp). (Entered: 04/23/2021) |
| 05/05/2021 | 24 | | MOTION to Revoke *Defendant's Pretrial Release* by USA as to BRANDON FELLOWS. (Furst, Mona) (Entered: 05/05/2021) |
| 05/06/2021 | | | Minute Entry for proceedings held before Judge Trevor N. McFadden: Status Conference as to BRANDON FELLOWS held on 5/6/2021. Government's 24 Motion to Revoke Defendant's Pretrial Release, denied in part. The defendant's conditions of release are modified to include Home Detention. The defendant is ORDERED to stay at his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances (including his state case); court–ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer. The defendant is further ORDERED to provide employment verification. A further Status Conference is set for 7/14/2021 at 10:00 AM in Courtroom 2 before Judge Trevor N. McFadden. Time under the Speedy Trial Act is tolled from 5/6/2021 to 7/14/20201, in the interests of justice. Bond Status of Defendant: Personal Recognizance. Defense Attorney: Cara Kurtz Halverson; US Attorney: Amanda Fretto standing in for |

| | | | |
|---|---|---|---|
| | | | Mona Furst who appeared by phone; Pretrial Officer: Da'Shante Valentine–Lewis (appeared by phone); New York Probation Officer: Kendra Rennie; Court Reporter: Crystal Pilgrim. (hmc) (Entered: 05/06/2021) |
| 05/17/2021 | 25 | | NOTICE *of Filing Discovery Correspondence* by USA as to BRANDON FELLOWS (Attachments: # 1 Discovery Letter)(Furst, Mona) (Entered: 05/17/2021) |
| 05/27/2021 | 27 | | Second MOTION to Revoke *Defendant's Pretrial Release* by USA as to BRANDON FELLOWS. (Furst, Mona) (Entered: 05/27/2021) |
| 05/27/2021 | | | MINUTE ORDER as to BRANDON FELLOWS. Upon consideration of the 26 Pretrial Violation Report, the parties shall appear for a Status Hearing on June 4, 2021, at 3:00 p.m. in Courtroom 2 before Judge Trevor N. McFadden. SO ORDERED. Signed by Judge Trevor N. McFadden on 5/27/2021. (lctnm1) (Entered: 05/27/2021) |
| 05/27/2021 | | | Set/Reset Hearings as to BRANDON FELLOWS: Status Conference set for 6/4/2021 at 3:00 PM in Courtroom 2 before Judge Trevor N. McFadden. (hmc) (Entered: 06/03/2021) |
| 05/28/2021 | 28 | | Memorandum in Opposition by BRANDON FELLOWS re 27 Second MOTION to Revoke *Defendant's Pretrial Release* (Halverson, Cara) (Entered: 05/28/2021) |
| 06/04/2021 | | | Minute Entry for proceedings held before Judge Trevor N. McFadden: Status Conference as to BRANDON FELLOWS held on 6/4/2021. Government's 27 Second Motion to Revoke Defendant's Pretrial Release, DENIED. Defendant is ORDERED to report to the US Probation Office for the Northern District of New York for a mental health evaluation and comply with all treatment recommendations and sign all required releases of information to obtain and report treatment compliance to the Court. The defendant is further ORDERED to follow all previous release conditions. Bond Status of Defendant: Personal Recognizance. Defense Attorney: Cara K. Halverson; US Attorney: Mona Furst; New York Probation Officer: Kendra Rennie; Pretrial Officer: Da'Shanta Valentine–Lewis (by phone) and Christine Schuck; Court Reporter: Crystal Pilgrim. (hmc) (Entered: 06/04/2021) |
| 06/14/2021 | 30 | | Third MOTION to Revoke *Defendant's Pretrial Release* by USA as to BRANDON FELLOWS. (Furst, Mona) (Entered: 06/14/2021) |
| 06/15/2021 | | | Arrest of BRANDON FELLOWS in Albany, New York. (hmc) (Entered: 07/14/2021) |
| 06/30/2021 | 31 | | NOTICE *of Filing Discovery Correspondence* by USA as to BRANDON FELLOWS (Attachments: # 1 Discovery Letter)(Furst, Mona) (Entered: 06/30/2021) |
| 06/30/2021 | 32 | | Unopposed MOTION for Court to Take Judicial Notice Under Fed. R. Evid. 201 by USA as to BRANDON FELLOWS. (Attachments: # 1 Attachment 1)(Furst, Mona) (Entered: 06/30/2021) |
| 06/30/2021 | | | MINUTE ORDER as to BRANDON FELLOWS granting the Government's 32 Unopposed Mot. For Court to Take Judicial Notice. Signed by Judge Trevor N. McFadden on 6/30/21. (lctnm1) (Entered: 06/30/2021) |

| 07/07/2021 | 33 | | NOTICE *of Filing Discovery Correspondence* by USA as to BRANDON FELLOWS (Attachments: # 1 Discovery Letter (Addendum))(Furst, Mona) (Entered: 07/07/2021) |
|---|---|---|---|
| 07/12/2021 | 34 | | NOTICE *of Memorandum Regarding Status of Discovery* by USA as to BRANDON FELLOWS (Attachments: # 1 Exhibit A)(Furst, Mona) (Entered: 07/12/2021) |
| 07/13/2021 | | | NOTICE OF HEARING (courtroom change) as to BRANDON FELLOWS. The Status Conference set for 7/14/2021 at 10:00 AM before Judge Trevor N. McFadden will be held in Courtroom 10 (In Person). (hmc) (Entered: 07/13/2021) |
| 07/14/2021 | 35 | | Arrest Warrant, dated 6/15/2021, Returned Executed in the U.S. District Court for the District Columbia on 7/14/2021 as to BRANDON FELLOWS. (hmc) (Entered: 07/14/2021) |
| 07/14/2021 | | | Minute Entry for proceedings held before Judge Trevor N. McFadden: Status Conference/Detention Hearing as to BRANDON FELLOWS held on 7/14/2021. Detention Hearing continued to 7/15/2021 at 11:00 AM in Courtroom 2– In Person before Judge Trevor N. McFadden. Bond Status of Defendant: committed/commitment issued. Defense Attorney: Cara K. Halverson; US Attorney: Mona Furst; Court Reporter: William Zaremba. Government Witnesses: Pretrial Services Agency Officer – Tekeysha Robinson; New York Probation Officer: Kendra Rennie; New York Probation Officer (supervisor): Jeannine Kiebart. (hmc) (Entered: 07/14/2021) |
| 07/14/2021 | 36 | | EXHIBIT LIST by USA as to BRANDON FELLOWS. (hmc) (Entered: 07/14/2021) |
| 07/15/2021 | | | Minute Entry for proceedings held before Judge Trevor N. McFadden: Detention Hearing as to BRANDON FELLOWS held on 7/15/2021. Goverment's 30 Third Motion to Revoke Defendant's Pretrial Release, GRANTED. Status Conference set for 9/7/2021 at 10:30 AM in Courtroom 2– In Person before Judge Trevor N. McFadden. Time under the Speedy Trial Act is tolled from 7/15/2021 to 9/7/2021, in the interest of justice. Bond Status of Defendant: committed/commitment issued. Defense Attorney: Cara K. Halverson; US Attorney: Mona Furst; Court Reporter: Liz Saint–Loth. (hmc) (Entered: 07/15/2021) |
| 08/14/2021 | 37 | | TRANSCRIPT OF PROCEEDINGS, in case as to BRANDON FELLOWS, before Judge Trevor N. McFadden, held on 7–15–2021. Page Numbers: 1 – 16. Date of Issuance: 8–14–2021. Court Reporter: Elizabeth SaintLoth, Telephone number: 202–354–3242. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court re porter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to |

