UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.                                                            )<br>)<br>BRANDON FELLOWS,                      )<br>)<br>)<br>           Defendant            )<br>) | Case No. 21-cr-00083-TNM |

**DEFENDANT'S MOTION FOR RECONSIDEATION OF DETENTION ORDER**

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

## Introduction

On July 15, 2022, this Court revoked its earlier Order granting Defendant Fellows release on terms and conditions of pretrial release. This Court found that the following reasons justified its conclusion that detention of Defendant Fellows was necessary pursuant to 18 USC 3148:

a. A pattern of failing to call in for drug testing due to his making such calls on a timely basis at a rate of only 55%;

b. Instances of being late for curfew (April 8 and May 21); and

c. Failure to submit to a Court-ordered mental health evaluation.

The combination of these three problems led the Court to conclude that it could not have confidence that Defendant Fellows would comply with any terms and conditions of pretrial release the Court might impose, and left the Court with no other option under the circumstances other than to detain the Defendant pending trial.

By this motion Defendant Fellows does not challenge this Court's prior determination but seeks to bring to the attention of this Court new information, as well as an effort to clarify certain information proffered by the Government during prior bond revocation hearings in an effort to ensure there are no lingering misimpressions.

Defendant Fellows requests that in consideration of this new information the Court revisit the previously imposed Detention Order, and once again grant Defendant Fellows terms and conditions of release pending trial.

## Relevant Procedural Background

On January 15, 2021, Mr. Fellows was charged via criminal complaint with the misdemeanors violations of 18 U.S.C. § 1752(a) ("Knowingly Entering or Remaining in Any Restricted Building or Grounds Without Lawful Authority"), and 40 U.S.C. §. 5104(e)(2) ("Violent Entry or Disorderly Conduct). He was released, subject to home detention and electronic monitoring. *See* ECF No. 5 at 21.

On February 3, 2021, Defendant Fellows made an initial appearance in the U.S. District Court for the District of Columbia. At that hearing the Government did not seek to detain Defendant Fellows either on the basis that he was a danger to the community or a flight risk. *See* Minute Entry, Feb. 3, 2021. The Court released Mr. Fellows subject to specified terms and conditions. *See* ECF No. 9 at 2.

On February 5, 2021, a federal grand jury indicted Mr. Fellows on four (4) misdemeanors and a felony violation under 18 U.S.C. § 1512(d)(2) for "Obstruction of an Official Proceeding." *See* ECF No. 7.

On May 5, 2021, Pretrial Services filed a report with this Court alleging violations by Defendant Fellows of the terms and conditions of his release, and requested that he be removed from supervision due to his interactions with representatives of that office. *See* ECF No. 23. Shortly thereafter, the Government moved to revoke his Pretrial Release. *See* ECF No. 24.

On May 6, 2021, this Court held a status hearing during which it considered the motion to revoke. The Court opted to admonish Mr. Fellows for his conduct, and modified his terms and conditions of release by imposing home detention. *See* Minute Entry (May 6, 2021).

On May 25, 2021, Pretrial Services sent an email to Defendant Fellows' prior counsel and the Government, attaching a document entitled "Consent to Modify Conditions of Release." *See* ECF No. 26-1 at 4. The document proposed two additional conditions beyond those imposed by the Court on May 6 -- that that Mr. Fellows participate in mental health treatment, and that he, "conduct [himself] in a respectful manner, free of expletives or foul language, when communicating with members of the United States District Court and United States Probation Office." *Id.* Pretrial Services requested that prior counsel sign the consent form and return it.

Without taking further action or providing notice to prior counsel, on May 26, 2021 – the very next day -- Pretrial Services submitted a report asking again for Mr. Fellows be removed from supervision. *See* ECF No. 26. The Government, relying on this new report again filed a motion to revoke Mr. Fellows' release. *See* ECF No. 27.

On June 14, 2021, a third motion to revoke was filed by the Government, with a hearing taking place on the pending motions on July 14 and 15 2021. At the conclusion of those proceedings, this Court ordered Mr. Fellows detained pending trial.

After several months of representing himself, during which time he filed a litany of germane and non-germane motions in this matter, Defendant Fellows retained the undersigned counsel. After consulting with counsel, Mr. Fellows agreed to a previously ordered mental evaluation, leading this Court to order that such an evaluation be performed by the Bureau of Prisons. The

evaluation was completed and Fellows is currently housed at the NNRJ in Virginia.

## Legal Standard

I.    <u>Bail Reform Act</u>

To determine if pretrial detention is appropriate, courts consider four statutory factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g); *United States v. Munchel*, 991 F.3d 1273, 1279-80 (D.C. Cir. 2021).

