UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-CR-83 (TJM) |
| v. : | |
| : | |
| BRANDON FELLOWS, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
RECONSIDERATION OF DETENTION ORDER (Doc. No. 95)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits Defendant, Brandon Fellows, has failed to proffer any information which exists "that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Title 18, U.S.C. §3142(f). For the reasons set forth below, the government requests that the Court deny the Defendant's motion.

**BACKGROUND**

The defendant was charged by Complaint on January 15, 2021, with violating Title 18, U.S.C. § 1752(a) (knowingly entering or remaining in any restricted building or grounds without lawful authority) and Title 40, § 5104(e)(2) (violent entry or disorderly conduct), misdemeanors related to his presence and actions during the January 6, 2021 riot at the Capitol Building (ECF Doc. 1, Complaint). Defendant was arrested on January 16, 2021, in Albany, New York (Doc. 8 at 1, Returned Arrest Warrant). On January 16, 2021, defendant had a first appearance, and was released on bond in the Northern District of New York (Id. at 23, Order to Release; 25-26, Minute Entry). The Magistrate Judge set another hearing in order to first review a Pretrial

Services report to decide if the defendant was a flight risk[1] under Title18, U.S.C. § 3142(f)(2(A) (Id. at 23, Order to Release; 25-26, Minute Entry).  The Court decided to release the defendant but ordered certain conditions including home detention and electronic monitoring (Id. at 21, Conditions of Release).

On February 3, 2021, the defendant appeared before Magistrate Judge Robin M. Meriweather via video and was placed on GPS monitoring and a curfew of 9:00 p.m. to 6:00 a.m. (Doc. 9 at 2, Order Setting Conditions of Release).  Magistrate Judge Meriweather further ordered that the defendant actively seek or maintain employment and report any contact with law enforcement (Id.).

On February 5, 2021, the grand jury indicted the defendant on the four misdemeanors and added a felony violation under Title 18, U.S.C. §§ 1512(c)(2) and 2 for Obstruction of an Official Proceeding and Aiding and Abetting the same (ECF Doc. 6).

In support of its recommendation in the June 14, 2021 violation report, pretrial services relayed that defendant had a mental evaluation appointment for 11:00 am today (June 14, 2021), but called the agency and cancelled because he was not feeling well. When the USPO officer talked with him he asked to be able to work, despite "not feeling great."  He was told no, then asked the USPO officer "have you checked your hormones."  He was called again, directed to report to the US Probation officer by the supervisory USPO at 3:45 June 14, 2021.

Shortly after that last call, the USPO officer learned that a man had called the USPO's mother, who lives in another state, and the man was asking for the USPO and asked twice if that was the correct number for the USPO, using the full name of the officer.  The mother offered to

---

[1] According to the agents and reports in this case, the defendant had told the FBI he would self-surrender but failed to do so causing law enforcement to search for him by obtaining legal process for real time location information.

pass a message to the USPO, and the caller said he would just contact the USPO on their "other numbers". Caller ID identified the caller's number as the same number used by Defendant to contact US Probation for official business.

Lastly, USPO indicated a prior instance when Defendant was allegedly harassing a former girlfriend. Ultimately Defendant was found to be in violation of an Order of Protection. When the clerk of the court tried to call Defendant at the number he had listed as his contact on official court records, the number was forwarded to the Judge's wife's office.

The Court held a hearing on the Petition for Warrant and to revoke bond on July 14-15, 2021. After a hearing over two days during which witnesses testified the Court revoked the Defendant's release (ECF Doc. 37, Trans. of 7-15-21 Hrg. at 6, 8-9).

## ARGUMENT AND LAW

The applicable statute, 18 U.S.C. § 3142 (f), states a detention hearing may be reopened:

> at any time before trial if the judicial officer finds that information exists that was **not known to the movant at the time of the hearing** and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. (Emphasis added.)

Defendant's motion appears to rely on the Defendant's recent mental health evaluation as the information which was not known to the movant at the time of the previous detention hearing (ECF Doc. 95 at 9 - 10). The Defendant's motion is devoid of any other new information for the Court to consider.

In arguing for a reconsideration of bond, the defendant relies on the recently completely mental health evaluation. The Defendant argues:

> [T]he findings set forth in the report shed light on the difficulties Defendant Fellows faces with regard to strictly complying with terms and conditions of release under the circumstances. His behavior is not intended to be contemptuous of the Court's orders or authority. His behavior is consistent with

> a life-long pattern of behavior that seems *beyond his ability to control by his own volition.*

(Doc. 95 at 10)(Emphasis added).

The Defendant argues that the mental health evaluation explains why the Defendant continued to violate conditions of his release. In the motion, it is even acknowledged that the Defendant's behavior is beyond his control. The Defendant's motion is actually an admission that if the defendant is released, he will not abide by conditions of his release as such conditions would be "beyond his ability to control." (Id.)

The information which the Defendant relies upon in order to reopen the issue of detention is not sufficient to satisfy the requirements of 18 U.S.C. § 3142(f) for two reasons. First, the information was not "unknown" in any meaningful respect; the mental health evaluation simply purports to explain the Defendant's past actions. Second, and relatedly, the information has no material bearing on the detention analysis. If anything, the information strengthens the case for detention. It is analogous to a defendant who violates conditions of release by continuously using drugs and alcohol and then requesting a new detention hearing by stating they are in fact an addict without some sort of treatment plan. It would be highly unusual for a court to release a defendant who said that in fact he had been violating the conditions of release by using drugs or alcohol and that if released he would continue to use drugs and alcohol because he is an addict. Here, the Defendant is arguing that he is unable to follow the conditions of release because of his mental state. The Defendant has not offered any plan or treatment in order to deal with his underlying mental health. He has merely admitted to the Court that he will violate conditions of release as he has done in the past.

The remainder of the Defendant's motion is all information that has been known and considered by this Court in the past.

## CONCLUSION

This Defendant has repeatedly shown contempt for the legal system. The mental health evaluation has done nothing more than reaffirm that the defendant will continue to show contempt for the legal system and fail to abide by conditions of release if he were to again be granted release.

He is entitled to neither a reopening of the detention hearing nor to release from custody. The Government requests the Court deny defendant's motion.

*s/ Zachary Phillips*
Assistant United States Attorney
CO Bar No. 31251
Capitol Riot Detail
United States Attorney's Office, Detailee
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: (729) 281-1611
Zachary.phillips@usdoj.gov

## CERTIFICATE OF SERVICE

On this 25th day of October, 2022 a copy of the foregoing was served upon all parties listed on the Electronic Case Filing (ECF) System.

s/ *Zachary Phillips*
Assistant United States Attorney
CO Bar No. 31251
Capitol Riot Detail
United States Attorney's Office, Detailee
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: (729) 281-1611
Zachary.phillips@usdoj.gov
