UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **v.** ) | Case No. 21-cr-00083-TNM |
| ) | |
| **BRANDON FELLOWS,** ) | |
| ) | |
| ) | |
| **Defendant** ) | |
| ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S RECONSIDEATION OF DETENTION ORDER**

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

Defendant, Brandon Fellows, by and through his undersigned counsel of record, William L. Shipley, submits the following Memorandum in Reply to the Government's Opposition to Defendant's Motion for Reconsideration of Detention Order.

A. Reconsideration Under 18 U.S.C. § 3142 (f)

The Government only seemingly opposes the motion only on the grounds that Defendant Fellows has not presented new or material information that warrants revisiting this Court's previous Order. *See* ECF. No. 98 at 5.

The first point ignores the fact that an actual evaluation of the Defendant's mental competence has been conducted, and while finding the defendant competent for purposes of going forward, the evaluation also provided new expert information regarding the Defendant's mental and emotional health.  This information goes to the very issue that led the Court to detain the Defendant in July 2021 – whether his attitude demonstrated towards the Pretrial Services Officer and the Court itself were such that the Court could be confident that the Defendant would follow the terms and conditions imposed upon him if he were to remain released.  While the issue of the Defendant's mental health has been discussed during the period the Defendant served as his own counsel, and the Defendant made representations to the Court on the subject, the Court has not had until now a professional evaluation on that issue.

Further, the presence of the Defendant's retained counsel over the past seven months led to the Defendant immediately agreeing to undergo the

evaluation which the Court had suggested earlier but not ordered. The Defendant has a better insight now after undergoing the evaluation – the first such evaluation he has ever had as an adult. With the assistance of counsel it is clear that the Defendant has a better understanding of his obligations upon release and will have the benefit of the guidance of counsel to ensure he remains in compliance.

Finally, as previously noted in Defendant's Motion for Reconsideration of Detention Order, several of the facts relied on by the Court, as advanced by the Government through a proffer, were inaccurate in certain respects and led to mischaracterizations of the events in question.

B. Release Plan

Undersigned counsel has worked diligently to ensure that should this Court Defendant Fellows would have both a suitable person to serve as a third-party custodian and to ensure Defendant Fellows is able to *continue* to seek and receive the assistance of mental health professionals.

The full details of the release plan have been provided to Pretrial Services, including a place to reside in the State of Tennessee as well as a suitable third-party custodian, Ms. Sarah McAbee. Defendant Fellows can interview for possible employment through businesses known to Ms. McAbee for work that can be done remotely.

Based upon the Defendant's moving papers and this Reply, the Defendant moves the Court to reconsider the Detention Order previously

entered, and to release Defendant Fellows on whatever the Court determines to be appropriate terms and conditions of release pending trial in this matter.

Dated: October 31, 2022	Respectfully submitted,

/s/ William L. Shipley
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*