UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.                                                ) | Case No. 21-cr-00083-TNM |
| ) | |
| BRANDON FELLOWS,                  ) | |
| ) | |
| ) | |
| Defendant         ) | |
| ) | |

**DEFENDANT BRANDON FELLOW'S MOTION *IN LIMINE* NO. 2 --**

**INFLAMMATORY WORDS AND PHRASES**

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

1

NOW COMES Defendant Brandon Fellows by and through his counsel of record, William L. Shipley, Esp., and respectfully request this Honorable Court issue an *in limine* Order precluding Government representatives – including prosecutors and witnesses -- from using terms and phrases which are unnecessarily inflammatory and likely to appeal to the emotions of the jurors, including words/phrases such a "terrorist/terrorism," "insurrection," "treason," "attack on the Capitol," "attack on democracy", "attack on Congress", etc.

Federal Rule of Evidence 403 allows for the limitation of otherwise relevant evidence when:

> *Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation.*

Media coverage of the events of January 6, proceedings undertaken by Congress with regard to January 6, commentary from the Executive Branch about January 6, and even comments by members of this Court have all employed a variety of adjectives, descriptors, and graphic claims with regard to the events of that day.  The degree to which the variety of descriptions are warranted or tend towards hyperbole is a matter of public debate – not debate within the confines of a federal courtroom where a defendant is on trial with his liberty at stake.

In that circumstance, the defendant is entitled to an impartial judge and jury, and the prosecution must accord itself within the limits of fundamental principles of fairness and due process.

Maybe never before have the oft cited words of Justice Sutherland in United States v. Berger been as applicable as they are in the trials with regard to the events of January 6:

> The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all, and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the two-fold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor -- indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones.

United States v. Berger, 295 U.S. 78, 88 (1935).

Defendant Fellows is charged with obstructing an official proceeding.  He is not charged with attempting to overthrow the Government of the United States nor are they charged with attempting to interfere with the "lawful transfer of power" as the Government has alleged by the Government in other case(s).

He is charged obstruction and other related charges. That's the case the government has brought and that is the case the government should try.

Defendant Fellows already face a tremendous "headwind" in public sentiment within the juror pool in the District of Columbia.  This Court has the obligation to ensure that pettit jurors can set aside any personal views or opinions they might have formed about the events of January 6 or persons alleged to have been involved in committing crimes on that day.

This effort is only made more difficult by the use of inflammatory language on the part of prosecutors or government witnesses of the kind set forth above.  As Justice Sutherland went on to observe:

> It is fair to say that the average jury, in a greater or less degree, has confidence that these obligations, which so plainly rest upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations, and, especially, assertions of personal knowledge are apt to carry much weight against the accused, when they should properly carry none.

Id.

References, testimony, and/or commentary using words/phrases of the type set forth above have no relevance to the issue of guilt or innocence and only tend to inflame and prejudice of the jury. Since such references have no probative value, and risk undue and unfair prejudice to the defendants' right to a fair trial and due process, the Court should order that such inflammatory terms or phrases are not be used in a of obstruction.

The decision for the jurors will be based on the application of the facts to the elements of each offense as explained to them by the Court.  No part of that process is furthered by testimonial language or commentary by counsel concerning terrorism, insurrection, sedition, assault on democracy, etc.  The loose use of such terms and phrases risks that the jurors will focus attention and their determination not on the charges against the defendants, but rather on broader issues that are the subject of public debate and disagreement.

Defendant Fellows requests that the Court preclude the use of the terms and phrases listed above and allow Defendant Fellows to offer additional unfairly prejudicial words and phrases that are to be avoided – subject to the Court's final determination – prior to trial.

Dated: March 17, 2023                     Respectfully submitted,

                                          /s/ William L. Shipley

William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*