UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:21-cr-83-TNM |
| | : | |
| BRANDON FELLOWS, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' MOTION TO PRECLUDE EVIDENCE OF AND REFERENCE TO THE DEFENDANT'S BOND REVOCATION AND DETAINMENT PENDING TRIAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this motion to preclude evidence of and reference to at trial – by both the government and the defendant – of the defendant's bond revocation and subsequent detainment pending trial.

## BACKGROUND

The defendant was charged by Complaint on January 15, 2021, with violating Title 18, U.S.C. § 1752(a) (knowingly entering or remaining in any restricted building or grounds without lawful authority) and Title 40, § 5104(e)(2) (violent entry or disorderly conduct), misdemeanors concerning his presence and actions during the January 6, 2021, riot at the U.S. Capitol Building. ECF Doc. 1, Complaint. The defendant was arrested on January 16, 2021, in Albany, New York. ECF Doc. 8 at 1, Returned Arrest Warrant. On January 16, 2021, defendant had a first appearance, and was released on bond in the Northern District of New York. *Id*. at 23, Order to Release; 25-26, Minute Entry. The Magistrate Judge set another hearing in order to first review a Pretrial Services report to decide if the defendant was a flight risk[1] under Title18, U.S.C. § 3142(f)(2(A)

---

[1] According to the agents and reports in this case, the defendant had told the FBI he would self-surrender but failed to do so causing law enforcement to search for him by obtaining legal process for real time location information.

*Id*. at 23, Order to Release; 25-26, Minute Entry. The Court decided to release the defendant with certain conditions including home detention and electronic monitoring. *Id*. at 21, Conditions of Release.

On February 3, 2021, the defendant appeared before Magistrate Judge Robin M. Meriweather via video and was placed on GPS monitoring and a curfew of 9:00 p.m. to 6:00 a.m. ECF Doc. 9 at 2, Order Setting Conditions of Release. Magistrate Judge Meriweather further ordered that the defendant actively seek or maintain employment and report any contact with law enforcement *Id*.

On February 5, 2021, the grand jury indicted the defendant on five counts: four misdemeanor violations for violations of Title 18, U.S.C. §§ 1752(a)(1), (2) and Title 40, U.S.C. §§5104(e)(2)(C), (D) and a felony violation of Title 18, U.S.C. §§ 1512(d)(2) and 2 for Obstruction of an Official Proceeding and Aiding and Abetting the same. ECF Doc. 6.

On June 14, 2021, the Pretrial Service Agency (PSA) issued a violation report stating that defendant had a mental evaluation appointment for 11:00 a.m. (June 14, 2021). However, the defendant advised he called the agency and cancelled because he was not feeling well. ECF Doc. 29, Petition for Warrant. When the U.S. Probation Office ("USPO") officer talked with the defendant, the defendant asked to be able to work, despite "not feeling great." He was told no, and the defendant responded by asking the USPO officer "have you checked your hormones." He was called again and directed to report to the USPO officer by the supervisory USPO officer at 3:45 p.m. June 14, 2021. *Id.*

Shortly after that last call, the USPO officer learned that a man had called the USPO officer's mother, who lives in another state, and the man was asking for the USPO officer and asked twice if that was the correct number for the USPO officer, using the full name of the officer.

*Id.* The mother offered to pass a message to the USPO officer, and the caller said he would just contact the USPO officer on their "other numbers." *Id.* Caller ID identified the caller's number as the same number used by the defendant to contact U.S. Probation for official business. *Id.*

Lastly, the USPO indicated a prior instance when the defendant was allegedly harassing a former girlfriend. Ultimately, the defendant was found to be in violation of an Order of Protection. When the clerk of the court tried to call the defendant at the number he had listed as his contact on official court records, the number rang through to the Judge's wife's office. *Id.*

The Court held a hearing on the Petition for Warrant and to revoke his release on July 14-15, 2021. After a hearing over two days during which witnesses testified, the Court revoked the defendant's release. ECF Doc. 37, Trans. of 7-15-21 hrg. at 6, 8-9.

On October 12, 2021, the Court held a hearing to consider reopening the defendant's detention status. ECF Doc. 55, Trans. of 10-12-21 hrg. at 1. The defendant had filed a motion to reopen the detention hearing and the government responded. ECF Docs. 45, 47. After the Court once again warned the defendant of the risks of testifying, the defendant reiterated his desire to testify, and the Court granted him an opportunity to speak. ECF Doc. 55 at 10-11. The Court denied the defendant's request for release and ordered that he remain in custody pending trial. *Id*. at 89.

