UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **BRANDON FELLOWS**, <br><br> Defendant. | Case No. 1:21-cr-00083 (TNM) |

## ORDER

Brandon Fellows, who is representing himself, is detained pending trial on May 22, 2023. Before the Court are Fellows' motion for miscellaneous relief, *see* Mot. for Misc. Relief (Misc. Mot.), ECF No. 104, motion for a hearing, *see* Mot. for Hr'g., ECF No. 105, and motion to compel, *see* Mot. to Compel, ECF No. 106. In this Order, the Court addresses some of the issues Fellows raises.[1]

*First,* the Court addresses Fellows' motion for recusal. *See* Mot. for Hr'g at 9.[2] Fellows argues that the Court should recuse due to "poor judgments, selectiveness . . . allowing injustices, lies, constitutional, and due process violations." *Id.*

"A court has broad discretion in considering the sufficiency of a motion to recuse pursuant to 28 U.S.C. § 455." *United States v. Nixon*, 267 F. Supp. 3d 140, 146 (D.D.C. 2017). But there is a "presumption against disqualification," *id.* at 147, and thus the party seeking disqualification "must demonstrate by clear and convincing evidence that a judge has conducted

---

[1] Fellows' concerns about trial preparation will be addressed in a status conference on March 27, 2023. If Fellows intends to raise other motions in his papers that are not addressed in this Order, those motions are denied as too incomprehensible for the Court to grant relief.

[2] All page numbers correspond to those generated by ECF.

himself in a manner supporting disqualification," *Walsh v. FBI*, 952 F. Supp. 2d 71, 75 (D.D.C. 2013). Thus, the "grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality." *Nixon*, 267 F. Supp. 3d at 147.

Section 455 enumerates the considerations governing recusal. *See* 28 U.S.C. § 455(a), (b). For example, the judge must recuse if "his impartiality might reasonably be questioned" or if he "has a personal bias or prejudice concerning a party[.]" *Id.* Fellows disagrees with this Court's prior rulings and suggests that they have been motivated by personal animus. *See generally* Mot. for Hr'g. at 3, 16–17. But he does not provide any evidence to support his assertions. A judge should not grant a motion for recusal that is "based upon conclusory, unsupported[,] or tenuous allegations." *In re Kaminski*, 960 F.2d 1062, 1065 n.3 (D.C. Cir. 1992) (per curiam). Fellows provides no other intelligible reasons that the Court should recuse. So the Court declines to recuse.

*Second*, the Court addresses Fellows' claim that he received ineffective assistance of counsel at his bail hearing and is entitled to an evidentiary hearing. *See* Misc. Mot. at 3, 10. Fellows argues that his counsel "hurt his situation" and "lied to him" in the pretrial process. *See id.* at 1–11; Mot. for Hr'g. at 9, 12–13.

To prevail on an ineffective assistance of counsel claim, Fellows must show that counsel's performance was both deficient and prejudicial to him. *See United States v. Williams*, 488 F.3d 1004, 1010 (D.C. Cir. 2007). Counsel's performance is deficient if she made errors so serious as to effectively deny Fellows his Sixth Amendment right. *See United States v. Moore*, 394 F.3d 925, 931 (D.C. Cir. 2005). And prejudice occurs if there is a "reasonable probability

2

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. The "result of the proceeding" is his continued pretrial detention.

The record shows that Fellows' counsel was neither deficient nor prejudiced him. While Fellows states that his counsel lied, lost his papers, neglected to file things on his behalf, and failed to secure his release, he does not provide specific facts to support these conclusory allegations. *See, e.g.*, Mot. for Hr'g at 11–12. He thus does not show that counsel made errors so serious as to deny him his rights under the Sixth Amendment. Indeed, this Court acknowledged that it was only because of his former counsel's "very wise advice" that potentially kept him from facing additional charges for obstruction of justice. *See* Hr'g Tr. at 86, ECF No. 55. More, Fellows has not shown prejudice. The Court has denied his motions for release several times at this point—even when he had different standby counsel *and* was representing himself. *See, e.g.*, Hr'g Tr., ECF No. 67 at 3; 11/22/2022 Hr'g Tr. at 10; 2/3/2023 Hr'g Tr. at 13–17. Because Fellows has not sufficiently alleged that his counsel was deficient or that he was prejudiced, the Court denies his request for an evidentiary hearing on this issue, as it has in the past. *See, e.g.*, Hr'g Tr. at 3, ECF No. 67.

