1          UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF COLUMBIA

2
* * * * * * * * * * * * * * *    )

3  UNITED STATES OF AMERICA,        )    Criminal Action
                                   )     No. 21-00083

4                  Plaintiff,       )
                                   )

5     vs.                          )
                                   )

6  BRANDON FELLOWS,                 )    Washington, D.C.
                                   )    November 2, 2022

7                  Defendant.       )    3:33 p.m.
                                   )

8  * * * * * * * * * * * * * * *    )

9

10          **REDACTED** TRANSCRIPT OF STATUS CONFERENCE
                  CONDUCTED VIA ZOOM

11       BEFORE THE HONORABLE TREVOR N. McFADDEN,
                UNITED STATES DISTRICT JUDGE

12

13

   APPEARANCES:

14

   FOR THE GOVERNMENT:      ZACHARY PHILLIPS, ESQ.

15                          UNITED STATES ATTORNEY'S OFFICE
                           1801 California Street

16                          Suite 1600
                           Denver, Colorado 80202

17

18  FOR THE DEFENDANT:      WILLIAM L. SHIPLEY, ESQ.
                           LAW OFFICES OF WILLIAM L. SHIPLEY

19                          Post Office Box 745
                           Kailua, Hawaii 96734

20

21  REPORTED BY:            LISA EDWARDS, RDR, CRR
                           Official Court Reporter

22                          United States District Court for the
                            District of Columbia

23                          333 Constitution Avenue, Northwest
                           Room 6706

24                          Washington, D.C. 20001
                           (202) 354-3269

25

 1          THE COURTROOM DEPUTY:  Your Honor, this is

 2  Criminal Case 21-83, the United States of America versus

 3  Brandon Fellows.

 4          Counsel, please introduce yourselves for the

 5  record, starting with the Government.

 6          MR. PHILLIPS:  Good afternoon, your Honor.

 7  Zachary Phillips on behalf of the United States.

 8          THE COURT:  Good afternoon, Mr. Phillips.

 9          MR. SHIPLEY:  Good afternoon, your Honor, or good

10  morning, your Honor.  William Shipley on behalf of Defendant

11  Brandon Fellows, who's present via a video connection from

12  the Northern Neck Regional Jail in Virginia.

13          THE COURT:  Good afternoon, Mr. Shipley.

14          And good afternoon, Mr. Fellows.

15          THE DEFENDANT:  Good afternoon.  Sorry.  It's a

16  little cold in here.

17          THE COURT:  I was trying to figure out what was

18  going on there, Mr. Fellows.  These government facilities

19  have a hard time with heating and cooling on the shoulder

20  seasons.

21          We're here for a status conference.  I first want

22  to address the Defendant's motion for reconsideration of his

23  detention status.  I have reviewed his filings and also the

24  filings of the Government.

25          He explains that the mental health evaluation he

1  participated in has shed light on why he was previously

2  violating the conditions of his supervised release.

3          For the following reasons, I will decline to

4  reconsider the detention order:  The applicable statute, 18

5  USC 3142(f), states that a detention hearing may be reopened

6  at any time before trial if the judicial officer finds that

7  information exists that was not known to the movant at the

8  time of the hearing and that has a material bearing on the

9  issue whether there are conditions of release that would

10  reasonably assure the appearance of such person as required

11  and the safety of any other person in the community.

12          Here, the new information offered is primarily

13  Mr. Fellows's mental health evaluation.  I think it was

14  useful, and I'm glad he got the mental health evaluation.

15  But I don't think that new information merits

16  reconsideration of the detention status.

17          I had previously ordered the Defendant detained

18  based on the fact the Defendant missed just over half of his

19  call-ins for drug testing while on release, violated his

20  curfew and failed to submit to a court-ordered mental health

21  evaluation.  He has now done the last, but I don't think

22  this new information has a material bearing on the issue of

23  his release.

24          I also note that Mr. Fellows does not present any

25  plan or treatment to deal with the mental health issues

1    uncovered in the evaluation.  He explains in his motion for

2    reconsideration that the mental health evaluation shows that

3    his behavior is beyond his ability to control by his own

4    volition.  I'm looking to Page 7 of his motion for that.

5            Frankly, I agree with the Government that that's

6    actually kind of concerning and raised a question about

7    whether he'd be able to comply with drug testing and curfew

8    and follow the behavior that I would expect of a pretrial

9    detainee on the outside.

