UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No.: 21-CR-083 (TNM) |
| v. | : | |
| | : | |
| BRANDON FELLOWS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION
*IN LIMINE* AS TO CERTAIN WORDS AND PHRASES**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully responds in opposition to "Defendant Brandon Fellows Motion *in limine* No. 2 – Inflammatory Words and Phrases" [ECF No. 109] by requesting that the same be denied as without merit for the reasons set forth below.

**MEMORANDUM**

**Background**

This case arises from the January 6, 2021 riot at the United States Capitol.

On January 6, 2021, a Joint Session of the United States House of Representatives and the United States Senate convened to certify the vote of the Electoral College of the 2020 U.S. Presidential Election. While the certification process was proceeding, a large mob gathered outside the United States Capitol, entered the restricted grounds, and breached the Capitol building. As a result, the Joint Session and the entire official proceeding of the Congress was halted until law enforcement was able to clear the Capitol of hundreds of unlawful occupants and ensure the safety of elected officials.

1

The defendant traveled to Washington, DC from upstate New York and ultimately participated in the riot of January 6, 2021. Video footage shows that, among other things, the defendant entered the Capitol Building illegally via a window near the Senate Wing doors. He was part of the crowd that surged into the building and can be seen waiving a Trump flag within its crowded halls. He entered an office used by Senator Merkley and, while reclining on a chair and interacting with other rioters, smoked a joint. After going to the Crypt, he departed the Capitol. He made statements about his conduct and experience at the Capitol on social media.

On February 5, 2021, the grand jury indicted the defendant on five counts: four misdemeanor violations for violations of Title 18, U.S.C. §§ 1752(a)(1), (2) and Title 40, U.S.C. §§5104(e)(2)(C), (D) and a felony violation of Title 18, U.S.C. §§ 1512(d)(2) and 2 for Obstruction of an Official Proceeding and Aiding and Abetting the same. ECF Doc. 6. The defendant now moves this Court to preclude the United States (to include its attorneys and witnesses) witness from "using terms and phrases which are unnecessarily inflammatory and likely to appeal to the emotions of the jurors . . . ."[1] [ECF No. 109 (hereinafter, "Motion") at p. 2].

## Argument

Essentially, the defendant asks the Court to prevent the United States from using language that accurately describes the events that took place at the Capitol on January 6th. He claims that these terms (and perhaps other terms unmentioned) will focus the attention of the jury on "broader issues

---

[1] The defendant's non-exclusive list of objectionable words and phrases specifically mentions "terrorist/terrorism," "insurrection," "treason," "attack on the Capitol," "attack on democracy," and "attack on Congress." [Motion at p. 2] The United States makes no commitment one way or the other to the use of these terms. The defendant's suggestion that the United States will use them is pure speculation at this point.

2

that are the subject of public debate and disagreement." [Motion at p. 4] However, because certain terms and phrases fairly describe what in fact happened at the riot on January 6th, the rioters' objectives, and this defendant's conduct and beliefs, the Court should deny the instant Motion.

Basically, the defendant's argument is that the use of certain terms and phrases would be unfairly prejudicial. Evidence or language is unfairly prejudicial if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Sanford Ltd.*, 878 F. Supp. 2d 137, 143 (quoting Fed. R. Evid. 403, advisory committee's note). However, Rule 403 does not require the United States "to sanitize its case, to deflate its witnesses' testimony or to tell its story in a monotone." *United States v. Gartmon*, 146 F.3d 1015, 1021 (D.C. Cir. 1998). By their very nature, criminal charges involve an accusation that someone has wronged another person or has wronged society. Accordingly, such charges arouse emotion—and there is nothing improper about that. In fact, while cautioning against prosecutorial misconduct in *United States v. Berger*, the Supreme Court simultaneously recognized that "[t]he United States Attorney . . . may prosecute with earnestness and vigor—indeed, he should do so." 295 U.S. 78, 88 (1935). "[T]he law permits the prosecution considerable latitude to strike 'hard blows' based on the evidence and all reasonable inferences therefrom." *United States v. Rude*, 88 F.3d 1538, 1548 (9th Cir. 1996) (quoting *United States v. Baker*, 10 F.3d 1374, 1415 (9th Cir. 1993)). When a prosecutor's comments fairly characterize the offense, fairly characterize the defendant's conduct, and represent fair inferences from the evidence, they are not improper. *Cf. Rude*, 88 F.3d at 1548 (the use of words like victim, deceit, outlandish, gibberish, charlatan, and scam was not improper); *Guam v. Torre*, 68 F.3d 1177, 1180 (9th Cir. 1995) ("[T]here is no rule [of evidence or ethics] requiring the prosecutor to use a euphemism for [a crime] or preface it by the word 'alleged.'").

