UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No.: 21-CR-083 (TNM) |
| v. | : | |
| | : | |
| BRANDON FELLOWS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

UNITED STATES' MOTION *IN LIMINE* TO PRECLUDE ARGUMENT
AND EVIDENCE ABOUT ALLEGED LAW ENFORCEMENT
PERMISSIVENESS OR INACTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests that the Court issue an order precluding the defendant from: (1) arguing an entrapment-by-estoppel defense in regard to alleged statements of law enforcement; (2) offering evidence or argument concerning any claim that, by allegedly failing to act, law enforcement made the defendant's entry into the United States Capitol building or grounds, or his conduct therein, lawful; or (3) arguing or presenting evidence of alleged inaction by law enforcement, unless the defendant specifically observed or was otherwise personally aware of such conduct.

## MEMORANDUM

### Background

This case arises from the January 6, 2021 riot at the United States Capitol.

On January 6, 2021, a Joint Session of the United States House of Representatives and the United States Senate convened to certify the vote of the Electoral College of the 2020 U.S.

1

Presidential Election. While the certification process was proceeding, a large mob gathered outside the United States Capitol, entered the restricted grounds, and breached the Capitol building. As a result, the Joint Session and the entire official proceeding of the Congress was halted until law enforcement was able to clear the Capitol of hundreds of unlawful occupants and ensure the safety of elected officials.

The defendant traveled from upstate New York to Washington, DC in his house/bus and ultimately participated in the riot of January 6, 2021. Video footage shows that, among other things, the defendant entered the Capitol Building illegally via a window near the Senate Wing doors. He was part of the crowd that surged into the building and can be seen atop broken furnishings waiving a Trump flag within its crowded halls. He entered an office used by Senator Merkley and, while reclining on a chair and interacting with other rioters, smoked a joint. After going to the Crypt, he departed the Capitol. He made statements about his conduct and experience at the Capitol on social media and in televised interviews.

On February 5, 2021, the grand jury indicted the defendant on five counts: four misdemeanor violations for violations of Title 18, U.S.C. §§ 1752(a)(1), (2) and Title 40, U.S.C. §§5104(e)(2)(C), (D) and a felony violation of Title 18, U.S.C. §§ 1512(d)(2) and 2 for Obstruction of an Official Proceeding and Aiding and Abetting the same. ECF Doc. 6. The defendant is *pro se* in this matter.

### Argument

Based on statements the defendant has made orally during hearings and in writings filed with the Court, the United States has reason to believe that he plans to present a defense of entrapment-by-estoppel, claiming that officers at the Capitol during the riot gave him permission

to enter the Capitol building and to visit certain areas therein.[1]  The United States is similarly concerned that the defendant may attempt to argue and put on evidence that officers ratified his illegal conduct through passive assent or inaction.  [See, e.g., ECF No. 105 at p. 3, 22, 37]  He is not entitled to such a defense and should be precluded from articulating it.  Any attempt to introduce evidence or argument along these lines would be misleading and confusing to the jury and prejudicial to the United States.

It is well-established that "[a] motion *in limine* is a proper vehicle by which the government my challenge the sufficiency of an affirmative defense before trial."  *United States v. Ross*, 206 F.3d 987, 989 (9th Cir. 2000).  Then, in response, the defendant may put forth a factual proffer of factual issues supporting the affirmative defense in question.  *United States v. Tokash*, 282 F.3d 962, 967 (7th Cir. 2002).  "To entitle a defendant to present an affirmative defense to the jury, his proffer must meet the minimum standard to each element of the defense, so that if a jury finds it to be true, it would support the defense."  *Id*.  Furthermore, "the defendant must present 'more than a scintilla of evidence' that demonstrates that he can satisfy the legal requirements for asserting the proposed defense."  *Id*. (quoting *United States v. Blassingame*, 187 F.3d 271, 279 (7th Cir. 1999)).  Where the evidence proffered in response to a motion *in limine* is insufficient as a matter of law to support an affirmative defense, a pretrial ruling precluding the presentation of the defense at trial is appropriate.  *See id*.; *United States v. Robinson*, 180 Fed. Appx. 92, 93-94 (11th Cir. 2006) (finding the court did not abuse its discretion in granting the Government's motion *in limine* where the defendant "failed to establish the elements of entrapment-by-estoppel").

---

[1] In making this observation, the United States does not thereby concede that the defendant has met the notice requirements for raising such a claim.  F.R.Cr.P. 12.3.

