## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **Case No.: 21-CR-083 (TNM)** |
| **v.** | **:** | |
| | **:** | |
| **BRANDON FELLOWS,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |
| | **:** | |

## UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests that the Court deny Fellows' motion to continue the trial in this matter currently scheduled for August 22, 2023, because both Fellows and his standby counsel have had meaningful access to discovery throughout the pendency of the case, because Fellows has insisted on proceeding *pro se* despite having been warned of the difficulties of doing so while incarcerated, and because he still has one month to prepare for trial.

## BACKGROUND

The defendant was charged by Complaint on January 15, 2021, with violating Title 18, U.S.C. § 1752(a) (knowingly entering or remaining in any restricted building or grounds without lawful authority) and Title 40, § 5104(e)(2) (violent entry or disorderly conduct), misdemeanors concerning his presence and actions during the January 6, 2021, riot at the U.S. Capitol Building. ECF 1, Complaint. The defendant was arrested on January 16, 2021, in Albany, New York. ECF 8 at 1, Returned Arrest Warrant. On January 16, 2021, defendant had a first appearance and was released on bond in the Northern District of New York. *Id*. at 23, Order to Release; 25-26, Minute Entry. The

1

Magistrate Judge set another hearing in order to review a Pretrial Services report to decide if the defendant was a flight risk[1] under Title18, U.S.C. § 3142(f)(2(A) *Id*. at 23, Order to Release; 25-26, Minute Entry. The Court decided to release the defendant with certain conditions including home detention and electronic monitoring. *Id*. at 21, Conditions of Release.

On February 3, 2021, the defendant appeared before Magistrate Judge Robin M. Meriweather via video and was placed on GPS monitoring and a curfew of 9:00 p.m. to 6:00 a.m. ECF 9 at 2, Order Setting Conditions of Release. Magistrate Judge Meriweather further ordered that the defendant actively seek or maintain employment and report any contact with law enforcement *Id*.

On February 5, 2021, the grand jury indicted the defendant on five counts: four misdemeanor violations for violations of Title 18, U.S.C. §§ 1752(a)(1), (2) and Title 40, U.S.C. §§5104(e)(2)(C), (D); and a felony violation of Title 18, U.S.C. §§ 1512(d)(2) and 2 for Obstruction of an Official Proceeding and Aiding and Abetting the same. ECF 6.

On June 14, 2021, the Pretrial Service Agency (PSA) issued a violation report stating that defendant had a mental evaluation appointment for 11:00 a.m. (June 14, 2021). However, the defendant advised he called the agency and cancelled because he was not feeling well. ECF 29, Petition for Warrant. When the U.S. Probation Office ("USPO") officer talked with the defendant, the defendant asked to be able to work, despite "not feeling great." He was denied permission, and the defendant responded by asking the USPO officer, "have you checked your hormones." He was called again and directed to report to the USPO officer by the supervisory USPO officer at 3:45 p.m. June 14, 2021. *Id*.

---

[1] According to the agents and reports in this case, the defendant had told the FBI he would self-surrender but failed to do so, causing law enforcement to search for him by obtaining legal process for real time location information.

Shortly after that last call, the USPO officer learned that a man had called the USPO officer's mother, who lives in another state, and the man was asking for the USPO officer and asked twice if that was the correct number for the USPO officer, using the full name of the officer. *Id.* The mother offered to pass a message to the USPO officer, and the caller said he would just contact the USPO officer on their "other numbers." *Id.* Caller ID identified the caller's number as the same number used by the defendant to contact U.S. Probation for official business. *Id.*

Lastly, the USPO indicated a prior instance when the defendant was allegedly harassing a former girlfriend. Ultimately, the defendant was found to be in violation of an Order of Protection. When the clerk of the court tried to call the defendant at the number he had listed as his contact on official court records, the number rang through to the Judge's wife's office. *Id.*

The Court held a hearing on the Petition for Warrant and to revoke his release on July 14-15, 2021. After a hearing lasting more than two days during which witnesses testified, the Court revoked the defendant's release. ECF 37, Trans. of 7-15-21 hrg. at 6, 8-9.

On October 12, 2021, the Court held a hearing to consider re-opening the defendant's detention status. ECF 55, Trans. of 10-12-21 hrg. at 1. The defendant had filed a motion to re-open the detention hearing and the government responded. ECF Docs. 45, 47. After the Court once again warned the defendant of the risks of testifying, the defendant reiterated his desire to testify, and the Court granted him an opportunity to speak. ECF 55 at 10-11. The Court denied the defendant's request for release and ordered that he remain in custody pending trial. *Id.* at 89.

On March 9, 2022, the grand jury returned a Superseding Indictment on five counts: four misdemeanor violations of Title 18, U.S.C. §§ 1752(a)(1), (2) and Title 40, U.S.C. §§5104(e)(2)(C), (D) and a felony violation of Title 18, U.S.C. §§ 1512(d)(2) and 2 for Obstruction of an Official

Proceeding and Aiding and Abetting the same. ECF 76.

On October 11, 2022, the Court scheduled a jury trial in this matter for February 13, 2023. On November 22, 2022, the Court continued the jury trial to May 22, 2023, in response to Fellows' request for a continuance and to prepare for trial.

On December 19, 2022, Fellows, who is incarcerated, was transferred from the Northern Neck Regional Jail in Virginia to the USP Lewisburg facility in Pennsylvania. Fellows claims that the U.S. Marshal Service did not allow him to bring legal materials, including papers from his standby counsel and discovery from the Government, from the Northern Neck Regional Jail to USP Lewisburg. The Government has not been able to independently confirm or contradict that claim. On April 11, 2023, this Court granted Fellows' motion to continue the trial in this matter, in order to ensure that Fellows had adequate access to discovery to prepare for trial. The current trial date is August 22, 2023.

