# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Criminal No. 21-CR-83 (TNM)** |
| | : | |
| BRANDON FELLOWS, | : | |
| | : | |
| Defendant. | : | |

## UNITED STATES' MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America hereby moves this Court to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., specifically, from July 26, 2023, until August 22, 2023, which is the scheduled trial date in this matter, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv). In support of its motion, the government states as follows:

## FACTUAL BACKGROUND

Defendant is charged via Indictment with offenses related to crimes that occurred at the United States Capitol on January 6, 2021 (hereinafter "Capitol Attack"). The investigation and prosecution of the Capitol Attack will likely be one of the largest in American history, both in terms of the number of defendants prosecuted and the nature and volume of the evidence. More than 1,000 individuals have been charged in connection with the Capitol Attack, and the investigation continues.

Defendants charged and under investigation come from throughout the United States, and search warrants have been executed in almost all fifty states and the District of Columbia. Multiple law enforcement agencies were involved in the response to the Capitol Attack. Documents and

evidence accumulated in the Capitol Attack investigation thus far include thousands of hours of surveillance and body-worn camera footage from multiple law enforcement agencies, the results of hundreds or thousands of searches of electronic communication providers and electronic devices, tips from the public, and reports related to law enforcement interviews of suspects and witnesses and other investigative steps. In short, even in cases involving a single defendant, the volume of discoverable materials is significant.

The United States is aware of and takes seriously its obligations pursuant to Federal Rule of Criminal Procedure 16 and Local Criminal Rule 5.1(a), the provisions of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *Giglio v. United States*, 405 U.S. 150, 153-54 (1972), and the Jencks Act, 18 U.S.C. § 3500. Accordingly, the government, in consultation with the Federal Public Defender, has developed a comprehensive plan for handling, tracking, processing, reviewing and producing discovery across the Capitol Attack cases.

Fellows is charged with obstruction of an official proceeding, in violation of Title 18, U.S.C. § 1512(c)(2), with knowingly entering or remaining in, or engaging in disorderly or disruptive conduct in any residential building or grounds in violation of title 18, U.S.C. §§1752(a)(1) and (a)(2), and with violent entry and disorderly conduct or capitol grounds in violation of Title 40, U.S.C. § 5104(e)(2)(D) and (G) related to his alleged participation in the rioting and illegal occupation of the United States Capitol on January 6, 2021. In this case, the government has provided the defendant and standby counsel with multiple rounds of discovery, including: the FBI files pertaining to the investigation into the defendant; the defendant's interview; defendant's interviews with various news and media outlets; the data received from search warrants on his Facebook, Instagram and Apple accounts; reports of various agents

involving this investigation; and search warrant documents, including receipts of item seized from

his residence; the inventory, attendance, evidence and photograph logs, diagrams and the return;

body camera footage, and Capitol police footage, protected under the Protective Order in place in

this case.

## ARGUMENT

Pursuant to the Speedy Trial Act, an indictment charging an individual with the

commission of an offense generally must be filed within thirty days from the date on which such

individual was arrested or served with a summons in connection with such charges. 18 U.S.C. §

3161(a). Further, as a general matter, in any case in which a plea of not guilty is entered, a

defendant charged in an information or indictment with the commission of an offense must

commence within seventy days from the filing date (and making public) of the information or

indictment, or from the date the defendant has appeared before a judicial officer of the court in

which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1).

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court

must exclude from the computation of time within which a trial must commence. As is relevant to

this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own
> motion or at the request of the defendant or his counsel or at the request of the
> attorney for the Government, if the judge granted such continuance on the basis of
> his findings that the ends of justice served by taking such action outweigh the best
> interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for

finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth

a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-

of-justice continuance, including:

> (i)     Whether the failure to grant such a continuance in the proceeding would
>         be likely to make a continuation of such proceeding impossible, or result
>         in a miscarriage of justice.
>
> (ii)    Whether the case is so unusual or so complex, due to the number of
>         defendants, the nature of the prosecution, or the existence of novel
>         questions of fact or law, that it is unreasonable to expect adequate
>         preparation for pretrial proceedings or for the trial itself within the time
>         limits established by this section.
>         . . .
>
> (iv)    Whether the failure to grant such a continuance in a case which, taken as a
>         whole, is not so unusual or so complex as to fall within clause (ii), would
>         deny the defendant reasonable time to obtain counsel, would unreasonably
>         deny the defendant or the Government continuity of counsel, or would
>         deny counsel for the defendant or the attorney for the Government the
>         reasonable time necessary for effective preparation, taking into account
>         the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)).

