

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
UNITED STATES OF AMERICA

     v.

Case No. 1:21-cr-83 (TNM)

BRANDON FELLOWS,

          Defendant.

### MEMORANDUM OF LAW IN SUPPORT OF PETER FOBARE'S MOTION TO QUASH DEFENDANT BRANDON FELLOWS'S SUBPOENA UNDER RULE 17(c)(2) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

**E. STEWART JONES HACKER MURPHY, LLP**

JULIE A. NOCIOLO, ESQ.
Admission pro hac vice pending
*Attorney for nonparty Peter Fobare*
28 Second Street
Troy, New York 12180
(518) 247-5820
jnociolo@joneshacker.com

## ARGUMENT

### I. THE COURT SHOULD QUASH DEFENDANT FELLOWS'S SUBPOENA FOR PETER FOBARE TO APPEAR AS A WITNESS AT TRIAL.

A. Service of Subpoena on Peter Fobare was Deficient.

Under Rule 17(d) of the Federal Rules of Criminal Procedure, "[t]he server . . . must tender to the witness one day's witness-attendance fee and the legal mileage allowance." Failure to do so renders service of a subpoena deficient. See id. Here, Mr. Fobare has never been served a witness-attendance fee or legal mileage allowance.

While Rule 17(b) provides a mechanism for an indigent defendant to obtain court funds to pay for witness fees, the indigent must show that the witness's presence is necessary for an adequate defense. See FRCP Rule 17(b); see United States v. Martin, 567 F.2d 849, 852 (9th Cir. 1977) ("[A]n indigent defendant has no absolute right to subpoena all witnesses at Government expense.").

Here, defendant Fellows has failed to make a showing of necessity. In defendant's submission to the Court for "Motion for Subpoenas" (Dkt. No. 128), Mr. Fobare's name is mentioned once without any accompanying explanation for the necessity of his testimony. As stated in Mr. Fobare's accompanying declaration, he was not in Washington, D.C. on January 6, 2021 nor associated with anyone or any group that was involved in the insurrection and does not support those that were. See Fobare Declaration ¶¶ 4-5. Mr. Fobare cannot speak to Mr. Fellows' character. Mr. Fobare has no relevant evidence of any sort, whatsoever. Additionally, there is no entry on the CM/ECF docket in this case reflecting that the Court ruled defendant made a sufficient showing to meet the requirements of Rule 17(b) of the Federal Rules of Criminal Procedure.

Accordingly, the Court should quash defendant's subpoena for Mr. Fobare to testify at his criminal trial.

B.  Additionally, Compliance with the Subpoena would be Unreasonable or Oppressive.

Compliance with the subpoena to testify in Washington, D.C. for defendant's trial would be unreasonable or oppressive for Mr. Fobare.  As stated in Mr. Fobare's accompanying declaration, he is a small business owner of a tree removal business in upstate New York. Without Mr. Fobare present, he must shut down his business costing approximately $10,000 in lost revenue per day.  He has seven employees who will be without work for the days Mr. Fobare is absent from his work.  Additionally, Mr. Fobare has a 15-month-old daughter with his partner and both rely and depend on him daily to meet the family's financial and childcare needs.  To comply with the subpoena, Mr. Fobare must travel and incur the expense of travel over 400 miles away to appear as a witness for defendant's trial.  Again, as stated above, defendant Fellows has failed to provide a proper showing for Mr. Fobare's testimony.  Mr. Fobare was not present in Washington, D.C. on January 6, 2021 and is not associated with nor supports anyone or any group involved in the insurrection. For these separate reasons, Mr. Fobare respectfully requests that the Court quash the subpoena requiring his testimony for defendant's criminal trial.

## II.     ALTERNATIVELY, THE COURT SHOULD PERMIT PETER FOBARE TO TESTIFY VIRTUALLY OR BY TELEPHONE.

Should the Court deny Mr. Fobare's motion to quash this subpoena, he respectfully requests that the Court allow Mr. Fobare to testify virtually or telephonically.  Permitting Mr. Fobare to do so balances defendant's right to call witnesses without creating an overly oppressive or unreasonable burden on Mr. Fobare.

DATED:     August 22, 2023

**E. STEWART JONES HACKER MURPHY, LLP**

_____/s/Julie Nociolo_____
JULIE A. NOCIOLO, ESQ.

Admission pro hac vice pending
*Attorney for nonparty Peter Fobare*