UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRANDON FELLOWS<br><br>Defendant. | Crim. Action No. 21-CR-083 (TNM) |

**MOTION TO STAY SENTENCING PENDING SUPREME COURT'S RESOLUTION OF *FISCHER v. UNITED STATES***

I move this court to vacate the sentencing hearing presently scheduled for 3/1/2024, and to stay proceedings and deadlines in this matter until after the Supreme Court resolves *United States v. Fischer*, 64 F.4d 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023).

First, the question presented in *Fischer* is: "Did the D.C. Circuit err in construing 18 U.S.C. § 1512(c) ('Witness, Victim, or Informant Tampering'), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence?" See Petition for Certiorari, Fischer v. United States, No. 23-5572 (filed September 11, 2023).

I litigated this same question in my case and was convicted after a very partial jury trial (not even close to representing a jury of my peers, and in an area other DC judges have shared that the victims of that day were the citizens of DC), and after (among many other things) I was stopped from showing even 1 of my 91 global discovery exhibits that my previous stand-by counsel had informed me was sent in electronically onto the ECF (It was, but with Sensitive information that wasn't supposed to be shared (document 134), with no stand by counsel to

remedy the situation during trial, it seems this may not have been fixed (again, your fault as I asked for one)).

Aside from not "knowingly" interrupting, or "planning" to interrupt this non-judicial proceeding (and only evidence being provided to the contrary of the "knowingly" factor), § 1512(c) represents the only felony in my case and impacts my recommended Guidelines sentencing range for my selective charges.

Thus, resolution of *Fischer* (among many other things) will directly impact the validity of my conviction on that count as well what sentence would, according to the guidelines, be appropriate for me. Though I'm past them already, and as mentioned, this whole ordeal was beyond ridiculous, the police and federal government set others and myself up (and you helped cover it up in the pre-trial stage as well as the trial stage). Not to mention, we had and have a right to overthrow the government once Pence certified the stolen election (which as my videos proved, was what caused people to break in, people falsely sharing he certified it). Many lives would've been saved in the world by keeping Biden out of office (Israel, our southern boarder, drug overdoses, child sex slaves, Russia, Afghanistan, the corrupt country of Ukraine, etc.).

Proceeding to sentencing in my case will potentially prejudice me should the Supreme Court resolve *Fischer* in my favor, especially in light of the fact that I have already served a significant period of incarceration pretrial(despite that the government knowingly lied to make me fit the BRA, and despite that your corrupt self helped cover that up as well).

It will also involve the expenditure of judicial resources that ultimately may prove to have been unnecessary (like this entire case/ investigation/ incarceration) based on Fischer's outcome, i.e., a remand for re-sentencing at a minimum.

  The government also is seeking an obstruction enhancement, this enhancement is only applicable to this felony, and if this felony is resolved in my favor, there are less enhancements that could apply to this case. The court, government, and myself would all save time not reading, forming responses to/ debating, or deciding upon arguments to this and other enhancements to a charge that could shortly after be thrown away.

  Second, ever since I was railroaded into trial, I have yet to receive personal access to a laptop. Additionally, even if I had received it, the files that the government sent me at Lewisberg (many of which didn't open due to outdated applications, as I noted and you ignored) cannot be opened here at this jail. The files the corrupt and miserable prosecutors sent me were on CD's. DC jail discovery computers only have USB drives, there are no CD readers.

  Given that the government references things from discovery and or trial exhibits in their PSR reports (much of which I want to review or rebut), I should be able to view these prior to forming a response to the PSR report. Viewing time alone is not sufficient, I should be able to view it and have time to begin formulating my response to these areas.

  Though this alone should be grounds to stay the deadlines and proceedings until remedied, it's one of multiple strong arguments here.

  Third, it took quite a while to get this court to give me a stand-by counsel for the sentencing phase. Really, it should see this as the first extension, but again, an extension that is partially needed due to the government's continuation of a lackadaisical conformity to discovery obligations. If I had a stand-by counsel earlier/ was asked about having one for the sentencing phase, I would've been able to begin tackling the issues I'm facing at an earlier period of time. However, this did not happen.

      Only now thanks to my current stand-by counsel (who so far has been great) do the gears seem to be turning towards beginning to solve the many issues I'm facing. Still, the government has yet to send me these USB files, or to ensure the jail gives me access to the laptop whenever I do receive them. This very motion wouldn't have been sent (at least not including the structure of the main argument/ "argument 1") if it were not for her setting up the messaging on the jail tablet, or giving her professional advice/ opinion that I should stay the sentencing pending resolution of *Fisher,* the gears are turning. Now I need the government to tag along, I think they just need a little motivation/ a reminder (whether it be this motion, or the court addressing them.

      Fourth, you've done this to other January 6th defendants even when they didn't ask for it or want their sentencing date extended. I recall hearing a Robert Morse and a Jeffery Sills complain about how you pushed their sentencing back multiple times, they didn't want this.  So, considering that they didn't want you to do this and that they were ready to be sentenced, you should grant this request of mine. Not only because of the other huge reasons, but because you did it for them, and unlike them, I'm not ready. Unlike them, I want the extension and to stay proceedings/ deadlines.

      Fifth, jail is worse than prison (less nutritional value in food, no weight rooms, no classes to take, etc.)(Fort Worth and Lewisberg were awesome and very fun!). I also don't get to accelerate my time while here via prison programs. So, if anything, this is more "punishment" (though i shouldn't be punished at all). It's also less money spent on my government funded room and board. I'm sure even you could agree, the amount spent so far in this joke of a case is already ridiculous.

      Finally, when accounting for all the reasons above, even if the Supreme Court were to keep my conviction of this felony, you'll clearly give me less reason to appeal my sentencing

(and potentially deal with me less/ read and hear less arguments on the 1512 by granting this motion).

## CONCLUSION

Therefore, in the interests of fairness, logic, and judicial economy (all 3 of which clearly many times hasn't been important to you in this case), I request that the court stay sentencing in my case pending the Supreme Court's resolution of the *Fischer* appeal. I'm not presently seeking release pending sentencing, but may consider filing such a motion in the future.

Should the Supreme court drop this charge, this court should strongly consider saving the tax payers money and rescinding it's contempt charge, especially considering I said nothing incorrect or improper. Remember all the times you not only allowed the government to lie during the pre-trial stage, but considering you truly behaved as if you were a kangaroo court. To me, it only proves my claims even more that are one, you punish me for stating the obvious facts, but you don't punish the prosecutors, a discovery coordinator, the Jail for selling fentanyl on camera (and them stealing/ destroying that USB drive with that evidence/ discovery/ motions), or the DC jail DDA when they lied in your court(just to name a few)? Yeah... I stand by my factual claims.

Take a baby step towards not continuing to rule and act like a modern day Nazi judge, stay the proceedings pending resolution of *Fisher*. Or do what you do best, do the opposite, after all, you do what you want, not what makes sense or should be done.

Your favorite Political prisoner,

Brandon Fellows