UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 21-cr-00083  (TNM) |
| | : | |
| BRANDON FELLOWS, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO CONTINUE SENTENCING

The United States of America respectfully opposes Defendant Brandon Fellows' Motion to Stay Sentencing Pending Supreme Court's Resolution of *Fischer v. United States* (ECF No. 163-1), which is, in effect, a motion to stay his sentencing until at least mid-2024.  On December 13, 2023, the United States Supreme Court granted certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572.  The Supreme Court will consider the interpretation of the statute criminalizing obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2), which is one of the crimes for which the defendant was convicted at trial in August of 2023. This development does not merit a continuance of the sentencing hearing scheduled for February 29, 2024.

I.      The Nature of the Defendant's Claim

The defendant essentially seeks a postponement of the sentencing hearing in his case.  The Government has no doubt that he would like to delay his sentencing by any means necessary.[1] The Government submits that the instant effort to stay the  proceedings is yet another attempt by this defendant to delay and obstruct the administration of justice in his case.  This has been his

---

[1] The defendant has demonstrated that he is in no particular hurry for his case to conclude, even though he is in custody.

strategy from the very inception of this matter when he was evading arrest and deleting evidence from his cell phone. The fact that the defendant fails to articulate any semblance of a cogent argument justifying a stay tends to support the idea that this is just more of the same.[2] Instead of arguing why a stay should be granted based on the applicable law, he uses the opportunity of the instant Motion to re-hash false and unfounded discovery-related claims and vent his various frustrations with the Court and the Government.

## II.     The Legal Standard

Staying one case while "a litigant in another [case] settles the rule of law that will define the rights of both" is granted "only in rare circumstances." *Asylumworks v. Mayorkas*, No. 20-CV-3815 (BAH), 2021 WL 2227335, at *5 (D.D.C. June 1, 2021) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936))). When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The third and fourth factors "merge" when a party moves for a stay against the Government. *Id.* at 435. A stay "'is not a matter of right, even if irreparable injury might otherwise result.'" *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255.

---

[2] Defendant only mentions in cursory fashion the potential for waste of judicial resources and prejudice.

### III.  Argument

The defendant's motion should be denied because the relevant factors weigh against his request.  Although the defendant addresses none of the factors in his motion, the Government nevertheless addresses them here.

First, the fact that the Supreme Court granted certiorari in *Fischer* does not establish that the defendant is likely to succeed on the merits of any challenge to his Section 1512(c)(2) conviction.  At this time, a panel of the D.C. Circuit and every district court judge but one has agreed with the government's interpretation of that statute.  *See Fischer*, 64 F.4th at 338 ("Although the opinions of those district judges are not binding on us, the near unanimity of the rulings is striking, as well as the thorough and persuasive reasoning in the decisions. . . . The district judge in the instant case stands alone in ruling that § 1512(c)(2) cannot reach the conduct of January 6 defendants.").  The mere fact that the Supreme Court agreed to hear *Fischer* does not in any way suggest that those opinions were wrongly decided.  *See, e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question.").  Moreover, one Circuit judge has explained how, even if the Supreme Court were to reverse the Court of Appeals in *Fischer,* defendants who obstructed the certification would still be convicted.  *See Brock v. United States*, No. 23-3045 (D.C. Cir. May 25, 2023) (per curiam) (Millet, J., concurring).  If every criminal case were stayed while a potentially applicable issue was litigated on appeal in a separate case, the criminal justice system would grind to a halt.  *Fischer* and other cases challenging the application of 18 U.S.C. § 1512(c)(2) have been pending for some time, and such developments did not previously merit a broad stay.  Nothing has changed by virtue of the Supreme Court's decision to grant *certiorari* in *Fischer*.

Additionally, it is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. That would be nearly three-and-a-half years after the commission of the offenses on which the defendant was convicted, and more than ten months after the defendant was convicted at trial on August 31, 2023. Delaying the sentencing for another six months or more would undermine the interests of the public in the timely adjudication of this case.

A further lengthy delay of sentencing for the defendant would also afford him an unfair advantage not granted to other similar January 6 defendants, many of whom were also convicted of obstruction of Congress and whose Sentencing Guidelines calculations and sentences were heavily influenced by the fact that they were convicted of that offense.

