UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **BRANDON FELLOWS**, <br><br> Defendant. | Case No. 21-cr-83 (TNM) |

## ORDER

Last August, a jury convicted Brandon Fellows of five counts related to his conduct on January 6: (1) Obstruction of an Official Proceeding, and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2; (2) Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); (3) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); (4) Entering and Remaining in Certain Rooms in the Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(C); and (5) Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D). *See* Verdict Form, ECF No. 146.

Fellows now moves to stay his sentencing indefinitely and to be released pending the Supreme Court's decision in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572 (S. Ct. 2023). *See* Def.'s Mot. Stay Sentencing 2–3, ECF No. 163-1; Def.'s Reply at 11, ECF No. 168-1.[1] Both requests are meritless. Neither the grant of certiorari in *Fischer*, nor Fellows' desire for more preparation time, entitle Fellows to stay his February 29 sentencing. And his request for release pending *Fischer* is premature because he has not "filed

---

[1] The Court's page references correspond to the pagination generated by CM/ECF.

an appeal or a petition for a writ of certiorari." 18 U.S.C. § 3143(b). The Court addresses each motion in turn.

## I.

Start with the stay motion. The Federal Rules generally require prompt sentencing following a conviction. The instruction in Rule 32 is clear: "The court *must* impose sentence *without unnecessary delay*." Fed. R. Crim. P. 32(b)(1) (emphasis added). Good cause may justify extending the gap between conviction and sentencing. *Id.* at 32(b)(2).

Because Fellows requests an indefinite stay, the Government recommends evaluating good cause through the lens of the stay factors in *Nken v. Holder*, 556 U.S. 418, 426 (2009). *See* Gov't Opp'n at 2, ECF No. 165. And Fellows addresses these factors in his reply without suggesting an alternate standard. *See* Def.'s Reply at 14–17. So the Court proceeds under the *Nken* framework and considers "(1) whether [Fellows] has made a strong showing that he is likely to succeed on the merits; (2) whether [Fellows] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (cleaned up). No factor favors a stay.

*First*, the likelihood of success factor seems out of place. Fellows' motion does not challenge the merits of his § 1512(c)(2) conviction. *See* Def.'s Mot. at 1–2. If he wants to make such a challenge, he may do so on direct or collateral review. Until then, the Court must discharge Rule 32's mandate to "impose [the] sentence without unnecessary delay." Fed. R. Crim. P. 32(b)(1).

*Second*, Fellows will not be irreparably harmed absent a stay. He will simply be sentenced for his offenses of conviction. If *Fischer* comes down in his favor, he may seek relief at that time using the appropriate procedural vehicle. But the mere possibility of "[l]egal errors

2

at sentencing" does not constitute irreparable harm. *United States v. Jenkins*, 50 F.4th 1185, 1200 (D.C. Cir. 2022). If such errors occur, "they may be corrected on direct review, including through the retroactive application of intervening judicial decisions." *Id.* And they may also "be corrected on collateral review under section 2255." *Id.*

Nor is Fellows entitled to more time to prepare for sentencing or object to the presentence report ("PSR"). He was convicted in August, and the Court originally set sentencing for November 29. *See* Minute Order (Aug. 31, 2023). On that date, however, Fellows invoked his right to counsel. So the Court appointed standby counsel and continued the sentencing to February 29. *See* Minute Order (Dec. 13, 2023) (appointing standby counsel); Minute Order (Jan. 29, 2024) (rescheduling sentencing). In terms of preparation, Fellows has had ample time—over four months—to prepare and lodge objections to the PSR. Yet he let the deadline for PSR objections pass without protest. *See* Minute Order (Dec. 13, 2023) ("Objections to the Presentence Report due by 1/26/2024.").