| | | | |
|---|---|---|---|
| | | | redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/4/2021. Redacted Transcript Deadline set for 9/14/2021. Release of Transcript Restriction set for 11/12/2021.(Saint–Loth, Elizabeth) (Entered: 08/14/2021) |
| 08/19/2021 | 38 | | NOTICE *OF FILING DISCOVERY CORRESPONDENCE* by USA as to BRANDON FELLOWS (Attachments: # 1 Discovery Letter)(Furst, Mona) (Entered: 08/19/2021) |
| 08/26/2021 | 39 | | NOTICE *of United States' Memorandum Regarding Status of Discovery as of August 23, 2021* by USA as to BRANDON FELLOWS (Furst, Mona) (Entered: 08/26/2021) |
| 08/30/2021 | 40 | | NOTICE OF ATTORNEY APPEARANCE Thomas A. Gillice appearing for USA. (Gillice, Thomas) (Entered: 08/30/2021) |
| 09/02/2021 | 41 | | NOTICE *of Classified Filing* by USA as to BRANDON FELLOWS (Gillice, Thomas) (Entered: 09/02/2021) |
| 09/03/2021 | 42 | | MOTION to Continue *and*, MOTION to Exclude *Time Under the Speedy Trial Act* by USA as to BRANDON FELLOWS. (Furst, Mona) (Entered: 09/03/2021) |
| 09/03/2021 | | | MINUTE ORDER as to BRANDON FELLOWS (1), denying the Government's 42 Motion to Continue and denying as moot the 42 Motion to Exclude Time. The status conference on September 7, 2021, will proceed as scheduled. SO ORDERED. Signed by Judge Trevor N. McFadden on 9/3/2021. (lctnm1) (Entered: 09/03/2021) |
| 09/07/2021 | | | Minute Entry for proceedings held before Judge Trevor N. McFadden: Status Conference as to BRANDON FELLOWS held on 9/7/2021. Status Conference set for 9/20/2021 at 2:30 PM in Courtroom 2– In Person before Judge Trevor N. McFadden. A further Status Conference is set for 11/29/2021 at 10:00 AM in Courtroom 2– In Person before Judge Trevor N. McFadden. Time under the Speedy Trial Act is excluded from 9/7/2021 to 11/29/2021, in the interests of justice. Bond Status of Defendant: committed/commitment issued. Defense Attorney: Cara K. Halverson; US Attorneys: Mona Furst and Thomas A. Gillice; Court Reporter: Nancy Meyer. (hmc) (Entered: 09/07/2021) |
| 09/15/2021 | 43 | | TRANSCRIPT OF PROCEEDINGS in case as to BRANDON FELLOWS before Judge Trevor N. McFadden held on 09/07/2021. Page Numbers: 1–26. Date of Issuance: 09/09/2021. Stenographic Court Reporter: Nancy J. Meyer. Telephone Number: 202–354–3118. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased fro m the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. |