Mr. Fellows acknowledges that the standard for reconsideration of a detention order already imposed is different than that made in the first instance. To obtain reconsideration a defendant must provide to the Court new information that warrants review and consideration with regard to whether there has been a change in facts and circumstances such that release is now warranted. Detention "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C Sec. 3142(f).

A.  <u>The Nature and Circumstances of the Offense Charged</u>

Defendant Fellows is not charged with a crime of violence—in fact Defendant Fellows is only charged with one felony -- a violation of 18 U.S.C. §§ 1512(d)(2) and 2, Obstruction of an Official Proceeding and Aiding and Abetting.

Ordinarily, the nature and circumstances of the offenses charged is more probative with regard to the question of "danger to the community." But Defendant Fellows was not detained by this Court as a "danger to the community."

Given that Defendant Fellows has no criminal history, and is not charged here with a crime of violence, any such concerns in this regard are certainly no more than *de minimis*.

### B. Weight of the Evidence

Based on the discovery provided to date, the Government seems to be facing a circumstance where it lacks any substantive evidence that Defendant Fellows traveled to Washington DC on January 6, 2021, with the intent to interfere with a congressional proceeding. There is scant evidence that Defendant Fellows was even aware that Congress was meeting on that day for the purpose of carrying out its function under the Twelfth Amendment to the Constitution or the Electoral Vote Act, 3 U.S.C. § 15.

### C. History and Characteristics of the Defendant





D. Nature and Seriousness of Risk Posed By Release

During the proceedings held on July 15, 2021, this Court stated there was no belief that Defendant Fellow posed as a threat to the community.

II. Corrections to the Record of Prior Detention Review Hearings.

Defendant Fellows has directed the undersigned counsel to make certain representations on his behalf for the purpose of correcting or adding to the record created at prior bail review hearings based on proffers of information made by the Government that he considers to be incomplete.

When Defendant Fellows previously attempted to reopen the matter of his detention while representing himself, the Government claimed that he was revoked for failing to attend the "mental health evaluation and to comply with all treatment recommendations." Further that he had engaged in pattern of conduct – culminating in his intimidation and continued harassment of the USPO officer – which made it clear there were no conditions or combinations of conditions that Defendant would follow if released. *See* ECF No.37, at 8-9.

Defendant Fellow's now addresses these allegations as follows:

1. Prior Violations

This Court's decision to revoke Defendant's release was due, in part, to his low percentage of call-ins as required by Pretrial Services – 55% leading as of the date of the first hearing on May 6, 2021.

However, what was not noted for the Court at the time of the July hearing was that following the May hearing when his non-compliance was first raised, Defendant Fellows had called-in as required each time – 100% compliance from May to July.

Next, the Government was imprecise in its description of Defendant Fellows' failure to undergo a mental health evaluation. The Government mistakenly claimed that Defendant Fellows cancelled the evaluation when, in fact, he contacted the medical facility on the morning of June 14, 2021, only to reschedule the evaluation. He woke up feeling ill the morning of the evaluation, and the facility informed him there was an opening the following week. Defendant Fellows only request was to reschedule his evaluation for that opening.

Finally, the Government reported the telephone call Defendant Fellows placed to his probation officer's mother. Again, however, the Government refused to consider other non-nefarious reasons that might have been behind the call, which the Court acknowledged with the following comment:

"And I think that the phone call, too, is certainly—one could imagine innocent motives or explanation for it."

Defendant Fellows obtained the telephone number of his Probation Officer's mother by doing nothing more than running a simple internet search of his Probation Officer's name, which produced two numbers with the same area code. During the call, Defendant Fellows simply inquired about whether he could speak to his Probation Officer. No threatening comments were alleged to have been made. When he was told the message would be passed along to her, Defendant Fellows stated he would try to reach her at the other number. Defendant Fellows then called the second number listed and made contact with his Probation Officer.





3. <u>Release Plan</u>

At the time of Defendant Fellows was detained he had been residing in a recreational vehicle owned by him.  The vehicle was located in Schenectady New York, and this was his regular residence.

Undersigned counsel is currently attempting to firm-up an opportunity for Defendant Fellows to reside in Nashville, Tennessee, with a third-party custodian who may have employment to offer him as well as a place to live.  Once those plans are established, information will be provided to Pretrial Services for evaluation and a recommendation to this Court.

In the event that the Nashville option does not come to fruition, the Defendant would request that he be allowed to return to living in his recreational vehicle which is still located in Schenectady, New York.  Defendant Fellows has historically used that vehicle as his personal residence.

Undersigned counsel will maintain close contact – daily if necessary – to ensure Defendant Fellows remains in compliance with his terms and conditions of release through the resolution of this matter.

Dated: October 11, 2022                    Respectfully submitted,

                                           /s/ William L. Shipley
                                           William L. Shipley, Jr., Esq.

PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*