 On March 9, 2022, the grand jury returned a Superseding Indictment on five counts: four misdemeanor violations of Title 18, U.S.C. §§ 1752(a)(1), (2) and Title 40, U.S.C. §§5104(e)(2)(C), (D) and a felony violation of Title 18, U.S.C. §§ 1512(d)(2) and 2 for Obstruction of an Official Proceeding and Aiding and Abetting the same. ECF Doc. 76.

## **ARGUMENT**

The Court may allow motions in limine before trial "pursuant to the district court's inherent authority to manage the course of trials." *Barnes v. District of Columbia*, 924 F. Supp. 2d 74, 78

(D.D.C. 2013). Motions in limine are designed to narrow the evidentiary issues at trial. *Williams v. Johnson*, 747 F. Supp. 2d 10, 14 (D.D.C. 2010). To determine whether evidence proffered in a motion in limine is admissible, the Court must assess whether the evidence is relevant and, if so, whether it is admissible, pursuant to Federal Rules of Evidence 401 and 402. *Daniels v. District of Columbia*, 15 F. Supp. 3d 62, 66 (D.D.C. 2014). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Evidence of the defendant's bond revocation and subsequent detainment pending trial is irrelevant, and the Court should therefore preclude it and any reference to it.

The fact that the defendant's bond was revoked and he has subsequently been detained pending trial has no bearing on whether the defendant committed the five crimes on which he is indicted; it makes no fact related to the charges "more or less probable," as required by Federal Rule of Evidence 401 to be admissible.

The Court's order to revoke the defendant's bond was not related to or a commentary on the strength or weakness of the government's case. Instead, it is informed by the factors in 18 U.S.C. § 3148(a), which states: "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release." Specifically, "[t]he judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer finds under § 3148(b)(1) that there is -- . . . (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; and (b)(2) finds that (A) based on the factors set forth in section 3142(g) . . ., there is no condition or combination of conditions of release that will assure that the person will . . . pose a danger to the safety of any other person

or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b). Specifically, the Court stated: "I don't think you are going to comply with my orders. I certainly don't think you are going to obey the probation officers." ECF Doc. 37, Trans. of 7-15-21 hrg. at 9.

Additionally, the government is not seeking to admit evidence of the defendant's bond revocation and subsequent detention under Federal Rule of Evidence 404(b) – indeed, through this filing, it seeks to preclude such evidence. Regardless, said evidence would not be admissible under Rule 404(b), which does not allow for the use of "other crimes, wrongs, or acts" in trials to prove that a person acted in accordance with a particular character trait, but allows it only for limited purposes, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 401(b)(1-2). The D.C. Circuit has ruled that Rule 404(b) "was intended not to define the set of permissible purposes for which bad-acts evidence may be admitted but rather to define the one impermissible purpose for such evidence." *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis omitted). Here, the government's only use for this evidence would be to demonstrate that the defendant acted in accordance with a particular character trait – his consistent lack of regard for authority – which is not permitted under Rule 404(b).[2] The defendant's only use for this evidence would be to garner sympathy from the jury, which is also not permitted under Rule 404(b).

---

[2] Courts outside D.D.C. have denied the government's motion to admit evidence of a defendant's prior detention even when the government proffered it as evidence to prove an element of a charged offense, ruling that its prejudicial effect outweighed the probative value. *United States v. Clous*, 2022 WL 585677 (E. D. Washington 2022).

For the reasons stated above, the Court should preclude evidence of and reference to at trial of the defendant's bond revocation and subsequent detainment pending trial.

                        Respectfully submitted,

                              Matthew M. Graves
                              United States Attorney
                              D.C. Bar No. 481052

By:   */s/ Carolina Nevin*
       CAROLINA NEVIN
       Assistant United States Attorney
       New York Bar No. 5226121
       601 D Street, NW
       Washington, DC 20001
       carolina.nevin@usdoj.gov
       (202) 803-1612

       */s/ David Perri*
       DAVID PERRI
       Assistant United States Attorney
       WV Bar No. 9219
       1125 Chapline Street
       P.O. Box 591
       Wheeling, WV 26003
       304-234-0100
       Dave.Perri@usdoj.gov