*Third*, the Court considers Fellows' motion to compel records from various parties. *See, e.g.*, Misc. Mot. at 2., Mot. to Compel. He seeks personal papers he had while in the D.C. Jail and records relating to the handling of his mail. *See generally* Mot. to Compel. He also moves to compel the government to release information surrounding his arrest, including witness statements about the seizure of his phone and vehicle. *See* Misc. Mot. at 3. He contends he needs these documents to continue to appeal his bond status and for trial preparation. *See id.*; *see generally* Mot. to Compel.

Fellows has not justified his requests for discovery. His arguments about his personal papers in jail suffer from inconsistencies. For example, he submits that the D.C. Jail took his personal papers during his transfer, and that without those papers he cannot adequately prepare for trial. *See* Mot. for Hr'g. at 8. But he concedes that he moved half of his 4,000 plus papers into another prisoner's cell before the transfer, and that the other half was "given back in November." *See* Misc. Mot. at 19. His request then, is not to compel discovery, but to personally possess those papers. Thus, this Court will decline his invitation to micromanage the the D.C. Jail—which is not a party to this matter—in dictating how it handles the personal effects of prisoners.

Fellows' argument for discovery about how the jail handles his mail is similarly unpersuasive. He merely argues he is entitled to this information because "the government has . . . been shown to lie both in your courtroom and in the motions they've filed," Misc. Mot. at 3, and because it is "in the interests of justice," Mot. to Compel. His motions do not cite a single authority suggesting that the Court can compel discovery based on such cursory allegations. Nor is it clear how discovery about his mail would enable him to prepare for trial or yet another appeal of his bond status. For similar reasons, his request for documents pertaining to his arrest fail too.

*Fourth*, the Court addresses Fellows' latest motion for temporary release under the Bail Reform Act. *See* Mot. for Hr'g. at 21–29. Under 18 U.S.C. § 3142, the burden of justifying temporary release lies with Fellows. He must show that he would be released to an appropriate custodian and that temporary release is necessary for preparing his defense or for another compelling reason. Fellows argues he should be released based on his ability to prepare for trial

and the conditions of his confinement.  *See* Mot. for Hr'g. at 27–28.  Both arguments fail as grounds for relief, and Fellows has not named an appropriate custodian.

First, Fellows submits that release is necessary for preparing his defense.  Inconvenience during preparation is not enough.  *See United States v. Thomas*, 456 F. Supp. 3d 69, 78 (D.D.C. 2020).  While Fellows continues to complain, he has also confirmed that he received his discovery from the Government and is able to access it.  *See, e.g.*, Hr'g Tr. at 24, ECF No. 85; 2/3/2023 Hr'g Tr. at 8–9.

As it has explained in many prior status conferences, the Court is unpersuaded that release is necessary for preparation of Fellows' defense.  Fellows has had several months to prepare, and his standby counsels have had access to electronic discovery.  The limitations Fellows bemoans are ones this Court has repeatedly advised Fellows he may encounter as a *pro se* litigant while incarcerated, and which can be remedied by using the help of standby counsel. *See, e.g.*, 11/22/2022 Hr'g Tr. at 10, 14, 16; 2/3/2023 Hr'g Tr. at 15.

Next, Fellows argues that the conditions of his confinement are compelling reasons for pretrial release.  While courts may temporarily release a defendant for a "compelling reason" other than the need to prepare a defense, they "typically order release on that ground only sparingly." *Thomas*, 456 F. Supp. 3d at 78 (cleaned up).  Fellows contends that his jails have been unsanitary, that he received inadequate medical treatment, that he has been denied showers, and more.  *See, e.g.*, Misc. Mot. at 27; Mot. for Hr'g. at 5–6.

Fellows fails to show that these conditions—most of which pertain to facilities where he is no longer housed—merit his release.  Fellows is currently detained at USP Lewisburg, which does not appear to have the same issues as prior facilities.  Indeed, Fellows himself notes that Lewisburg is "pretty functional in how it operates."  Mot. to Compel.

5

For all these reasons, Fellows has not presented compelling circumstances meriting his release. That said, to the extent that Fellows is concerned about the conditions of his confinement, he may speak about this at his sentencing if he is convicted. At sentencing, this Court may "conduct an inquiry broad in scope, largely unlimited either as to the kind of information [it] may consider, or the source from which it may come." *United States v. Tucker*, 404 U.S. 443, 446 (1973).

For these reasons, it is

**ORDERED** that Fellows' [104], [105], and [106] Motions are DENIED in all respects other than the Court has agreed to hold a hearing on March 27, 2023, to discuss Fellows' preparation for trial.

**SO ORDERED**.

Dated: March 23, 2023                                    TREVOR N. McFADDEN, U.S.D.J.