10           He does present a release plan in his most recent

11   submission; but based on the past violations, I'm not

12   confident that even living with a custodian will be enough

13   to maintain compliance with his conditions of release.

14           I also want to make clear that I do think the

15   Defendant poses a danger to the community.  And I'm not

16   concerned that he poses a violent danger, but I am concerned

17   about the Defendant's ability and willingness to comply with

18   the law and with any reasonable release conditions.

19           For all these reasons, I find that reconsideration

20   of the detention order is not warranted at this time.

21           Mr. Shipley, can you -- now just speaking briefly,

22   maybe you can state for the record where things stand.  I

23   think we talked in the past about the potential for a plea,

24   a potential bench trial.  Otherwise, I think we want to set

25   out a briefing schedule for the jury trial.

1          MR. SHIPLEY:  Correct, your Honor.  I mean, the

2     issue right now is that the only offer from the Government

3     is to plead guilty to the sole felony offense.  But when we

4     pencil out the potential likely guideline range, Mr. Fellows

5     approaches time served.  So why would he accept a felony

6     conviction when he could go to trial and potentially be

7     exonerated and not face any additional time in custody?

8          So I think there's no likelihood of a disposition

9     short of a trial based on the current posture of the

10     Government.

11          Given the fact that he is likely going to shortly

12     reach what is a potential time-served, you know, status, you

13     know, we're going to ask, you know, to remain with the

14     existing trial date and, you know, depending on

15     conversations I'm going to have with Mr. Fellows now, we

16     might ask to advance that into a bench trial on a shorter

17     timeframe, eliminating many of the pretrial issues.

18          And I'm even going to talk to Mr. Fellows about

19     how we might streamline the presentation of the evidence,

20     because I don't think there's a lot of dispute about the

21     evidence.  The question is:  What does the evidence show?

22          THE COURT:  Great.  That all makes a lot of sense

23     to me, Mr. Shipley.

24          I'll tell you, my availability is running a little

25     short.  I do have some time right before Christmas.  I've

1    got a couple weeks there.  So I think we could potentially

2    do a bench trial there, depending on the attorneys'

3    availability.

4           And obviously, that would -- I think we'd need to

5    either really expedite briefing or else forego some

6    briefing.  But based on what you're saying, I think we

7    should proceed with a briefing schedule assuming a February

8    date.  And if Mr. Fellows wants to waive jury trial and you

9    want to shoot for a December date, Mr. Shipley, I'm

10   certainly happy to try to accommodate that.

11          THE DEFENDANT:  Your Honor, I'm looking to

12   represent myself also.  I need to just throw that in there.

13          THE COURT:  So --

14          MR. SHIPLEY:  He has not communicated that to me

15   previously until this moment, your Honor.  And I have said

16   to Mr. Fellows in the past, and I'll represent to the Court

17   right now, I'm not going to represent him as standby

18   counsel, not being out here in the Pacific.  I'm not going

19   to be captive to the schedule that he wants to impose or the

20   decisions he wants to make.

21          THE COURT:  So let's hold on a second.

22          Ms. Chaclan, maybe you can put Ms. Edwards,

23   Mr. Shipley and Mr. Fellows and me in a breakout room for a

24   moment.

25          THE COURTROOM DEPUTY:  Yes, Judge.

1          (Whereupon the follow proceedings were had outside

2     the presence of Government counsel:)















1

2

3          (Whereupon, the following proceedings were had

4     with only Government counsel present:)

5          THE COURT:  Mr. Phillips, Mr. Shipley and

6     Mr. Fellows are going to talk for a few minutes before they

7     rejoin us.

8          MR. PHILLIPS:  Great.  Thank you, your Honor.

9          (Whereupon, the following proceedings were had

10    with all counsel present:)

11         THE COURTROOM DEPUTY:  Your Honor, we lost

12    Mr. Fellows.  He's not in the room.

13         THE COURT:  Why don't we resolve -- he probably

14    pushed the wrong button.

15         THE COURTROOM DEPUTY:  I can text someone to see

16    if we can get in contact with the jail to see if we can

17    connect with him.

18         MR. SHIPLEY:  If you want to, your Honor, I can

19    just tell you off the record real quick where we ended up

20    and we can bring him back in to save time.

21         THE COURT:  Well, yes.  I might ask you to

22    essentially waive his presence.  But yes.  Where do things

23    stand, Mr. Shipley?

24         Ms. Chaclan, if you can try to make contact in the

25    meantime.