3

Here, the United States should not be required to dilute its language and step gingerly around the defendant's crimes or his participation in what was clearly a concerted effort to accomplish illegal objectives.  What took place on January 6, 2021, was in fact a riot involving rioters and an attack on the United States Capitol, the government of the United States, and American democracy.  After carefully considering the facts of other January 6 cases, many other members of this Court have recognized the riot as just such an attack.  *See*, *e.g.*, *United States v. Mostofsky*, 1:21-cr-138 (JEB), Sent. Tr. at 40–41, May 6, 2022 (describing the riot as an "attack," describing the Capitol as "overrun," and describing Mostofsky and other rioters as engaged in "an attempt to undermine [our] system of government."); *United States v. Rubenacker*, 1:21-cr-193 (BAH), Sent. Tr. at 147–48, May 26, 2022 (describing the defendant as "part of this vanguard of people storming the Capitol Building" as part of the initial breach, and finding that his conduct "succeeded, at least for a period of time, in disrupting the proceedings of Congress to certify the 2020 presidential election"); *United States v. Languerand*, 1:21-cr-353 (JDB), Sent. Tr. at 33–34, January 26, 2022 ("[T]he effort undertaken by those who stormed the Capitol . . . involved an unprecedented and, quite frankly, deplorable attack on our democratic institutions, on the sacred ground of the United States Capitol building, and on the law enforcement officers who were bravely defending the Capitol and those democratic values against the mob of which the defendant was a part.").  None of this language is hyperbole; rather, these findings used vivid and violent language because they described a visceral and violent event.  So, too, will prosecutors need to use appropriate language—and not euphemisms—to describe the nature and gravity of the defendant's conduct.

In another January 6 case, *United States v. Vincent Gillespie*, Chief Judge Howell recently denied a defendant's motion *in limine* to exclude references to substantially similar terms under Fed.

4

R. Evid. 403.  Memorandum and Order, ECF No. 43, 1:22-cr-00060 (BAH) (Nov. 30, 2022). The court found that the terms "insurrection," "attack," "riot," "mob," and "rioters" "accurately describe[d] the events that occurred on January 6, 2021." *Id.* at 5–6 (collecting other cases using these terms to describe the events of January 6).  Chief Judge Howell declined to "muzzl[e] the government or its witnesses from employing commonly used phrases to describe the events on January 6, 2021," and held that "the mere use of these terms does not . . . signal prejudice substantially outweighing their probative value" under Fed. R. Evid. 403. *Id.* at 6–7.  This Court should reach the same conclusion for the terms the defendant seeks – and may seek - to exclude.

## CONCLUSION

The defendant seeks to preclude the United States should from using various terms and phrases simply because he deems them to be unfavorable. They may be unfavorable, but they are not inaccurate and not unfairly prejudicial. His Motion is without merit. Therefore, the United States respectfully submits that the defendant's Motion *in limine* should be denied.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052


By: */s/ David J. Perri*
        David J. Perri
        WV Bar Number: 9219
        Assistant United States Attorney Detailee
        United States Attorney's Office
        Northern District of West Virginia
        1125 Chapline St., Suite 3000
        Wheeling, WV 26003
        David.Perri@usdoj.gov
        (304) 234-0100

By: */s/ Carolina Nevin*
        CAROLINA NEVIN
        Assistant United States Attorney
        New York Bar No. 5226121
        601 D Street, NW
        Washington, DC 20001
        carolina.nevin@usdoj.gov
        (202) 803-1612