Ultimately, the defendant bears the burden of proving an affirmative defense by a preponderance of the evidence, but to first merit a jury instruction regarding the theory at all, he must offer "sufficient evidence" to support its invocation.  Memorandum and Order, *United States v. Eicher,* No. 22-cr-038-BAH, at *3, 13 (D.D.C. May 23, 2023).  Accordingly, "[a] defendant 'will not be allowed to assert the defense, or to demand that the jury be instructed on it, unless he meets certain evidentiary prerequisites.'"  *United States v. Navarro*, Case No. 22-cr-200 (APM), 2023 WL 371968, at *15 (D.D.C. Jan. 19, 2023) (quoting *United States v. Alvarado*, 808 F.3d 474, 484 (11th Cir. 2015); see also, *United States v. Schafer*, 625 F.3d 629, 637 (9th Cir. 2010) ("A district court may preclude a defense if the defendant fails to make a prima facie showing that he is eligible for the defense."); see, e.g., *United Sates v. Chwiesiuk*, 2023 WL 3002493 at *6 (D.D.C. April 19, 2023) (Judge Kollar-Kotelly granting the United States' Motion *in Limine* to preclude the defendants from arguing any entrapment-by-estoppel defense related to law enforcement or from offering evidence or argument concerning any claim that, by allegedly failing to act, law enforcement made the defendant's entry or conduct therein lawful).  The need to avoid prejudice and confusion of the jury requires that such a determination be made prior to trial.

## I.   The defendant is not legally entitled to raise a defense of entrapment-by-estoppel and, therefore, should be precluded from presenting related evidence or argument.

The defendant should be prohibited from making arguments or attempting to introduce evidence that law enforcement gave him permission to enter the U.S. Capitol.  In order to prove an entrapment-by-estoppel defense, a defendant must show "(1) that a government agent actively misled him about the state of the law defining the offense; (2) that the government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) that the defendant

actually relied on the agent's misleading pronouncement in committing the offense; and (4) that the defendant's reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation." *United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (*quoting United States v. Cox*, 906 F.3d 1170, 1191 (10th Cir. 2018)). *Accord United States v. Baker*, 438 F.3d 749 753 (7th Cir. 2006).

In *Chrestman*, this Court rejected an entrapment by estoppel argument raised by a January 6th defendant charged with, inter alia, violations of 18 U.S.C. §§ 1512(c)(2), 1752(a)(1) and (b)(1)(A) and 1752(a)(2) and (b)(1)(A). Although *Chrestman* involved an argument that former President Trump gave the defendant permission to enter the Capitol building, the reasoning in *Chrestman* applies equally to an argument that a member of law enforcement gave permission to the defendants to enter the Capitol building. Memorandum and Order, *United States v. Oliveras*, at *1 (D.D.C. January 17, 2023) (Chief Judge Howell reiterating that "the logic in *Crestman* that a U.S. President cannot unilaterally abrogate statutory law applies with equal force to government actors in less powerful offices, such as law enforcement officers protecting the U.S. Capitol Building"). As this Court noted, Supreme Court precedent "unambiguously forecloses the availability of the defense in cases where a government actor's statements constitute 'a waiver of law' beyond his or her lawful authority." *Chrestman*, 525 F. Supp. 3d at 32 (*quoting Cox v. Louisiana*, 379 U.S. 559, 569 (1965)).

Just as "no President may unilaterally abrogate criminal laws duly enacted by Congress as they apply to a subgroup of his most vehement supporters," no member of law enforcement could use his authority to allow individuals to enter the Capitol building during a violent riot, and after "obvious police barricades, police lines, and police orders restricting entry at the Capitol" had already been put in place by the United States Capitol Police and the Secret Service. *Id*. at 32. This Court

has concluded that "the logic in *Chrestman* that a U.S. President cannot unilaterally abrogate statutory law applies with equal force to government actors in less powerful offices, such as law enforcement officers protecting the U.S. Capitol Building."  Memorandum and Order, *United States v. Williams*, No. 21-cr-377-BAH, at *2 (D.D.C. June 8, 2022).

The United States submits that the defendant will be unable to put forth any evidence that law enforcement officers gave him express permission to enter the Capitol grounds, much less the Capitol building.  And even if he could establish that a member of law enforcement told him it was lawful to enter the Capitol building, or expressly allowed him to do so, his reliance on any such statement would not be reasonable in light of the "obvious police barricades, police lines, and police orders restricting entry at the Capitol."  *Chrestman*, 525 F. Supp. 3d at 32.  Moreover, the defendant's own actions belie any argument that he was relying on any such statement when he made his decision enter the Capitol building, given that he did so by climbing through a broken window adjacent to the broken Senate Wing Door.  [Defendant circled in red]



## II.   The defendant should be precluded from arguing that law enforcement inaction made his conduct on January 6th lawful.