## **ARGUMENT**

I. **Fellows or his standby counsel has had access to discovery throughout the pendency of the case.**

The Government began to furnish Fellows with discovery, either through his attorney or through his standby counsel, beginning in March of 2021. Fellows and standby counsel agreed to a trial date of February 13, 2023, indicating that both believed that Fellows had meaningful access to discovery and that they could be prepared by that date. The February 2023 trial date was continued as a result of Fellows' request for additional time to prepare for trial.

The reason for the continuance of the May 2023 trial date is different. In that instance, Fellows claimed that, after having done a great amount of preparation for trial at Northern Neck Regional Jail, he was unable to bring his legal materials to USP Lewisburg. The Government was unable to

confirm or contradict this claim, so it produced case-specific discovery to Fellows at USP Lewisburg in four mailings, which were delivered to the facility on April 6, 2023, April 7, 2023, May 11, 2023, and June 12, 2023. The Supervising Attorney at USP Lewisburg confirmed receipt of the mailings and that they had been provided to Fellows. In addition, during status hearing on April 25, 2023, the Supervising Attorney appeared in front of this Court and explained that Fellows had access to a laptop at the facility and to information technology support should the need arise.

On June 14, 2023, Fellows was transferred from USP Lewisburg back to the DOC facility in DC. On July 18, 2023, the Supervising Attorney at USP Lewisburg confirmed to the Government that Fellows took his legal materials with him when he left the facility. On July 18, 2023, the Production Coordinator of the Litigation Section of the DOC facility, which is the section that facilitates discovery to inmates, stated to the Government that, to date, she had not received any reports about the confiscation of electronic drives from Fellows. She stated that all reports regarding confiscation are sent to the Litigation Section. This leads the Government to believe that Fellows does indeed have the discovery materials that the Government sent him to the Lewisburg facility.

Since Fellows has been in the DOC facility, the Government has hand-delivered two case-specific discovery productions to the Production Coordinator of the Litigation Section, on June 27, 2023, and July 14, 2023. Although Fellows had 14 inmates before him on a list for access to a laptop, the DOC facility moved him to the front of the list and provided him with a laptop to view the discovery productions on July 19, 2023. On July 20, 2023, the Attorney Advisor of the DOC facility advised the Government and standby counsel that Fellows refused the laptop.  Additionally, the Education Administrator at the DOC facility confirmed that Fellows has access to the evidence.com platform via a tablet, which is the video repository for January 6 cases.

II.     **Fellows has insisted on representing himself, despite the Court's repeated warnings regarding the potential difficulties of doing so while incarcerated.**

Fellows concedes that this Court has repeatedly advised him regarding the potential difficulties of representing himself while incarcerated. ECF 122 at 4. Nevertheless, he has insisted on continuing proceeding *pro se*, and has even terminated standby counsel and requested that standby counsel withdraw from the case. ECF 117 at 2.

Although the Sixth Amendment demands that a *pro se* defendant who is incarcerated be afforded reasonable access to "law books, witnesses, or other tools to prepare a defense," that right is not unlimited and must be balanced against the legitimate security needs or resource constraints of the prison. *United States v. Sarno,* 73 F.3d 1470, 1492 (9th Cir.1995). Here, both the Government and standby counsel have navigated the different rules at the different facilities in which Fellows has been incarcerated. The Government and standby counsel have delivered and provided access to discovery materials to Fellows.

The D.C. Circuit has held that, assuming that *pro se* defendants have a Sixth Amendment right to discovery in preparing their defense, a defendant advancing such a claim "must demonstrate prejudice in order to prevail." *United States v. Bisong,* 645 F.3d 384, 396 (D.C.Cir.2011). In *Bisong,* the defendant's objection on appeal was that the district court "kept counsel in the case until the eleventh hour such that [he] had only six hours to review selected documents before trial, and was never given access to the bulk of the discovery material." *Id.* Such is not the case here. Fellows has failed to demonstrate prejudice. As detailed above, Fellows or his standby counsel has had meaningful access to discovery since March of 2021, and Fellows maintains access to discovery materials in order to prepare for trial.

6

**III.      Fellows still has one month to prepare for trial.**

If Fellows changes his mind and decides to comply with the DOC facility's rules regarding access to a laptop, he could have a laptop immediately and would thereby have sufficient time to review the video evidence. Additionally, the Production Coordinator of the Litigation Section at the DOC facility has advised the Government that, if it hand-delivers hard copies of discovery, that those can be provided to Fellows the same day or the day following delivery. The Government has already begun the process of printing the portions of case-specific discovery that can be printed and will make a delivery to the DOC facility the week of July 24, 2023.

## CONCLUSION

Because of the reasons stated above, the ends of justice are not served by any further delay in the resolution of this case. Fellows has had and continues to have every opportunity to prepare for trial. He has meaningful access to discovery should he choose to take advantage of it. The Court should deny Fellows' motion to continue the trial date.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: */s/ Carolina Nevin*
CAROLINA NEVIN
Assistant United States Attorney
New York Bar No. 5226121
601 D Street, NW
Washington, DC 20530
carolina.nevin@usdoj.gov
(202) 803-1612

*/s/ David J. Perri*
David J. Perri
WV Bar Number: 9219
Assistant United States Attorney Detailee
United States Attorney's Office
Northern District of West Virginia
1125 Chapline St., Suite 3000
Wheeling, WV 26003
David.Perri@usdoj.gov
(304) 234-0100

8