An interests of justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074 (D.C. Cir. 2014).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv), in addition to fulfilling government counsel's responsibilities under *Brady v. Maryland,* 373 U.S. 83 (1963) and Fed. R.

4

Crim. P.5(f) and Local Crim. Rule 5.1 to provide exculpatory material. As described above, the Capitol Attack is likely the most complex investigation ever prosecuted by the Department of Justice.

The need for reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019)(Upholding ends-of-justice continuances totaling 18 months in two co-defendant health care fraud and money laundering conspiracy case, in part because the District Court found a need to "permit defense counsel and the government time to both produce discovery and review discovery"); *United States v. Bell*, 925 F.3d 362, 374 (7th Cir. 2019)(Upholding two-month ends-of-justice continuance in firearm possession case, over defendant's objection, where five days before trial a superseding indictment with four new counts was returned, "1,000 pages of new discovery materials and eight hours of recordings" were provided, and the government stated that "it needed more than five days to prepare to try [the defendant] on the new counts"); *United States v. Vernon*, 593 F. App'x 883, 886 (11th Cir. 2014) (District court did not abuse its broad discretion in case involving conspiracy to commit wire and mail fraud by granting two ends-of-justice continuances due to voluminous discovery); *United States v. Gordon*, 710 F.3d 1124, 1157-58 (10th Cir. 2013)(Upholding ends-of-justice continuance of ten months and twenty-four days in case involving violation of federal securities laws, where discovery included "documents detailing the hundreds financial transactions that formed the basis for the charges" and "hundreds and thousands of documents that needs to be catalogued and separated, so that the parties could identify the relevant ones")(internal quotation marks omitted);

*United States v. Lewis*, 611 F.3d 1172, 1177-78 (9th Cir. 2010)(Upholding ninety-day ends-of-justice continuance in case involving international conspiracy to smuggle protected wildlife into the United States, where defendant's case was joined with several co-defendants, and there were on-going investigations, voluminous discovery, a large number of counts, and potential witnesses from other countries); *United States v. O'Connor*, 656 F.3d 630, 640 (7th Cir. 2011)(Upholding ends-of-justice continuances totaling five months and twenty days in wire fraud case that began with eight charged defendants and ended with a single defendant exercising the right to trial, based on "the complexity of the case, the magnitude of the discovery, and the attorneys' schedules").

The Government began to furnish Fellows with discovery, either through his attorney or through his standby counsel, beginning in March of 2021. It has since provided Fellows and his standby counsel with numerous subsequent productions of discovery. Fellows has asked the Court for more time to review discovery. The time period between July 26, 2023, and the trial date of August 22, 2023, certainly constitutes "reasonable time necessary for effective preparation" for both Fellows and the Government, as set forth in 18 U.S.C. § 3161(h)(7)(B)(iv).

In sum, due to the number of individuals currently charged across the Capitol Attack investigation and the nature of those charges, the on-going investigation of many other individuals, the volume and nature of potentially discoverable materials, and the reasonable time necessary for effective preparation by all parties taking into account the exercise of due diligence, the failure to grant such a continuance in this proceeding would be likely to make a continuation of this proceeding impossible, or result in a miscarriage of justice. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendant in a speedy trial.

WHEREFORE, the government respectfully requests that this Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., specifically, from July 26, 2023, until August 22, 2023, which is the scheduled trial date in this matter, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:       */s/ Carolina Nevin*
CAROLINA NEVIN
Assistant United States Attorney
New York Bar No. 5226121
601 D Street, NW
Washington, DC 20530
carolina.nevin@usdoj.gov
(202) 803-1612

*/s/ David J. Perri*
David J. Perri
WV Bar Number: 9219
Assistant United States Attorney Detailee
United States Attorney's Office
Northern District of West Virginia
1125 Chapline St., Suite 3000
Wheeling, WV 26003
David.Perri@usdoj.gov
(304) 234-0100