The defendant will not suffer any irreparable injury by proceeding with sentencing as scheduled on February 29, 2024. Even if the Supreme Court were to decide *Fischer* adversely to the government, it is not clear that the Court's interpretation of Section 1512(c)(2) would necessarily invalidate the defendant's conviction in this case. And even if it did, the appropriate venue for challenging such a sentence would be a post-sentencing appeal, and not a motion to set aside the verdict. Indeed, a motion for a new trial under Federal Rule of Criminal Procedure 33 would be untimely, as more than 14 days have passed since the verdict in this case, and changes in the law do not constitute newly discovered evidence for purposes of Rule 33(b)(1)'s three-year timing requirement. *See, e.g.*, *United States v. King*, 735 F.3d 1098, 1108-09 (9th Cir. 2013) ("As we held in *United States v. Shelton*, 459 F.2d 1005 (9th Cir. 1972), a change in the law does not constitute newly discovered evidence for purposes of Rule 33."); *United States v. Olender*, 338 F.3d 629, 635 (6th Cir. 2003) ("Newly discovered evidence does not include new legal theories or new interpretations of the legal significance of the evidence."); *United States v. Bailgey*, No. 92-

4

3845, 1994 U.S. App. LEXIS 29946, at *4 (7th Cir. Oct. 24, 1994) ("A new legal theory does not qualify as newly discovered evidence under Rule 33. . . . We dismiss Bailey's claim as untimely because it does not qualify as newly discovered evidence and it was filed more than seven [now 14] days after his verdict."); *United States v. Blake*, No. 10 CR 349(RPP), 2011 WL 3463030, at *5 (S.D.N.Y. Aug. 5, 2011) ("New legal arguments are not considered newly discovered evidence under Rule 33. . . . Therefore, according to Rule 33, such claims must be brought within fourteen days after the verdict."). The defendant "stands in no different position than any other criminal defendant who loses a pretrial motion attacking an indictment on the ground that the underlying criminal statute is unconstitutional. The district court's order in such a case . . . would be fully reviewable on appeal should the defendant be convicted." *United States v. Cisneros*, 169 F.3d 763, 768-69 (D.C. Cir. 1999).

Moreover, obstruction of Congress was not the defendant's only conviction. The defendant will also be sentenced for convictions under 18 U.S.C. §§ 1752(a)(1), 1752(a)(2), 5104(e)(2)(C), and 5104(e)(2)(D) which are outside the scope of the *Fischer* appeal. The Court has the discretion to sentence the defendant to consecutive terms of incarceration on these charges. 18 U.S.C. § 3584(a). As such, the Court could sentence the defendant to a maximum of three years total, or 36 months, on the misdemeanor convictions. The defendant has been incarcerated on this matter since July 15, 2021, which, at the time of this writing, is approximately 30.5 months. Should the defendant reach a point where he has been incarcerated for 36 months, he would have the option of moving for bail.[3]

---

[3] Under 18 U.S.C. § 3143(b), a defendant who has been sentenced to a term of imprisonment "shall . . . be detained" unless the court finds that two separate requirements are met: (1) "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and (2) that the appeal "raises a substantial question of fact or law likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not

5

The defendant is in the unique position that proceeding with sentencing as planned on February 29 may result in his release on that date. The Government has calculated the defendant's Guidelines imprisonment range at 30 to 37 months. *See* Government's Sentencing Memorandum, ECF No. 152 at 17. However, if this Court calculates the Guidelines differently, or varies downward, it is possible that the Court could impose a sentence that the defendant has already served, even taking into consideration the additional five months of incarceration to which the Court sentenced the defendant on August 29, 2023, which commenced at the conclusion of the trial. *See* August 29, 2023, Minute Order. As a result, if the Court grants the defendant's motion and stays the sentencing until the resolution of *Fischer*, it is possible that the defendant will remain incarcerated for longer than the sentence imposed. This is not in the interests of justice, but, given his statement during a hearing on December 13, 2023, that he was in no rush to proceed to sentencing, remaining incarcerated may be the defendant's goal.

---

include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

## IV. Conclusion

The defendant fails to meet the legal standard – or to address any of the factors contemplated therein – for a stay. His Motion for a stay of four months or more should be denied, and the Court should proceed with sentencing on February 29, 2024.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    D.C. Bar No. 481052

By: */s/ David J. Perri*
    DAVID PERRI
    WV Bar No. 9219
    Assistant United States Attorney - Detailee
    U.S. Attorney's Office for the District of Columbia
    601 D Street, N.W.
    Washington, D.C. 20530
    Phone: (304) 234-0100
    e-mail: David.perri@usdoj.gov

*/s/ Carolina Nevin*
CAROLINA NEVIN
Assistant United States Attorney
New York Bar No. 5226121
601 D Street, NW
Washington, DC 20530
Phone: (202) 803-1612
e-mail: carolina.nevin@usdoj.gov