Fellows says he stayed silent because technical issues have frustrated his ability to view "discovery and or trial exhibits" "that the Government references" in the PSR. Def.'s Mot. at 3. As an initial matter, "there is no general constitutional right to discovery in a criminal case," much less a right to access unspecified materials before sentencing. *United States v. Bisong*, 645 F.3d 384, 396 (D.C. Cir. 2011) (quoting *United States v. Ruiz*, 536 U.S. 622, 629 (2002)) (cleaned up). And even assuming such a right exists, Fellows has not shown "that he [is being] prejudiced . . . by limitations on access to those materials and other government discovery." *Id.* at 386. His motion "vague[ly] speculat[es] that an open-ended review," *id.* at 397, of discovery materials and trial exhibits might help him "rebut" the PSR, Def.'s Mot. at 3. But that is too weak a justification to continue Fellows' sentencing a second time.

3

Still, to play it safe, the Court will permit Fellows to request *specific* documents from the Government. And it will direct Government counsel and standby counsel to work together to ensure that Fellows has a chance to review these documents before sentencing. *See Bisong*, 645 F.3d at 397 (no reversible error where "the district court ensured that standby counsel had access and was getting Bisong the records he requested prior to trial"). This cautionary measure is not a license for Fellows to go on a fishing expedition; his list of requested documents must be short and specific. The Court has already instructed the Government to turn over all new materials referenced in its sentencing memorandum and the PSR. And the Court reminds Fellows that he must cooperate with standby counsel to resolve any lingering technological issues.

One last observation on irreparable harm: Fellows may be harmed if the Court *grants* the stay. A stay is generally "preventative, or protective; it seeks to maintain the status quo pending a final determination of the merits of the suit." *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977). But the status quo does not favor Fellows. He is incarcerated and has been since the Court revoked his pretrial release in July 2021. *See* Minute Order (July 15, 2021). So denying the stay motion will bring Fellows a measure of finality, one that may favor him given his entitlement to credit for time served. *See* 18 U.S.C. § 3585(b).

*Finally*, the public interest weighs against staying the sentencing. *See Nken*, 556 U.S. at 435 (noting the third and fourth stay "factors merge when the Government is the opposing party"). Delaying the sentencing for several months would undermine the public's "strong interest in the prompt, effective, and efficient administration of justice." *See United States v. Burton*, 584 F.2d 485, 489 (1978). Indeed, "the public's interest in the dispensation of justice that is not unreasonably delayed has great force." *Id.*

## II.

Next, Fellows asks to be released pending the Supreme Court's resolution of *Fischer*. *See* Def.'s Reply at 11 ("I'm seeking release from jail pending resolution of *Fisher*."). Although Fellows buries this request in his reply, the Court considers it anyway. *Cf. Performance Contracting, Inc. v. Rapid Response Constr., Inc.*, 267 F.R.D. 422, 425 (D.D.C. 2010) ("As a general matter, it is improper for a party to raise new arguments in a reply brief because it deprives the opposing party of an opportunity to respond to them, and courts may disregard any such arguments.").

A defendant "who has filed an appeal or a petition for a writ of certiorari" may move for release pending appeal. 18 U.S.C. § 3143(b). Fellows has not appealed or petitioned for certiorari. So his motion for release is premature, a point confirmed by the authorities he cites. *See United States v. Adams*, No. 21-cr-354 (D.D.C.) (Mehta, J.), ECF Nos. 71 (Notice of Appeal) & 82 (Motion for Release Pending Appeal); *United States v. Sheppard*, No. 21-cr-203 (D.D.C.) (Bates, J.), ECF Nos. 110 (Notice of Appeal) & 116 (Motion for Release Pending Appeal).

## III.

The law does not entitle Fellows to stay his sentencing indefinitely. And his motion for release pending appeal is premature. For these reasons, it is hereby

**ORDERED** that Fellows' [163-1] Motion to Stay Sentencing is DENIED; and it is further

**ORDERED** that Fellows' [168-1] Motion for Release from Custody Pending Appeal is DENIED WITHOUT PREJUDICE; and it is further

**ORDERED** that Government counsel and standby counsel collaborate to ensure that Fellows has access to documents he *specifically* requests before sentencing.

**SO ORDERED**.

Dated:  February 23, 2024                                              TREVOR N. McFADDEN, U.S.D.J.