| | | | |
|---|---|---|---|
| | | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have 21 days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/6/2021. Redacted Transcript Deadline set for 10/16/2021. Release of Transcript Restriction set for 12/14/2021.(Meyer, Nancy) (Entered: 09/15/2021) |
| 09/16/2021 | 44 | | NOTICE *of United States' Memorandum Regarding Status of Discovery as of September 14, 2021* by USA as to BRANDON FELLOWS (Furst, Mona) (Entered: 09/16/2021) |
| 09/20/2021 | | | NOTICE OF HEARING as to BRANDON FELLOWS. The Status Conference currently set for 9/20/2021, is RESCHEDULED to 9/23/2021 at 2:30 PM in Courtroom 2– In Person before Judge Trevor N. McFadden. (hmc) Modified on 9/20/2021 to remove VTC verbiage (hmc). (Entered: 09/20/2021) |
| 09/23/2021 | 45 | | MOTION for Bond , MOTION for Hearing by BRANDON FELLOWS. (Halverson, Cara) (Entered: 09/23/2021) |
| 09/23/2021 | | | Minute Entry for proceedings held before Judge Trevor N. McFadden: Status Conference as to BRANDON FELLOWS held on 9/23/2021. The Court found that the defendant knowingly and voluntarily waived his right to counsel and permitted the defendant to represent himself. Attorney Cara Halverson appointed to continue as standby counsel. Government's response to Defendant's Motion for Bond due by 10/6/2021. Bond Hearing set for 10/12/2021 at 3:00 PM in Courtroom 2– In Person before Judge Trevor N. McFadden. Bond Status of Defendant: Committed/Commitment Issued. Defense Attorney: pro se, Cara K. Halverson (standby); US Attorneys: Louis Manzo (stand–in), telephonically: Mona Furst; Court Reporter: Sara Wick. (hmc) (Entered: 09/24/2021) |
| 09/29/2021 | 46 | | TRANSCRIPT OF DETENTION HEARING PROCEEDINGS in case as to BRANDON FELLOWS before Judge Trevor N. McFadden held on July 14, 2021; Page Numbers: 1–93. Date of Issuance: September 29, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public te rminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | | |
|---|---|---|---|
| | | | Redaction Request due 10/20/2021. Redacted Transcript Deadline set for 10/30/2021. Release of Transcript Restriction set for 12/28/2021.(wz) (Entered: 09/29/2021) |
| 10/06/2021 | 47 | | RESPONSE by USA as to BRANDON FELLOWS re 45 MOTION for Bond MOTION for Hearing (Attachments: # 1 Attachment A, # 2 Attachment B)(Furst, Mona) (Entered: 10/06/2021) |
| 10/08/2021 | 48 | | ORDER as to BRANDON FELLOWS (1) re 41 Notice of Classified Filing and granting the Government's *Ex Parte*, *In Camera*, Under Seal Motion for a Protective Order. Classified Memorandum Order delivered to the Government on October 7, 2021, via the Classified Information Security Officer. Signed by Judge Trevor N. McFadden on 10/7/21. (lctnm1) (Entered: 10/08/2021) |
| 10/12/2021 | | | Minute Entry for proceedings held before Judge Trevor N. McFadden: Bond Hearing as to BRANDON FELLOWS held on 10/12/2021. Defendant's 45 Motion for Bond, DENIED. Bond Status of Defendant: Committed/Commitment Issued. Defense Attorney: pro se, Cara K. Halverson (standby); US Attorney: Mona Furst; Court Reporter: Liz Saint–Loth. (hmc) (Entered: 10/12/2021) |
| 10/14/2021 | 50 | | Second MOTION for Bond *Hearing & Subpoena Requests*, MOTION for Release from Custody by BRANDON FELLOWS. (Halverson, Cara) (Entered: 10/14/2021) |
| 10/14/2021 | | | MINUTE ORDER granting 49 Sealed Motion for Leave to File Under Seal as to BRANDON FELLOWS (1). The Clerk shall place under seal Defendant's [49–1] Motion. SO ORDERED. Signed by Judge Trevor N. McFadden on 10/14/21. (lctnm2) Modified on 10/18/2021 to edit ECF number reference (hmc). (Entered: 10/14/2021) |
| 10/22/2021 | 52 | | NOTICE *of United States' Memorandum Regarding Status of Discovery as of October 21, 2021* by USA as to BRANDON FELLOWS (Furst, Mona) (Entered: 10/22/2021) |
| 11/04/2021 | 53 | | MOTION CONCERNING DEFENDANT'S REVIEW OF SENSITIVE AND HIGHLY SENSITIVE DISCOVERY MATERIALS by USA as to BRANDON FELLOWS. (Furst, Mona) (Entered: 11/04/2021) |
| 11/09/2021 | 54 | | NOTICE *of United States' Memorandum Regarding Status of Discovery as of November 5, 2021* by USA as to BRANDON FELLOWS (Furst, Mona) (Entered: 11/09/2021) |
| 11/09/2021 | 55 | | TRANSCRIPT OF PROCEEDINGS, in case as to BRANDON FELLOWS, before Judge Trevor N. McFadden, held on 10–12–2021. Page Numbers: 1 – 104. Date of Issuance: 11–09–2021. Court Reporter: Elizabeth SaintLoth, Telephone number: 202–354–3242. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. |

| | | | |
|---|---|---|---|
| | | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/30/2021. Redacted Transcript Deadline set for 12/10/2021. Release of Transcript Restriction set for 2/7/2022.(Saint−Loth, Elizabeth) (Entered: 11/09/2021) |
| 11/22/2021 | 56 | | MOTION to Admit Defendant's Detention Hearing Testimony at Trial by USA as to BRANDON FELLOWS. (Attachments: # 1 Attachment A, # 2 Attachment B, # 3 Attachment C)(Furst, Mona) (Entered: 11/22/2021) |
| 11/23/2021 | | | MINUTE ORDER as to BRANDON FELLOWS (1). The Court hereby ORDERS the Defendant to respond to the Government's 56 Motion to Admit by December 10, 2021. SO ORDERED. Signed by Judge Trevor N. McFadden on 11/23/21. (lctnm2) (Entered: 11/23/2021) |
| 11/23/2021 | | | Set/Reset Deadlines as to BRANDON FELLOWS: Response to Order of the Court due by 12/10/2021. (ztg) (Entered: 11/23/2021) |
| 11/29/2021 | | | Minute Entry for proceedings held before Judge Trevor N. McFadden: Status Conference as to BRANDON FELLOWS held on 11/29/2021. Defendant's 50 Second Motion for Bond Hearing & Subpoena Requests, Motion for Release from Custody, DENIED. Government's 53 Motion Concerning Defendant's Review of Sensitive and Highly Sensitive Discovery Materials, DENIED AS MOOT. Defendant signed the Protective Order in open court. A further Status Conference is set for 1/7/2022 at 10:30 AM in Courtroom 2− In Person before Judge Trevor N. McFadden. Time under the Speedy Trial Act is tolled from 11/29/2021 to 1/7/2022, in the interests of justice. Bond Status of Defendant: committed/commitment issued. Defense Attorney: pro se, Cara K. Halverson (standby); US Attorneys: Mona Furst and Emily Miller; Court Reporter: Sara Wick. (hmc) (Entered: 11/30/2021) |
| 11/30/2021 | 57 | | TRANSCRIPT OF STATUS CONFERENCE in case as to BRANDON FELLOWS before Judge Trevor N. McFadden held on 09/23/2021. Page Numbers: 1−14. Date of Issuance: 11/30/2021. Court Reporter: Sara Wick, telephone number 202−354−3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court repo rter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers |

| | | | |
|---|---|---|---|
| | | | specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/21/2021. Redacted Transcript Deadline set for 12/31/2021. Release of Transcript Restriction set for 2/28/2022.(Wick, Sara) (Entered: 11/30/2021) |
| 12/01/2021 | 58 | | NOTICE *of Filing* by BRANDON FELLOWS (Attachments: # 1 Pro se Motion – Access to Court Violation)(Halverson, Cara) (Entered: 12/01/2021) |
| 12/01/2021 | 59 | | NOTICE *of Filing* by BRANDON FELLOWS (Attachments: # 1 Defense Response ECF 47)(Halverson, Cara) (Attachment 1 replaced on 12/2/2021) (zltp). (Entered: 12/01/2021) |
| 12/01/2021 | 60 | | NOTICE *of Filing* by BRANDON FELLOWS (Attachments: # 1 Defense Response to ECF 53)(Halverson, Cara) (Entered: 12/01/2021) |
| 12/01/2021 | 61 | | NOTICE *of Filing* by BRANDON FELLOWS (Attachments: # 1 Defense Response to ECF 54)(Halverson, Cara) (Entered: 12/01/2021) |
| 12/01/2021 | 62 | | MOTION to Withdraw as Attorney *Standby* by Cara Halverson. by BRANDON FELLOWS. (Halverson, Cara) (Entered: 12/01/2021) |
| 12/08/2021 | 63 | | NOTICE OF APPEAL – Final Judgment by BRANDON FELLOWS Fee Status: No Fee Paid. Parties have been notified. (Halverson, Cara) (Entered: 12/08/2021) |