1            THE COURTROOM DEPUTY:  I will.

2            MR. SHIPLEY:  Yeah.  Yeah.  He didn't realize, but

3    when -- I told I'm actually going to be in the District next

4    week the entire week.  And I told him, you know, we had --

5    you may recall the last time I was there we tried to go down

6    to see him and got barred by a lockdown situation.  They

7    wouldn't let us in to see him, so we missed that visit.

8            So I told him, Look, we're going to be there next

9    week.  Mr. Marshall and I will drive down and spend all day

10   with him.  We will go through everything he wants to do as

11   part of his defense.  And then, assuming that that's a

12   productive exercise and I'm confident that we're all going

13   in the same direction, that we would come back to the Court

14   in two weeks to give you exactly where we stand and I think

15   potentially, you know, move this towards a bench trial along

16   the timeframe we talked about.

17           I have a couple things I need to talk to

18   Mr. Phillips about in that regard about streamlining the

19   presentation of the evidence and, you know, the worst-case

20   scenario -- well, I guess there's two.  But the

21   second-worst-case scenario would be just to stick with the

22   February trial date.  The worst-case scenario would be you

23   have to find out whether or not he in fact gets to terminate

24   me.

25           But I think -- I think he's -- I don't think he's

1       there anymore.  So I think we're okay.

2                   THE COURT:  So we'll see if Ms. Chaclan can make

3       contact.  But my proposal is that we set a briefing

4       schedule, assuming we're on for February, but then also come

5       back as you say in a couple weeks.  And that would be to

6       confirm that Mr. Fellows is comfortable with proceeding with

7       Mr. Shipley as counsel.  And then if there's going to be

8       discussion about shifting to a bench trial, we'd see if we

9       can accommodate that.

10                  Does that make sense to you, Mr. Shipley?

11                  MR. SHIPLEY:  Yes, your Honor.

12                  THE COURT:  And are you willing to waive your

13      client's presence for purposes of this scheduling?

14                  MR. SHIPLEY:  Yes, your Honor.  I'll talk to him

15      about the technical problem when I next speak to him on the

16      phone.

17                  THE COURT:  Thank you.

18                  Mr. Phillips, does that make sense to you?

19                  MR. PHILLIPS:  It does.  Thank you, your Honor.

20                  THE COURT:  Okay.  So let's just work back from

21      February.  We have a Monday the 13th trial date.  We have a

22      pretrial conference on February 3rd.

23                  I will ask for -- I'm just going to work

24      backwards.  So any replies in support of motions to

25      suppress, motions *in limine*, 404(b) evidence or motions in

1 support of expert testimony are going to be due by

2 January -- say January 27th.

3    I'll also ask the parties to provide joint

4 proposed voir dire questions and joint proposed final jury

5 instructions by that date.  To the extent the parties can't

6 agree on jury instructions or voir dire questions, I'll ask

7 you all to make that clear what you disagree on.  But I'm

8 looking -- ideally, I think, it tends to work better if the

9 parties can collaboratively come up with what they think

10 makes sense for jury instructions and voir dire questions.

11    I'll also make sure to send you all my standard

12 voir dire questions or at least the voir dire questions I

13 used in -- I think it was *Hale-Cusanelli*, which I think

14 would be a good starting point for you all.  I'm certainly

15 not looking for a complete overhaul of my voir dire

16 questions.

17    So that takes us back to January 13th.

18    I'd ask for any opposition to motions to suppress,

19 any opposition to motions *in limine*, any opposition to

20 expert testimony -- all of those should be filed by January

21 13th.  And given the holidays, why don't we say December

22 16th is the deadline for any motions *in limine*, motions to

23 suppress, 404(b) notices and expert testimony designations.

24 All of those should be filed by --

25    MR. SHIPLEY:  Your Honor, could I -- can I

1    suggest -- can I suggest for my sanity we roll these dates

2    over to a Monday?  And I say that only because I'm going to

3    be in the Oath Keeper trial the whole month of December and

4    I'll have to be doing this work on the weekend.

5              THE COURT:  That's fine.  So it would be December

6    19th.  I think it was January 17th.  Is that -- the 16th is

7    Martin Luther King Day.

8              MR. SHIPLEY:  Yeah.  The 17th would be fine.

9              And the 27th is fine, because I hope the trial is

10   over by then.  If the trial's not over by then, I've got

11   other problems.