In addition to prohibiting any defense argument that law enforcement actively communicated to the defendant that entering the Capitol building or grounds was lawful, the Court should also bar him from arguing that any failure to act by law enforcement rendered his conduct legal. The same reasoning that applied in *Chrestman* applies here. That is, like the Chief Executive, a Metropolitan Police Officer or Capitol Police Officer cannot "unilaterally abrogate criminal laws duly enacted by Congress" through his or her purported inaction. *Chrestman*, 525 F. Supp. 3d at 33. An officer cannot shield an individual from liability for an illegal act by failing to enforce the law or ratify unlawful conduct by failing to prevent it. Indeed, this Court expressly reached that conclusion in *Williams*. *Williams,* No. 21-cr-377-BAH, at *3 ("Settled caselaw makes clear that law officer

7

inaction—whatever the reason for the inaction—cannot sanction unlawful conduct.") (citing *Cox v. Louisiana*, 379 U.S. 559, 569-70 (1965); *United States v. Gutierrez-Gonzalez*, 184 F.3d 1160, at 116-69 (10th Cir. 1999) (holding defendant's belief that he was legally in the United States was not reasonable despite an INS clerk failing to arrest defendant "on the spot" when he illegally re-entered the country); *Garcia v. Does*, 779 F.3d 84, 95 (2d Cir. 2015) (en banc) (declining to extend the entrapment-by-estoppel defense to a case that, like *Cox v. Louisiana*, involved the location and movements of protestors who argued that their prosecuted conduct had been implicitly approved by the police, but could not show that it was "affirmatively authorized" by the police)).  Furthermore, it is illogical to conclude that officers overwhelmed by a hostile, forceful mob were *permitting* or *authorizing* rioters to enter and explore the building simply because those officers did not physically oppose that which they could not stop.  Thus, the defendant should be prohibited from arguing that his conduct was lawful because law enforcement officers allegedly failed to prevent it or censure it when it occurred.

**III.    The Court should preclude evidence of officer inaction not perceived by the defendant.**

  Finally, the defendant should be precluded from offering any evidence at trial of inaction or permissiveness by law enforcement, unless he specifically observed or was otherwise actually, contemporaneously aware of specific conduct of this nature.  Though conduct of law enforcement may be relevant to the defendant's state of mind, as this Court previously found: "[a]s a logical matter . . . any action or inaction of which defendant was not aware cannot possibly have had any effect on his state-of-mind and is inadmissible as irrelevant under Federal Rule of Evidence 401."  *Williams*, No. 21-cr-377-BAH , at *3.   Just as in *Williams*, the defendant "need not testify, he must *somehow*

establish his awareness of the alleged inaction," be it through a good faith proffer, or using other evidence to show that he perceived and understood such inaction as giving permission to the defendant to enter the Capitol. *Williams*, No. 21-cr-377-BAH , at *4 (emphasis in original). The defendant should be precluded from introducing any evidence of inaction or permissiveness by law enforcement unless and until he can show that he personally observed it, or otherwise establish actual contemporaneous awareness.

The United States understands that, although the defendant will be unable to meet the requirements necessary to raise an affirmative defense, he will be permitted to present evidence tending to negate the *mens rea* of a 18 U.S.C. §1752(a)(1) charge, provided that it was evidence of which he was contemporaneously aware. See *United States v. Eicher,* No. 22-cr-038-BAH, at *17, 13 (D.D.C. May 23, 2023).

## CONCLUSION

For the reasons set forth herein, the government respectfully requests that this Court issue an order precluding improper argument or evidence related to entrapment by estoppel, that law enforcement's alleged inaction rendered the defendant's actions lawful, and any evidence or argument relating to alleged permissiveness by law enforcement except to the extent that the defendant specifically observed or was otherwise aware of such conduct at the relevant time.

Because the defense of entrapment-by-estoppel is not legally available to the defendant, the

United States would further request that no instruction be given to the jury about such a defense.


Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052


By:  */s/ David J. Perri*
David J. Perri
WV Bar Number: 9219
Assistant United States Attorney Detailee
United States Attorney's Office
Northern District of West Virginia
1125 Chapline St., Suite 3000
Wheeling, WV 26003
David.Perri@usdoj.gov
(304) 234-0100

By:  */s/ Carolina Nevin*
CAROLINA NEVIN
Assistant United States Attorney
New York Bar No. 5226121
601 D Street, NW
Washington, DC 20001
carolina.nevin@usdoj.gov
(202) 803-1612