**Notice of Appeal Criminal**            **CO-290**
                                      **Rev. 3/88**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**       :

       **v.**                          :        **Cr. No. 21-83 (TNM)**

**BRANDON FELLOWS,**             :

          **Defendant.**            :

# NOTICE OF APPEAL

**Name and address of appellant:**        **Brandon Fellows**
                                             **Correctional Treatment Facility**
                                             **1901 E St., S.E.**
                                             **Washington, DC 20003**

**Name and address of appellant's attorney:**        **Brandon Fellows, Pro Se**
                                             **Correctional Treatment Facility**
                                             **1901 E St., S.E.**
                                             **Washington, DC 20003**

**Offense:**   **18 U.S.C. § 1512(c)(2) and (2) – Tampering with a witness, victim, or informant;**
              **18 U.S.C. § 1752(a)(1) and (a)(2) – Temporary residence of the President.**
              **40 U.S.C. § 5104(e)(2)(C) and (e)(2)(D) – Federal statutes, Other.**

**Concise statement of judgment or order, giving date, and any sentence:**

         **11/29/2021: Order denying second motion for bond hearing & Subpoena**
         **requests, motion for release from custody.**

**Name and institution where now confined, if not on bail:**    **Correctional Treatment Facility**

**I, the above named appellant, hereby appeal to the United States Court of Appeals
for the District of Columbia Circuit from the above-stated judgment.**

    **12/08/2021**                                    **Brandon Fellows**
        **DATE**                                        **APPELLANT**

**CJA, NO FEE**      **Yes**                        **Brandon Fellows, Pro Se**
**PAID USDC FEE**    **No**                     **ATTORNEY FOR APPELLANT**
**PAID USCA FEE**    **No**

**Does counsel wish to appear on appeal?**   __ Yes   _X_ No
**Has counsel ordered transcripts?**   ___ Yes   _X_ No
**Is this appeal pursuant to the 1984 Sentencing Reform Act?**   ___ Yes   _X_ No

```
MIME-Version:1.0
From:DCD_ECFNotice@dcd.uscourts.gov
To:DCD_ECFNotice@localhost.localdomain
Bcc:
--Case Participants: Mona Furst (geoffrey.gorup@usdoj.gov, mona.furst@usdoj.gov), Thomas
A. Gillice (caseview.ecf@usdoj.gov, thomas.gillice@usdoj.gov), Cara Kurtz Halverson
(cara_halverson@fd.org), Judge Trevor N. McFadden (christian_dibblee@dcd.uscourts.gov,
edward_ferguson@dcd.uscourts.gov, eric_green@dcd.uscourts.gov,
michelle_chaclan@dcd.uscourts.gov, tnm_dcdecf@dcd.uscourts.gov)
--Non Case Participants: Andrew Goudsward (agoudsward@alm.com), Michael Daniels
(mdaniels5757@gmail.com), Joshua A. Gerstein (jagalerts@yahoo.com), Jacqueline E. Thomsen
(jathomsen@alm.com), KATELYN POLANTZ (katelyn.polantz@cnn.com), Joseph R. Palazzolo
(capitol.riot.alerts@gmail.com), Michael A. Scarcella (mscarcella@alm.com), Matthew Lee
(innercitypress@gmail.com), Kyle Cheney (kcheney@politico.com), Zoe M. Tillman
(zoe.tillman@buzzfeed.com), Marcy Wheeler (emptywheel@gmail.com), AUSA Document Clerk
(adavis@usa.doj.gov, carolyn.carter-mckinley@usdoj.gov, usadc.criminaldocket@usdoj.gov,
usadc.ecfhov@usdoj.gov), AUSA Hearings Clerk (usadc.ecfprobhov@usdoj.gov), Pretrial
Notification (psadistrictcourtgroup@psa.gov), Probation Court Notices
(dcpdb_probation_court_notices@dcp.uscourts.gov)
--No Notice Sent:

Message-Id:7461849@dcd.uscourts.gov
Subject:Activity in Case 1:21-cr-00083-TNM USA v. FELLOWS Order on Motion for Bond
Content-Type: text/html
```

### U.S. District Court

### District of Columbia

## Notice of Electronic Filing

The following transaction was entered on 11/30/2021 at 10:38 AM EDT and filed on 11/29/2021

| | |
|---|---|
| **Case Name:** | USA v. FELLOWS |
| **Case Number:** | <u>1:21–cr–00083–TNM</u> |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Minute Entry for proceedings held before Judge Trevor N. McFadden: Status Conference as to BRANDON FELLOWS held on 11/29/2021. Defendant's [50] Second Motion for Bond Hearing & Subpoena Requests, Motion for Release from Custody, DENIED. Government's [53] Motion Concerning Defendant's Review of Sensitive and Highly Sensitive Discovery Materials, DENIED AS MOOT. Defendant signed the Protective Order in open court. A further Status Conference is set for 1/7/2022 at 10:30 AM in Courtroom 2– In Person before Judge Trevor N. McFadden. Time under the Speedy Trial Act is tolled from 11/29/2021 to 1/7/2022, in the interests of justice. Bond Status of Defendant: committed/commitment issued. Defense Attorney: pro se, Cara K. Halverson (standby); US Attorneys: Mona Furst and Emily Miller; Court Reporter: Sara Wick. (hmc)**

**1:21–cr–00083–TNM–1 Notice has been electronically mailed to:**

Thomas A. Gillice     thomas.gillice@usdoj.gov, CaseView.ECF@usdoj.gov

Cara Kurtz Halverson      cara_halverson@fd.org

Mona Furst      mona.furst@usdoj.gov, geoffrey.gorup@usdoj.gov

**1:21–cr–00083–TNM–1 Notice will be delivered by other means to::**

PAGE 1

In The United States District Court
For The District of Columbia

- - - - - - - - - - - - - - - - X

United States of America,

        V.