12             THE COURT:  So any concerns with that timeline,

13   Mr. Shipley?

14             MR. SHIPLEY:  No, your Honor.

15             THE COURT:  And Mr. Phillips?

16             MR. PHILLIPS:  No.  That's fine, your Honor.

17             THE COURT:  And then let's look for a status

18   conference date.  I'm starting a trial myself, so I don't

19   have a lot of options here.

20             MR. SHIPLEY:  I won't do 3:00 a.m.

21             THE COURT:  How about 1:30 p.m. on Friday,

22   November 18th, for a video teleconference?

23             Mr. Phillips, does that work for you?

24             MR. PHILLIPS:  That does.  Yes.

25             THE COURT:  Mr. Shipley, does that work for you?

1          MR. SHIPLEY:  I can do that, your Honor.  Yes.

2          THE COURT:  And, Ms. Chaclan -- oh, yes.  Tell me

3     what you're seeing.  We need to work around that.

4          THE COURTROOM DEPUTY:  Northern Neck only starts

5     amount 2:00 p.m.

6          Also, your Honor, in regards to this hearing,

7     Northern Neck has a hard stop at 4:00.  So I think that's

8     why he was disconnected.  And the jail was called, and they

9     don't even pick up at this time.

10          THE COURT:  So, Ms. Chaclan, why don't we set this

11     at -- can we do 2:00 p.m. on the 18th?  And then I know

12     we've got a pretrial conference.  We'll just need to move

13     that back half an hour.

14          THE COURTROOM DEPUTY:  One moment.  Let me check.

15          Your Honor, the calendar is showing that that's

16     available.

17          THE COURT:  So let's set this for a status

18     conference on Friday, November 18th, at 2:00 p.m.

19          Mr. Shipley, let me ask that you get a jury trial

20     waiver form from Ms. Chaclan and that you take that down

21     with you.  If you do want to waive trial, I want to handle

22     that colloquy on the 18th.  And I'll need a signed jury

23     trial form -- jury trial waiver form for that hearing that

24     you should just provide to chambers ahead of time.

25     Obviously, again, I'm not at all pushing him to waive trial,

1    but I do want to say, I mean, we're running out of

2    availability and weeks to make that happen in December.  So

3    I need you to make sure that that all works out so that we

4    can do the colloquy on November 18th if we want to try to

5    fit in a bench trial in December.

6              MR. SHIPLEY:  And as I said, I'll be personally

7    there and we'll go through that issue thoroughly.

8              THE COURT:  Thank you.

9              Mr. Phillips, anything further for the Government?

10             MR. PHILLIPS:  No, your Honor, other than speedy

11   trial.

12             THE COURT:  On what basis are you seeking tolling?

13             MR. PHILLIPS:  That the defense has asked to go

14   and meet with their client and asked for additional time and

15   the Court's availability for the trial in February.

16             THE COURT:  And Mr. Shipley?

17             MR. SHIPLEY:  For defense preparation, your Honor.

18   I'm not sure the Court's calendar is a basis under the

19   Speedy Trial Act.  But for my calendar needs and more time

20   to prepare.

21             THE COURT:  I agree.  I think it is appropriate

22   for us to toll the speedy trial clock in light of needs for

23   defense preparation, and I will waive it.  To be clear, I'm

24   waiving it just for the couple weeks here until this next

25   status conference.

1            MR. SHIPLEY:  That's fine.

2            THE COURT:  And we'll talk then about what, if

3    any, tolling would be appropriate there.

4            All right.  Mr. Shipley, anything further for

5    defense?

6            MR. SHIPLEY:  Nothing, your Honor.

7            THE COURT:  Thanks, gentlemen.  See you all in a

8    couple weeks.

9            MR. SHIPLEY:  Thank you, your Honor.

10            MR. PHILLIPS:  Thank you.

11            (Proceedings concluded.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                        **<u>CERTIFICATE</u>**

2

3                  I, LISA EDWARDS, RDR, CRR, do hereby

4      certify that the foregoing constitutes a true and accurate

5      transcript of my stenographic notes, and is a full, true,

6      and complete transcript of the proceedings produced to the

7      best of my ability.

8                  Please note:  This hearing occurred

9      during the COVID-19 pandemic and is therefore subject to the

10     technological limitations of reporting remotely.

11

12

13                  Dated this 27th day of March, 2023.

14

15           <u>/s/ Lisa Edwards, RDR, CRR</u>
             Official Court Reporter
16           United States District Court for the
                 District of Columbia
17           333 Constitution Avenue, Northwest
             Washington, D.C. 20001
18           (202) 354-3269

19

20

21

22

23

24

25