Fellows Brandon,

      Defendant,

- - - - - - - - - - - - - X

Defendant Fellows Motion For Subpoenas' For Government
              Witnesses And 2nd Evidentiary Hearing:

Defendant Brandon Fellows respectfully moves this Court to allow him another evidentiary hearing at
which, subpoened government witnesses will be present and testify.

Alternatively and/or additionally, if the Court will not grant both of these requests, defendant moves this
court to release him temporarily, with as little restrictions as possible, so he may gather additional
evidence/proffers of proof to support the requested motions.

Dated:

                                    Respectfully Submitted

                                    Brandon Fellows
                                    Brandon Fellows
                                    DC Correctional Treatment
                                          Facility
                                    1901 E. St. SE
                                    Washington DC 20003
                                    DCDC # 377943

17

IN THE COURT FOR

The District of Columbia

- - - - - - - - - - - - - - - X

United States of America

V.

Fellows Brandon,

   Defendant,

- - - - - - - - - - - - - X

## Motion For Subpoenas' For Government Witnesses AND a 2nd Evidentiary Hearing'.

Brandon Fellows (hereinafter "I", "myself","Fellows","defendant", "he", or "Brandon") moves to have Government witnesses subpoened to present testimony at an evidentiary hearing and for there to be an additional evidentiary hearing after a proffer of evidence is made at his first testimony, and/or before a proffer of evidence is made at his initial evidentiary hearing. Fellows more specifically moves this Court to:

1. Have a Seperately dated/scheduled evidentiary hearing (approximately 21-31 days) after the completion of testimony/proffer of evidence through testimony at the first evidentiary hearing. (Hopefully completed 10/12/21)

2. To Subpoena Mona Furst, Kendra Rennie, Prosecutor present at Magistrate hearing, Kendra Rennies Supervisor (the blonde one who previously testified), and the woman representing Pre-trial Services out of Washington D.C.

~~3. Allow 3-7 minutes for Z.S. Subpoena for all emails & text messages between Ms. Halkerson and I / surrender of,~~

3. Allow Examination times/Cross examination times of; 2-5 minutes for the woman from Pre-trial services, 5-10 minutes for Kendra Rennies Supervisor, 10-15 minutes for the Magistrate hearing prosecutor, 15-25 minutes for Kendra Rennie, and 15-25 minutes for Ms. Furst. For a total of 47 minutes to 1 hour and 20 minutes for the entire hearing.

4. Allow a temporary release of 7-14 days to prepare for/gather evidence for evidentiary hearing and overall case with as little restrictions as possible, and a direct order for both the defendant on his own to surrender in person to the D.C. Jail at the end of the alloted time and for the D.C. Jail to bring him back into CZB/not put me with general population effective upon re-arrival.

5. Be given immediate access to discovery (preferably in electronic form) to assist in proving my main objective in this motion, to show the above mentioned parties lied and or used very out of context truths both in/out of Court complaints and in Court hearings.

6. Be given all court transcripts that I have not already received to assist in evidence for the 2nd evidentiary hearing and potential use in the overall case. * including Evidentiary hearing & ASAP *

7. For court to take note, I am only seeking a total of 2 pre-trial evidentiary hearings.

<u>Preamble:</u>

* This "Preamble" is a similar ~~exact~~ replica of my previous motion (Access to Laptop etc.) until another (*) symbol presents itself. New "Preamble" information will follow after the next (*) symbol and One Skipped/empty line.

- In understanding Criminal Procedure Chapter 2 sub-section 2.03 under the title "The Role of "Truth" in the criminal Justice System" it states: Everyone agrees that truth- reliable trial outcomes, in which the guilty are convicted and the innocent are acquitted - is a critical role of any legitimate criminal Justice system. All else being equal, the criminal process should advance, rather than retard, the truth-seeking process. It later quotes Justice Blackstone when he said "It is far worse to convict an innocent man than to let 1 guilty man go free." He later said "The law holds that it is better that 10 guilty persons escape, than to have one innocent man suffer."

I am that "one innocent man, my story has never changed from the very second I left our Nations capitol. "It's really weird... the cops were on our side" (as seen on CNN the very second I voluntarily left the building). I now know that I was a victim of entrapment by estoppel, an affirmative defense. That defense has been soured by some in this case (like Chansley) who clearly (according to video evidence that gov. claims to exist showing an officer tell Chansley he can't continue on) could not actually claim such a defense. I am not on that same boat. I not only have pro of for my claims, but I can confidently and calmly say without seeing any of my discovery that the government will not ever find an officer ~~even~~ telling me to ~~leave~~ ¹leave. All my conversations with officers indicated I was breaking no laws and was welcome, I am an innocent person suffering.

I am and have been suffering at the hands of the prosecution and her agencies who clearly do not hold Justice Blackman's view of an "innocent-weighted" approach in law. Instead they have shown themselves to be strong supporters of Judge Poshners' view that "the prosecution is a hunter and the defendant is a fox who must survive the hunt." I've been shot at many times, and early on, I was hoping that these "mean hunters" would stop hunting me, leave me alone, and turn their attention to actual

dangerous predators. However they've set their eyes and their "hunting dogs CFBI/NSA" after me and personally I've grown tired of those hunting games and waiting for them to realize there's no reward in hunting me. Metaphorically speaking, I am a tiny fox facing against armed and trained hunters who lick their chops at my demise. I'm done waiting for the hunt to end, I'm now charging at the hunters full speed whether it be to my demise or not, and I plan to inflict some nasty and career changing bites. ✱

This is why I'm seeking this motion. By the time I hand in these motions, a proffer of evidence showing a questionable reliability of testimony and full context should have been made clear, warranted, I was able to finish parts 1-4 of my offered testimony. Allowing this motion in its' entirety will prove to be utterly destructive to the "tower of lies" the prosecution and her agencies have constructed regarding my risk of flight, my danger to society, my rule breaking, my character, and the full context of my time on pre trial services/detention. I will not be targeting the foundations the prosecution has constructed (my main charges), I will be saving that for trial. Though I will say if allowed in its' entirety, the collapse of this building will be so great, it will make all those watching, including this court, question the structural integrity of the foundation itself, afterall, it had the same "engineers" construct it.

# I. Introduction

1. These motions being passed in their entirety will help show who's telling the truth and who isn't. There's no other better or more productive way to show-case this other than through these motions. This is partly why I did not pursue my main pre-trial goal (bond reinstatement) first. If I am to be released I want it to be based on facts and the full context so I can have as little restrictions as possible, otherwise I'll be in the same boat I was prior to June 15th,

more unhappy than I am now in jail. This is also why I pursued first, an initial proffer of evidence through my first evidentiary hearing so these very "fact finding" motions would be accepted. Together all of these motions will prove and help all/help show all of the below mentioned arguements to be supportive of the truth, and show over-all, for them and me to be truthful. Passing these motions will show: I am not a flight risk/danger/can listen to courts orders; that I've never been a danger/flight risk. Who's been lying beyond a reasonable doubt; who's been truthful by a preponderance of the evidence/beyond a reasonable doubt; missing content regard pre trial allegations; I was a victim of the prosecutions lies and suffered greatly from them, at ever increasing rates; that I've been misunderstood; and that I should have never been locked up, let alone put on probation. Finally, it will help save in the long run; me time and money, the courts time and money, the jail time, and money, and help the witnesses who were intimidated by seeing what they saw happen to me from the prosecutions lies and were fearful to help.

# II. ARGUEMENTS

## PART ONE:

(1.0:) If the defendant has been lied about or suffered at the hand of a destructively negligent adverse party it should interest the court to pursue a "fact-finding" hearing. It is within the courts/ the Judicial officers discretion to do this without a proffer of evidence. However, so long as the initial evidentiary hearing was fully allowed to be conducted and Parts 1-4 were finished, than there are many strong proffers of proof, that the court now has.

(2.0:) Being as vague as possible (in the event initial evidentiary hearing did not commence/fully finish) the court now can see why I did not/ could not speak out before. Now I can, and I think it's only fair to give me a chance to prove myself and the truth.

(3.0:) As of the 16th of October I will have endured 4 months in jail, and worse, 5 months inside an apartment that was not mine/residence that was not my own with someone who viewed me as the news and prosecutor viewed me. A total of 9 months

21

under heavy and full restrictions of freedom all for an alleged non-violent group of charges that will not hold against my evidence at trial. 6,480 hours as of 10/16/21 under some form of restrictions due to the lies of the prosecution. As noted in the 3rd request of my motion on page 2, I am seeking a range of 47 minutes to an hour and 20 minutes in total to show not only were the 6,480 other hours unwarranted, but that being detained any longer under harsh conditions is both undeserving and not in line with logical justice.

(4.0') Subpoena for Mama Furst: "The leader of the pack", she's been the one to say and accuse the most. I seek her testimony to force her either to concede to her lies/extreme negligence, or be caught in them.

(5.0') Subpoena for Ms. Kendra Rennie: The most hands on and the initial "tele-phoner" of the lies and or out of content situations that the prosecution used to show the court I don't listen, and towards the ends that I'm a danger. I seek her testimony to force her to either concede to her lies/extreme negligence, or be caught in them.

(6.0') Subpoena the first prosecutor: The one who began building the foundation for the "tower of lies" that stands before this court and continued to build upon that foundation at her second appearance at a later hearing. I seek her testimony to force her to either concede to her lies/extreme negligence, or be caught in them.

(7.0') Subpoena for Kendra's supervisor: The woman who dealt with me personally the second most, heard some of my complaints, pushed my supposed dangerousness to the court, and suprisingly/confusingingly pushed that I was seriously harrasing her/ "grasping for straws". I seek her testimony to force her to either concede to her lies/extreme negligence, or be caught in them.

(8.0') Subpoena for lady from D.C. Pre-trial services: Though she never said much I do without a transcript recall 1 lie she said. A transcript would help me see if she said any other lies. Regardless, that lie did not help. I seek her testimony for her to concede to the truth or be corrected.

(9.0') Missing content: Aside from out-right lies, some claims/complaints are

PAGE 7

missing much needed context. These motions being granted will bring that context into light and help either do away with or offer much needed (and missing) explanations for the governments claims/complaints that still stand. This missing context along with disproving the lies spoken of mine will help me to not be misunderstood by this court/help the court to understand me.

[9.0.] Understanding Some responces: After considering Arguements [2, 3, and 9] and after Arguements 4.0-8.0 have been completed this court will have a better understanding to why I responded to some situations in angry ways. However, the court will see despite increasing pressures and abuse like a "battered wife in training" I not only kept returning back, but learned to be silent and be more accepting of my abuse. I've dealt with abusive women many years, it's just has been a while, it took some getting use to.

[10.] Results: All of these motions and situations will show the entire full context truth to which this court will find I am not a flight risk, a danger, can learn to follow rules and have never been a danger or a flight risk. It is my expectation as a result I expect at the very least to be released with the court being satisfied in the likelihood of my continued future appearences, and safe in the knowledge that I'm not a danger.

[2.0.] Results of "11.0": Some of my witnesses to both pre-trial detention allegations and plans leading up to Jan 6th see what our government and cancel culture is doing to me despite knowing the truth of the situation. They worry this selective prosecution and pubic persecution will only get worse. After seeing Attorney General Garland focus his efforts on "dangerous soccer moms" attacking/being verbally out spoken about the racist "critical race theory" being taught in schools and this very "anti-white people" jail I'm inclined to agree and understand their fears and concerns. Garlands' son in law has a company that benifits off of critical race theory, like in this case, the corruption is real and dangerous. If I can show that the grip of the corrupt "swampy" DOJ is not as highly favored by both the truth and the laws protecting the innocent then my chances of getting them to speak up increase. They are too afraid to

Speak up, I need to present the truth.

## PART TWO: RESULTS/Benifits of Arguements 1.0 - 12.0

(3.0) Time Saving: Prosecution: With their lies and very out of Context truths exposed, the prosecution if fast learners will realize they no longer will be able to create fictional stories and out of Context situations. They if fast learners will realize this behavior will no longer be presented without being attacked as it should have been but wasn't before due to my Counsel. Ask any author of fictional stories, like James Patterson they will tell you it takes time to create these stories. Though I want to be careful not to relate a best-selling author like James Patterson to the likes of the prosecution, because it would seem some of the fictional stories the prosecution created were authored by a 5 year old. Regardless, creating fictional stories takes time, as a result of being called out, I expect they will waste less time making up stories.

(4.0) Time Saving: Stand-By Counsel: With this information out, I expect a soon to follow bond reinstatement hearing will go well for me. This will save Standby counsels time in needing/ trying to contact me, print me motions/case law, answer questions I have, etc.

(5.0) Time Saving: Defendant: With this information out, I expect a soon to follow bond reinstatement hearing will go well for me. This will allow me ~~sta~~ at an accelerated rate of speed to prepare my defense and coming offense against the prosecution. The sooner I leave jail, the faster I Can begin to fix the damages in my life that the prosecution has Caused me.

(6.0) Time Saving: The Courts: Assuming I'm released shortly after this information is out, this Court will waste less time having to read motions seeking for bond reinstatement hearings and access to Court violations against the D.C. Jail. There will/should also be less potential for time wasted in the future by the prosecution due to a deterrence of admitting false testimony and out of Context stories as evidence. Finally, to the time saving benifits of all the Courts, with less complaints their will be less substance to be discussed in civil/future litigations.

(7.0) ~~Time~~ Saving: ~~xxx~~ Jail: Assuming I'm released shortly after this information is

24



out the jail will save time in not having to deal with me / house me or have to pay lawyers as much in future litigations/civil suits.

(18.0:) Money Saving: Jail: ~~See~~ See Arguement "17.0", also time is money

(19.0:) Money Saving: Standby Counsel: see Arguement "14.0", also time is money

(20.0:) Money Saving: Prosecution: See Arguement "13.0", also time is money

(21.0:) Money Saving: Defendant: See Arguement "15.0", also time is money

(22.0:) Money Saving: The Courts: See Arguement "16.0", also time is money

(23.0:) Money Saving: The taxpayer: See Arguements "18-22.0", Additionally, it would benifit justice to deter such abuse and misconduct to help prevent wrongful imprisonment and wasteful /damaging/ frivelous litigations.

## PART 3: Additional / Final arguements

(1:) The parties /individuals I am seeking subpoenas /appearance for ~~the~~ ~~~~ were already and voluntarily present. They already willingly testified, however, due to my counsel, they were not as I requested cross examined / challenged. I would like to cross examine them.

(2:) It is up to the discretion of the judicial officer to grant /order the appearence of adverse witnesses without a proffer of evidence. This is not even addressing the fact that in my case these people have already willingly appeared. ~~~~ I'm not seeking to call anyone who hasn't already presented evidence/ testied in court already.

(3:) Despite Arguements Part 3 [# 1 & 2], a list of expected findings and favorable evidence ( to the defendant) OR in other words a proffer is ready and available. It briefly describes what information will be presented by each party and what will support or can support those findings at a later time. If despite argnoments 1 and ~~~~ 2 of part 3 are for some reason insufficient for this court and the court would like to view this proffer, I'd request to submit it ex-parte and sealed until after the completion of the 2nd evidentiary hearing with the witnesses. I do not want stand-by counsel to view it either.

4.) This Court upon my revocation of bond shared a concern of me being detained for a long time while waiting for discovery (I still haven't received). I know once the courts sees the facts and missing content as a result of these motions being passed its larger concern will be both how I was incarcerated (misconduct) and whether the prosecution can be relied upon.

# III. CASE LAW And COMMENTS

1.0) In Understanding Evidence Sub-Section 36.04, "Right To Cross-Examination", it states "Every party has the right to cross examine witnesses called by other parties or by the Court. Wigmore wrote that cross-examination "is beyond any doubt the greatest legal engine ever invented for the discovery of truth.""

Comments: If the ultimate goal of a legitimate Criminal Justice System is to advance rather than retard the truth/truth seeking process (which according to Understanding Criminal Procedure Chapter 2 it is) and, cross examination is the greatest legal engine ever created for the discovery of truth, then to deny or inhibit these motions would be one of, if not the biggest obstructions to the truth in this case. If that happens, I think the objective person could conclude that the Court that denied such motions did not operate as a legitimate Criminal Justice System. Any party who seeks to deny such motions would be seen in a similar light and cause the objective thinker to ask "Why are they afraid of the truth/cross-examination? Are they afraid their stories won't stand when challenged?"

2.0) ~~In criminal cases, this right is guarenteed by the constitution, a federal conviction~~

2.0) In criminal cases, this right is guarenteed by the right of Confrontation. As the Supreme Court noted "our cases construing the Confrontation Clause

26

hold that a primary interest secured by it is the right of cross-examination."

(3.0) Since the right to cross examination is guaranteed by the Constitution, a federal conviction will be reversed if the cross examination of government witnesses has been unreasonably limited. The critical issue is what is a collateral matter. The distinction turns on whether issue relates only to the witnesses credibility or to the matters testared to or on direct examination.

(Comments:) From this reading it would seem though the matters are mostly based upon pre-trial detention matters, this still could be grounds for a reversal if denied. These issues could be used against me both by a jury and by a judge. Perhaps this overall conviction reversal as a result of this denial to cross examine has the potential to reverse a detainment order? Either way, these motions must be passed to show the truth and to show the opposing parties knew of it and decided to ignore it.

Finally, the issues I wish to raise are to the matters that were directly testified, which as a result, may raise/should raise questions about their credibility.

(4.0) U.S. V. Alexius, 76 F.3d 642,646 (5th Cir. 1996); Found a 6th Amendment violation when the district court refused to allow defendant to cross examine a witness on subject of pending federal and state drug charges, even though witness testified, outside the presence of a jury that he had received no promise of leniency from the government and no specific hope for leniency).

(Comments:) This was for a refusal on just on subject of cross examination being denied, how much more subject matter will be a 6th Amendment violation on many subjects from various witnesses? I do not wish to escape conviction by a loop-hole, I want to escape conviction by presenting the truth, many defendants fear the truth of their case coming to light, I am not afraid of it, it will stand.

(5.0) The Bail Reform Act of 1984 provides that a defendant shall be afforded an opportunity to testify, present witnesses, cross-examine appearing witnesses, and present information by proffer or otherwise at a pretrial detention hearing. 18 U.S.C. § 3142 (f)(2).

27

(Comments:) I'm not calling / requesting the appearance of anyone who has not already voluntarily testified in this court. I consistently begged my court appointed counsel to cross-examine these people on many provable issues and she denied me the ability to do this but said she would at a later time, but then changed her mind to my detriment. This is the leading reason I ~~could~~ pursued to self represent myself, so I could focus on pursuing the truth and actually pursuing to destroy this case unlike my previous counsels plan which was "wait for a good plea deal" which I shared I was opposed to because I was/am innocent.

(6.0:) In the event the court sees this as new request for appearance / disregards the previous reasons and instead demand I make a proffer before having these motions granted I'd like to cite United States v. Gaviria, 828 F.2d 667,670 (11th Cir. 1987). In that case, the court held that the defendant does not need to make a proffer before ~~and~~ hand. The court held "the judicial officer presiding at the detention hearing is rested with the discretion whether to allow defence counsel to call an adverse witness with or without an initial proffer of the expected benifit of the witnesses testimony." Again, this was dealing with witnesses who had not already testified. I'd argue given this information, the court should have a stronger reason to not require a proffer because I am merely seeking to cross examine testimony already given that I was not able to cross examine due to reasons explained in case law "5.0".

(7.0:) ~~If despite all of this a new more attempt with~~
In United States v. Edwards (D.C. 1981) the court found D.C. Code provided a defendant with "only a conditional right to call adverse witnesses." Id at 1334. It concluded that before permitting a defendant to subpoena an adverse witness, a trial court "may require" a proffer "regarding the manner in which that witness testimony will tend to negate substantial probability that the accused committed the charged offence." Id at 1338.

(Comments:) If case law "1-6.0" is ignored and "7.0" is favored I'd argue the witnesses were already present and testified unlike in Edwards. However if a proffer is still requested I have them available. I as previously ~~said to~~ mentioned and more descriptively argued ask to submit the proffers sealed and exparte the court so the prosecution is not aware of what evidence I have or what topics/testimony I will be attaching. After the completion of cross-examination I would not care if my proffer to the court was then made available as its purpose will have been fulfilled.

(8.0:) In United States vs. Windsor, 785 F.2d 755, 756 (9th cir. 1986) after the government proceeded by proffer at the detention hearing the defendant argued he should be permitted to examine the government witnesses who were involved in the investigation and his arrest "to demonstrate that he was arrested without probable cause." The 9th circuit court found they were not required to allow him to do so without first making a showing "that the governments' proffered information was incorrect." Id at 757.

(Comments:) Again ⊗ in this case, the defendant was seeking to call adverse witnesses who had not already testified against him ⊗ Assuming the court allows the 1st evidentiary hearing and the testimony offered therein to be completed in full this court will have many strong proffers. Additionally, as previously noted, there are additional proffers available to give the court ex-parte.

(9.0:) In United States v. Acetturo, 783, F.2d 382, 388-89 (3rd cir. 1986), found the trial court did not err by refusing to compel the appearance of a witness upon whom the government had relied in creating the documentary evidence it had submitted at the detention hearing. The court found there was "no reason to believe" that the witness "would give evidence favorable to the defendants or would retract information harmful to them." Id at 388. The court acknowledged the difficulty faced by defendants seeking to discredit government evidence.

PAGE 14

(Comments:) Again, in this case, the defence sought to bring witnesses who had not already testified/appeared in court, unlike in my case. Unlike in ACCETTURO, this court upon full completion of testimony offered at my first evidentiary hearing, ~~████~~ will have reason to believe that the witness's would be forced to concede to testimony favorable to myself, or be at odds with the opposing mountain of evidence against their initial testimonies. Again, and additionally, there can be additional proffers if so required. As even more credit for why this should be allowed (my motions), in ACCETTURO the court recognized getting this evidence to discredit the government is often difficult to obtain. ~~████~~ The evidence has been obtained and ready for use for months, growing by the week at times. The government is probably use to people who don't due to PTSD reasons (past abuse from others, bussiness dealings and vindictive prosecutions/harrassment) record situations and phone calls for their own protection. They have not only messed up numerous times, but in astronomical ways, and what's worse, they knew the truth and full context and still went through with their games. The truth is ready to utterly destroy them.

(10.0:) In ~~████~~ United States V. Cabera-Ortigoza, 196 F.R.D. 571, 575 (S.D.Cal. 2000), the district court stated that "absent something credible to challenge the reliability or the correctness of the governments proffer the court need not compel live witnesses to testify."

(Comments:) See previous case law comments.

(11.0:) In United States V. Sanchez, 457 F. Supp. 2d 90, 93 (D. Mass, 2006), the district court stated a defendant "must give the court some basis for believing" an adverse witness the defendant wishes to subpoena will "produce testimony favorable to (him) that there is some reason to question the reliability of hearsay evidence proffered by the government." The court concluded the defendant had not done so and that his apperent purpose in subpoening a government witness was simply to use the pre-trial

hearing as a discovery tool. Id at 93-94.

(Comments): See previous case law comments. Additionally, unlike In "Sanchez, I am not merely attaching hearsay evidence, but direct testimony already given in court. Additionally, I personally would (as seen in my motion) like the discovery already due to be in my possession but I do not seek to gain any valuable / any discovery regarding my actual case. Instead I am seeking to attach the testimony and stories shared via testimony with this court that lead to my ever increasing restrictions, and eventual incarceration. Though overall I am happy I was incarcerated and benifitted in many ways both recently and expect to benifit in the future from my incarceration it does not make it acceptable or right. I am seeking these motions to show I am not a danger, a flight risk, and can listen to orders even if they are unjustified and abusive. I'll save destroying the narrative for this case at trial.

# IV. CONCLUSION:

Wherefore, for the forgoing reasons, and any / all others which may appear in my reply brief ( hoping that won't be needed), and at a full in-person hearing on this matter, and any others this court deems just and proper. I respectfully request for this motion be granted / enforced in it's entirety. I ask the court if it disagrees with any paticular part of this motion for it not to automatically deny the entire motion, but rather alter it (preferably only after debate / negotiations in the actual court room) and grant all other aspects of the motion.

Furthermore, if that request is denied, I request as an alternative, that I be released with as little restrictions as possible, though, I'd prefer to pursue this after the full completion of the second evidentiary hearing / and or the / a

PAGE 16

bond reinstatement hearing after that as I believe it would result in the
court seeing no restrictions are needed to assure public safety and my
appearance.


Dated: 10/10/2021


                              Brandon Fellows
                              Brandon Fellows
                              DC Correctional Treatment Facility
                              (90) E. St. SE
                              Washington DC 20003
                              DCDC #377943